# UNITED STATES DISTRICT COURT

For the
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION



BEFAITHFUL COKER,
MINOR CHILD V. COKER,
AND MINOR CHILD M. COKER

     Plaintiffs,

vs.

CASE NO.: 6:22-cv-854-RBD-LHP

SLYVESTER WARREN, III, individually and collectively,
JUSTICE AND EQUALITY COALITION, INCORPORATED, collectively,
CITY COUNCIL OF LAKE CITY FLORIDA, individually and collectively;
JAKE HILL, individually and in his official capacity,
EUGENE JEFFERSON, individually and in his official capacity,
CHRISTOPHER TODD SAMPSON, individually and in his official capacity,
STEPHEN WITT, individually and in his official capacity,
AUDREY SIKES, in her official capacity as CITY CLERK OF LAKE CITY, and DEPUTY SUPERVISOR OF ELECTIONS FOR COLUMBIA COUNTY
TOMI BROWN, in her official capacity as COLUMBIA COUNTY SUPERVISOR OF ELECTIONS
FRED KOBERLEIN JR., individually and and in his official capacity, for the CITY OF LAKE CITY COUNCIL
KOBERLEIN LAW OFFICE
ROBINSON, KEENON, AND KENDROW, PA
JOEL FOREMAN, individually and in his official capacity as Attorney for COLUMBIA COUNTY BOARD OF COUNTY COMMISSIONERS, and Attorney for COLUMBIA COUNTY SUPERVISOR OF ELECTIONS

1

COLUMBIA COUNTY BOARD OF COUNTY COMMISSIONERS
Ronald Williams, individually and in his official capacity
LAKE CITY - Columbia County Chamber of Commerce
STEVE SMITH, in his individual capacity
NORTHEAST FLORIDA NEWSPAPER, LLC. aka LAKE CITY
REPORTER,
TODD WILSON, individually,
STEPHEN DOUGLAS, individually,
GLENNEL BOWDEN, individually,
VANESSA GEORGE, individually,
NATHAN GAMBLES III, individually,
KRIS ROBINSON, individually,
DAVID FINA, in his official capacity as Judge of the Third Circuit
Judicial Court, and
FLORIDA SECRETARY OF STATE, DIVISION OF ELECTIONS.

Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs brings this suit pursuant to 52 U.S.C. §10301 seeking injunctive declaratory judgment and with request for an Observer, 42 U.S.C. §1983 seeking declaratory judgment declaring certain policies and practices of the Defendants, and their agents and employees, to be unconstitutional under the Fourth and Fourteenth Amendments to the United States Constitution, and in violation of the certain Civil Rights of 1964 and Voting Rights Act of 2006, together with an award of damages associated with those

unconstitutional policies and practices and Whistleblower Protection Improvement Act of 2021. Plaintiffs also bring several state law claims pursuant to the supplemental jurisdiction of this Court. Plaintiffs further seek an award of damages, Consent Decree, costs and a declaration of rights.

## VENUE

1. Venue is proper in the Middle District of Florida, Jacksonville Division, since the policies and acts complained of are those of Defendants who either reside or have a principal place of business in Lake City, Columbia County, which is within the district and geographical area assigned to the Jacksonville Division.

## PARTIES

2. Plaintiffs

    a. BEFAITHFUL COKER (hereinafter "Plaintiff B. Coker")
       PO Box 15
       Lake City, FL 32056
       386.697.6075
       befaithfulcoker@gmail.com

    b. V. COKER is the minor child of BEFAITHFUL COKER
       (hereinafter "Plaintiffs V. Coker")
       PO Box 15
       Lake City, FL 32056
       386.697.6075

3

befaithfulcoker@gmail.com

c. M. COKER is the minor child of BEFAITHFUL COKER
(hereinafter "Plaintiffs M. Coker")
PO Box 15
Lake City, FL 32056
386.697.6075
befaithfulcoker@gmail.com

3.   DEFENDANTS

a. SYLVESTER WARREN III,
(hereinafter "Defendant Warren III")
930 Joe Coney Street
Lake City, FL 32055

123 NE Bradley Terrace
Lake City, FL 32055

b. JUSTICE AND EQUALITY COALITION, INCORPORATED
Incorporated on July 31, 2020 in the State of Florida
(hereinafter "Defendant Agents Equality")
930 Joe Coney Street
Lake City, FL 32055

Registered Agent:
Sylvester Warren III

c. AUDREY SIKES
Clerk of the City of Lake City Council
(hereinafter "Defendant Clerk")
Deputy Supervisor of Election
(hereinafter "Defendant Deputy Supervisor")
233 NW Overflow Lake Drive
Lake City, FL 32055
386.755.2130
sikesa@lcfla.com

4

d. CITY COUNCIL OF LAKE CITY FLORIDA
(hereinafter "Defendant City Council")
% City Clerk
205 N. Marion Avenue
Lake City, FL 32025
386.755.2130
sikesa@lcfla.com

e. CHRISTOPHER TODD SAMPSON
Lake City Council
(hereinafter "Defendant Sampson")
495 SW Lakeview AVE
Lake City, FL 32025
386.719.5756
sampsont@lcfla.com

f. JAKE HILL
Lake City Council
(hereinafter "Defendant Hill")
499 NW Dixie Avenue
Lake City, FL 32025
386.719.5756
hillj@lcfla.com

g. EUGENE JEFFERSON
Lake City Council
(hereinafter "Defendant Jefferson")
721 NE Center Avenue
Lake City, FL 32025
386.697.6803
jeffersone@lcfla.com

h. STEPHEN WITT
Lake City Council
(hereinafter "Defendant Witt")
1809 Sw Paloma Court
Lake City, Fl 32025
386.397.0824

witts@lcfla.com

i. FRED KOBERLEIN JR.
(hereinafter "Defendant City Attorney")
509 NW Savannah Circle
Lake City, Fl 32025
386.365.5007
fred@klolaw.com

j. KOBERLEIN LAW OFFICE
City of Lake City
(hereinafter "Defendant Koberlein Law")
855 SW Baya Drive
Lake City, FL 32025
386.365.5007

k. KRIS BRADSHAW ROBINSON
Robinson, Keenon, and Kendrom, PA
(hereinafter "Defendant Robinson")
655 NW Lona Loop
Lake City, FL 32025
KBR@RKKATTORNEYS.COM
386.303.1605

l. ROBINSON, KEENON, AND KENDROM, P.A.
(hereinafter "Defendant RKK")
582 W. Duval Street
Lake City, FL 32055
386.755.1334

m. DAVID FINA
(hereinafter "Defendant Fina")
200 S. Ohio Avenue #104
Live Oak, FL 32064

14146 92nd Trail
Live Oak, FL 32060

6

n. TOMI BROWN
Supervisor of Elections - Columbia County, Florida
(hereinafter "Defendant Brown")
vote@votecolumbia.com
971 W. Duval Street, 102
Lake City, FL 32055
386.758.1026

o. COLUMBIA COUNTY BOARD OF COUNTY
COMMISSIONERS
% Chairman Rocky Ford
(hereinafter "Defendant CCBCC")
135 NE Hernando Avenue, Suite 203
Lake City, FL 32055
386.758.2182
bccadmin@columbiacountyfla.com

p. RONALD WILLIAMS
Columbia County Board Of County Commissioners
(hereinafter "Defendant Williams")
440 Nw Winfield St
Lake City, Fl 32055
386.752.0158
ron_williams@columbiacountyfla.com

q. STEPHEN DOUGLAS
(hereinafter "Defendant Douglas")
205 SE Butler Glenn
Lake City, FL 32025

r. JOEL FLETCHER FOREMAN
County Attorney - Columbia County Board of County
Commissioners
(hereinafter "Defendant Foreman")
137 NW Madison Street
Lake City, FL 32025
386.984.0627
joel@foreman.law

7

s. NORTHEAST FLORIDA NEWSPAPERS, LLC
DBA LAKE CITY REPORTER
DBA CNI NEWS
(hereinafter "Lake City Reporter")
1825 St. Johns Avenue
Palatka, FL 32177

t. TODD WILSON
(hereinafter "Defendant Wilson")
126 NW Irish Glenn
Lake City, FL 32055
twilson@lakecityreporter.com

u. GLENNELL BOWDEN
Advisory Council Member
City of Lake City
Fireman Pension Trust Fund
1156 Ne Bascom Norris
Lake City, Fl 32025

Advisor Council Member
Columbia County Board of County Commissioners
(hereinafter "Defendant Bowden"

v. VANESSA GEORGE
Treasurer - Defendants Agents Equality
City Manager - Town of White Springs
(hereinafter "Defendant George")
930 Joe Coney Street
Lake City, FL 32055

w. NATHAN GAMBLES
Vice President - Defendants Agents Equality
(hereinafter "Defendant Gambles III"
318 NW Mathews Street
Lake City, FL 32055

5711 Crowntree Lane
Orlando, FL 32029

8

x. LAKE CITY, COLUMBIA COUNTY CHAMBER OF COMMERCE
(hereinafter "Defendant Chamber")
162 S. Marion Avenue
Registered Agent: Joseph O'Hearn
Lake City, FL 32025

y. STEVE SMITH
377 NW Lona Loop
Lake City, FL 32025

z. SECRETARY OF STATE
(hereinafter "Defendant Secretary")
RA Gray Building
Tallahassee, FL 32301

Plaintiffs satisfied the notice requirements of §768.28(6) Fla.Stat. by notifying Defendants by letter dated April 15, 2022.

**JURISDICTION**

4. Federal Question jurisdiction pursuant to:

a. 28 U.S.C. §1331 to hear cases arising under the Constitution of the United States, under 28 U.S.C. §1343(3) to redress the deprivation under color of state law of any right, privilege or immunity secured by the Constitution. This Court is authorized under 28 U.S.C. §1343(4) to award damages and secure other relief for the invasion of civil rights.

9

5. This Complaint seeks injunctive declaratory relief to address violations of the Plaintiffs' rights, privileges and immunities under the Constitution of the United States and pursuant to:

   a. 52 U.S.C. §§10301 and 10308, and Rule 65, Fed.R.Civ.P. 28. This Court is authorized to award damages for violation of Plaintiffs' constitutional rights under 52 U.S.C. §§10301 and 10310.

6. This Complaint seeks declaratory relief to address violations of the Plaintiffs' rights, privileges and immunities under the Constitution of the United States and Title 42 U.S.C. §§§1983, 1985, and 1988, specifically seeking redress for the deprivation under color of state statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured by the Constitution and laws of the United States. The rights sought to be protected in this cause of action arise and are secured under the Fourth and Fourteenth Amendments to the Constitution.

7. This Complaint seeks declaratory judgments and relief pursuant to 28 U.S.C. §§2201 and 2202, and Rule 65, Fed.R.Civ.P. 28.This Court is authorized to award damages for

violation of Plaintiffs' constitutional rights under 42 U.S.C. §§1983 and 1985.

8. This Complaint seeks relief and declaratory judgments and grant further relief pursuant to the Whistleblower Protection Improvement Act of 2021.

9. This Complaint seeks relief under the supplemental jurisdiction jurisdiction this Court holds over Plaintiffs' state law claims pursuant to:

   a. 28 U.S.C. §§§1366, 1367, and 1391(b).

   b. Florida Sunshine Law - 286.011.

   c. Florida Election Code FS §Title IX -

   d. Florida Formation of Municipalities Act FS §Title XII.

   e. WhistleBlower Act of FS 112.3187.

## STATEMENT OF FACTS

10. Plaintiff B. Coker resides in Lake City, Florida and has from 1974 to 1990 and 2009 to present.  The latter of which dates she has been an outspoken community activist who devotes much of her time and attention to issues affecting the quality of life for young and elderly citizens; with a special interest to the  impact of crime on education, leadership development, and racial harmony

11

within Columbia County.

11. Plaintiffs V. Coker has resided in Lake City, Florida from age four (2009) to present and is an aspiring youth leader for the ten years preceding 2022, attending and speaking in regular intervals at public meetings including but not limited to the City Council of Lake City, and did so on January 4, 2021, January 19, 2021, October 13, 2021, October 26, 2021, November 1, 2021, and November 8, 2021.

12. Plaintiffs M. Coker has resided in Lake City, Florida from birth (2012) to present, attending and speaking on occasional intervals at public meetings including but not limited to of the City Council of Lake City, and did so on January 4, 2021 and January 19, 2021, 2021, October 13, 2021, October 26, 2021, November 1, 2021, and November 8, 2021.

13. Plaintiffs V. Coker attended Belmont Academy Charter School from 2016 - December, 2021, was an honor roll student, served as President of the National Junior Honor Society for two years, the President of the Performing Arts Club, recipient of the NJHS Youth Leadership Scholarship in 2021, member of Mensa Gifted Youth Honor Society, member of Intertel Gifted Youth Program, Vice

President of the Ambassador Leadership Council, Honorary Mentioned Prudential Scholarship, and volunteered in excess of two hundred service hours between 2016 to 2021 between school and the community.

14.   Plaintiff M. Coker attended Belmont Academy Charter School from 2016 - December, 2021, where he was actively involved in school activities and youth clubs while participating in events and activities within the community.

15.   Plaintiff B. Coker actively volunteered in classrooms, youth clubs, served on School Advisory Council, PTO, and regularly contributed where needed throughout the Belmont Academy Charter School from 2016 to December 2021 when the minor children could no longer be safeguarded in school.

16.   Section 2.46 of the Lake City Code of Ordinances has been in place since 1968 and it bars *"Any person from making personal, impertinent, or slanderous remarks or becoming boisterous while addressing the City Council to include yelling or making audible comments from the audience........" with penalty to include removal, arrest, and ban ("Rules of Decorum")*

17.   In addition the Rules of Decorum are defined in Resolution,

printed on the Agenda of each meeting, and verbalized by the Mayor at the commencement of each meeting.

18. On January 4, 2021 and January 19, 2021 the Plaintiffs attended the regular scheduled meeting of the Lake City Council and witnessed Defendant Hill vote for the City of Lake City to enter a Lease with the George & Warren Foundation at a nominal rate of $1.00 per month on claims that white organizations were extended the discount without stating he held a conflict because his spouse sat as a member of the Board of Directors of the same organization.

19. On or about February 2, 221 Plaintiff B. Coker did become a Whistleblower and report the actions of Defendants City Council, Hill, and Jefferson along with official letters written by the Defendants City Council, Hill, Jefferson, and Williams along with other local officials and members of the Florida Bar to request that Defendant Warren III be released early from his obligation of federal probation services. **Exhibit A**

20. Defendant Hill defended his actions to approve the nominal lease to an organization under false pretenses, as necessity of fighting racial injustice and further admitted on January 4, 2021 and again on January 19, 2021; a scheme to give the appearance of

a not for profit daycare facility owned and operated by a convicted felon, to be intertwined with the George & Warren Foundation to give the appearance of being its parent company. The owner operator Lavelle George is quoted as saying, "Lollipop is just the brand that collects money and the true owner is the George & Warren Foundation."

21. Defendant Hill did announce at a public meeting the names of the individuals who had filed Ethics Complaints against him and opined his actions were rendered to balance racial inequality, neglecting to disclose his spouse was a member of the board of directors of George and Warren Foundation on the date he advocated for the nominal rent and voted to extend the Lease to the George and Warren Foundation at a rate that would prevent citizens of Lake City from the benefit protecting the financial interest of Lake City, inciting racial tension and harmful threats to all in opposition.

22. On February 1, 2021 the Rules of Decorum were in effect when Plaintiffs V. Coker at age fifteen addressed the City Council to extend appreciation for their participation and Black History Month and when she returned to the podium to express appreciation to

15

the Chief of Police for her leadership.

23. The Rules of Decorum were in effect while Defendants George, Warren III, and Bowden along with other adults in the room did slander, make boisterous screams, and yell obscenities to Plaintiffs V. Coker.

24. Defendants Witt, Hill, Sampson, Jefferson, and Koberlein sat watching and did not enforce the Rules of Decorum in Section 2.47 of the Lake City Code.

25. On January 19, 2021, Plaintiff B. Coker was at a regular meeting of the Lake City Council when Defendant Hill provided perjured information to the public that he had been harrassed by members of law enforcement and citing white citizens lacked empathy to incite racial disharmony, causing threat and intimidation to all in opposition.

26. On April 13, 2021, Plaintiff B. Coker did become a Whistleblower and disclose publicly the video footage of the actual encounter Defendant Hill referenced in his miscommunicated attempt to incite hate, bigotry, and vitriol against law enforcement when in fact the video footage showed Defendant Hill commit assault and battery against members of law enforcement

16

(https://youtu.be/vx9wM8jgSEE).

27. Plaintiff B. Coker did become a Whistleblower and disclose to local, state, and federal officials that Defendants City of Lake City, Witt, Jefferson, Hill, and Sampson did in violation of its Charter terminate the employment of the City Manager Joseph Helfenberger, reinstate a terminated employee Ami Fields, and install the terminated employee Ami Fields to Acting City Manager knowing her application for employment was perjured and the potential harm the constituents would incur employing an individual whose recent employment as a bus driver and owner of a janitorial service company did not meet the requirements of a City Manager.

28. Plaintiff B. Coker became a Whistleblower after reporting to Defendant Koberlein that Defendants City Council encouraged by Defendant Sampson misrepresented information to citizens and Defendant City Council to illegally terminate City Manager and make a replacement with a terminated Director of Human Resources based on misrepresentation of Defendants Sampson and Hill and submission of a fraudulent application, resume, and references to the City of Lake City to gain employment.

29. On May 12, 2021, Plaintiff B.Coker met with Defendant

17

Sampson, to discuss among other things concerns of increased criminal activity within the city limits under the guise of business ventures that by citizens the City of Lake City was exempting from requirements to hold Business/Occupational licenses that could quite possibly eliminate the these occurrences through enforcement.

30. On June 21, 2021, Plaintiffs sought information from Defendants Sampson and Sikes under the FOIA in accordance to Lake City Charter and reported suspected criminal activity by business owners who were in non compliance of the municipal charter including businesses owned by Defendants Sampson, Warren III, Sikes, Gambles, Bowden, and other appointed members to municipal boards.

31. On June 21, 2021, Plaintiff B. Coker sought information under the FOIA from Defendants Sampson and Sikes requesting details and requesting disclosure of the required financial reports of Defendant Sampson.

32. On June 22, 2021, Defendants Agents, Warren III, George, and Gambles along with Defendant Bowden through their individual and collective social media identity Agents for Equality, did display

posts to include the home address of the Plaintiffs with disparaging, debasing statements of a graphic sexual nature, slanderous statements alleging false identity of the biological father of the two minor children, allegations of prostitution, deceitful characterizations and claims that actions purported by Plaintiff B. Coker including those of Plaintiffs V. and M Coker (minor children) were of those similar to "Uncle Tom " and intended to deprive and harm the "Black" community and encouraged citizens to treat the minor children of Plaintiff B. Coker as adults.

33. Defendants Agents Equality and Warren III authored and displayed in public posts claiming the unsolved murder of Plaintiff B. Coker's brother on June 15, 2018 resulted from acts of local law enforcement officials. A murder being investigated by local law enforcement and assigned to Third Circuit States Attorney John Durrett, who was Assistant States Attorney at the time of the victim's death.

34. At a community meeting attended by public citizens and elected officials including, the Defendant Warren III and the Third Circuit States Attorney John Durrett, did Defendant Warren III publicly demand the presence of the Third Circuit States Attorney

John Durret, at the personal residence of Defendant Warren III in Lake City, Florida to which the Third Circuit States Attorney John Durrett did obliged accompanied by Donald Kennedy.

35. Plaintiff B. Coker and members of the public repeatedly requested Defendants City Council enforce its Rule of Decorum and bar citizens from slanderous, loud, and boisterous comments culminating into public threats and intimidation to prevent the access of all to democracy and such request were made to and denied from the Third Circuit States Attorney John Durret directly and the Third Circuit Court of Columbia County.

36. On July 21, 2021 B. Plaintiff B. Coker and another citizen met with States Attorney Durrett from the Third Judicial Circuit Office of State's Attorney seeking protection to exercise democracy without threat of harm at public meetings againsts Defendants Warren III, Bowden, George, and Gambles and was told no protection was available through the Office of the States Attorney to citizens who chose to speak at public meetings.

37. Judge David Fina of the Third Circuit Court of Columbia County, Florida denied Plaintiffs protection from the escalating course of conduct by Defendants Warren III, George, Gambles and

20

their entourage, through Petitions For Injunction for Protection Against Stalking Cyberstalking were filed in the Third Judicial Circuit Court of Columbia County, Florida on July 21, 2021 in cases numbered 2021-173-DV; 2021-174-DV; 2021-175-2021-175 that were all denied along with the Supplemental Affidavit In Support of Petition for Injunction for Protection Against Stalking by the Honorable Judge David Fina of Suwannee County without a Hearing on July 30, 2021 and sought appellate review to the Denied Injunctions dated August 5, 2021 in the First District Court of Appeals.

38.  Plaintiff B. Coker became a Whistleblower on September 1, 2021, making additional reports of the violations to the municipal charter by Defendant Sampson and did make such reports to local, state, and federal officials.

39.  Defendant Sampson retaliated against Plaintiff B. Coker with slander and defamation to Plaintiff B. Coker to constituents of Plaintiff B. Coker including staff and teachers at the place where both Plaintiffs V. Coker and M. Coker attended school with the children of Defendant Sampson.

40.  On September 9, 2021, the City Council of Lake City, Florida

21

(the "Council") announced the approved resignation of Councilman Chris Green who served District 14.

41. On October 9, 2021, Plaintiff B. Coker again acted as a Whistleblower and informed local, state, and federal authorities that non-qualifying persons with felony convictions were seeking to hold public office on the Lake City Council.

42. Defendant Sikes advised there was no provision in the Lake City Charter that would prevent a convicted felon from holding public office and Defendant Sikes did inform Defendant Bowden of Plaintiff B. Coker's request.

43. Defendants Agents Equality, Warren III, Gambles III, George and Bowden did obtain and publish the requests on social media along with defaming and slanderous statements of Plaintiff B. Coker.

44. On October 13, 2021 Defendant City Council attempted to select Defendant Douglas to fill the vacant seat in District 14 using a secret ballot that Defendant City Council voted to redo at its regularly scheduled meeting on October 18, 2021 following proceedings initiated in the Third Circuit Judicial Court of Columbia County in Case No. CA-2021-268 by Plaintiff B. Coker on

22

October 16, 2021.

45.    On October 26, 2021 Defendant City Council corrected the defaulted attempt to select Defendant Douglas and after five failed attempts selected Plaintiff B. Coker in open sunshine as representative of District 14 in a 3 to 1 vote with Defendant Sampson being the only council member voting in opposition.

WEDNESDAY, OCTOBER 27, 2021   |   YOUR COMMUNITY NEWSPAPER SINCE 1874   |   $1.00

# Lake City Reporter

LAKECITYREPORTER.COM

# City council goes with Coker

**New meeting leads to new appointment to fill vacant seat.**

**By TONY BRITT**
tbritt@lakecityreporter.com

After five failed votes Tuesday night, the Lake City Council finally has its newest member, Befaithful Coker.

"It's exhilarating," Coker said following the meeting. "I'm ready to get to work."

Appearing to be swept-up by emotion, Coker hugged several people and shook hands with others after her selection became official to fill the vacant District 14 seat on the council. She will be sworn in at the council's next meeting, which is Monday.

She was one of three residents hoping to get appointed to the post — which was vacated when Chris Greene resigned Sept. 9 — along with Ricky Jernigan and Stephen Douglas. Abbie Chasteen, who previously turned in paperwork seeking the post, withdrew from consideration before the meeting.

A constant presence at city meetings over the years, several people noted Coker's willingness to attend meetings and speak on topics that were pertinent to the city, even before she sought election for the post three years ago.

"It's worth it," she said.

"I'm ready to go to work. I've been ready to go to work. Bettye Lane is not an easy woman to follow. Having her those are huge footsteps. It's a lot of responsibility, but it takes a lot of responsibility and I'm ready."

Coker was selected after city officials were instructed to revisit the meeting from two weeks ago, when



TONY BRITT/Lake City Reporter
Befaithful Coker (right) stands with her two children, Victoria and Michael, in the council chambers.

CITY continued on 7A

## CITY
### Continued From 1A

Douglas was selected, but never sworn in.

The second meeting on the appointment came after Coker filed a lawsuit against the council, contending its process to select Douglas was illegal. The lawsuit is still pending.

Douglas was selected after council members, unable to make a motion and reach a consensus on one candidate, went to a ranking system where Douglas came out on top.

In the lawsuit, Coker called the ranking system a "secret ballot" and said she never got to see the rankings.

Tuesday night she had to sit in the audience and watch the drama unfold before she was selected as the District 14 representative.

Council members went one round with each candidate getting a motion and a second to claim the position, but each motion failed because tie. City officials earlier in the meeting said they would select the council member based nomination and majority of votes to claim the post.

City Attorney Fred Koberlein suggested the council suspend the rules, in order to select a candidate.

After a motion for Jernigan failed with a 2-2 tie, a motion for Douglas met the same 2-2 fate.

Then, a motion for Coker was adopted by a 3-1 margin with councilman Todd Sampson casting the dissenting vote. Mayor Stephen Witt, who previously voted against Coker, cast the deciding vote.

"I think Bea is a great person, very qualified and I support her," Witt said

following the meeting. "I think she was my second pick in the original selection and so I think she'll be a fine council person."

Before city officials made their final nomination, there were five rounds where no candidate was selected due to 2-2 voting ties.

"I stopped thinking," Coker said. "It had to play out."

She said she thinks that the lawsuit she filed expressed the significance of legal advice. She was glad to see the council members were open to receiving Koberlein's guidance during Tuesday's meeting.

"They (council) listened to the people," Coker said of the meeting's direction. "The people came out, they spoke and the council heard them. The selection of District 14 representative) was significant. I think that's what the citizens

spoke to and the council responded.

"We only had four city councilman doing the process, we had very good candidates, they were very qualified and they were very interested in the job," Witt said. "I think it was a good process even though it maybe didn't look as smooth as some people would have liked, but the fact that there was people supporting each one shows the consideration each councilman gave to it."

Witt said he thinks the process to select a District 14 candidate at Tuesday's meeting was a good one.

"It was a compromise," he said. "Everybody didn't get who they wanted, but I think we were fine with any one of the three. I think the city will be well represented and the other thing is this is the year for the election, so everybody can run."

46.    On October 26, 2021 Defendant City Council through its chair and Mayor Defendant Witt made perfectly clear Plaintiff B. Coker had been duly appointed with the only act remaining was the Oath of Office.

47.    On October 27, 2021 Defendant Sampson emailed Defendant Koberlein seeking a method to prevent Plaintiff B. Coker from being seated on October 27, 2021 and using Defendants Koberlein and Sikes as liaisons did communicate to Defendant City Council the desire to prevent Plaintiffs from being seated. **Exhibit B**

48.    After learning on October 27, 2021 that a Motion for

24

Reconsideration was not an option to undo the vote appointing Plaintiff B. Coker to the City Council, Defendant Sampson instructed and Defendant Sikes complied with his request to inform other members of council of his attempts to undo the vote and a Motion for Reconsideration was not longer an option

49. On October 27, 2021 Defendant Koberlein informed Defendant Sampson that he was willing to discuss other options to achieve his desired outcome.

50. Defendant Sikes knew Plaintiff B. Coker was duly appointed and scheduled onboarding process to provide Plaintiff B. Coker with required paperwork, medical and life insurance benefits, council member training.

51. Defendant Sikes did receive the Oath of Office by Plaintiff B. Coker on November 1, 2021 prior to the ministerial function of the ceremony where Plaintiffs V. and M. Coker would be present to hold the Bible during the installation ceremony.

52. On November 1, 2021, Plaintiff B. Coker arrived at the regularly scheduled meeting of the Lake City Council with her two minor children Plaintiffs V. Coker and M. Coker along with friends and family members that were both local and traveling abroad and

Plaintiffs Witt, Jefferson, Hill, Sampson, and Koberlein did sit without an objection a point of order or without a request that boisterous, slanderous and defaming statements be made by Defendants Bowden, Warren III, and George of claims that Plaintiff B. Coker was a prostitute, incapable of managing her financial affairs, possessed criminal background and other demeaning characterizations that were each untrue, defaming, and without the requisite background before Defendant Hill announced he had a change of heart due to Plaintiff B. Coker possessing a "background" without any opportunity of due process to Plaintiff B. Coker.

53.   The City Charter requires that an oath be filed with the City Clerk in order to assume office.   Article V, Section 513 of the Lake City Charters reads:

> *Every officer of the city, before entering upon the duties of his office, take and subscribe to an oath of affirmation to be filed and kept in the office of the City Clerk; which oath shall be in the form prescribed for state officers by the Constitution of the State.*

54.   Florida Statute 876.05 requires that all public employees, including city council members are required to take an oath before

any person duly authorized to take acknowledgements of instruments for public records in the state. Section (2) requires that the oath be filed with the records of the governing official or employing governmental agency.FS 876.05 applies to municipal officers via 876.09 which states the provisions of 876.05 applies to officers of cities.

55. The Plaintiff B. Coker was properly selected by the City Council to fill the vacancy in District 14 at the special meeting held on October 26,[th] 2021, and officially assumed that office when she signed the oath of office, had it notarized, and submitted it to the City Clerk on November 1, 2021. This act was the all that was required under Section 513 of the City Charter and Florida Statute 876.05. Once the Plaintiff B. Coker filed her Oath with the City Clerk, the only action available to the City Commission was for the Plaintiff B. Coker to be seated as the City Council Member for District 14.

27

TUESDAY, NOVEMBER 2, 2021  |  YOUR COMMUNITY NEWSPAPER SINCE 1874  |  $1.00

# Lake City Reporter

LAKECITYREPORTER.COM

# No seat for Coker either

**Council split on her appointment; special meeting set for Monday.**

By TONY BRITT
tbritt@lakecityreporter.com

The Lake City Council is down to its final strike.

Twice, the council has held special meetings to appoint a District 14 repre-sentative, only to back out when it came time to swear the candidate in.

Guess what?

Another special city coun-cil meeting has been sched-uled for 6 p.m. Monday as city officials attempt, for the third time, to fill the vacant council seat.

Monday evening, Befaithful Coker, who was appointed by the council to serve in the post last week, was set to be sworn in, when city officials attempt-ing to approve the resolu-tion to allow her to serve in the post, had a 2-2 vote, with Jake Hill Jr. and Todd Sampson casting the dis-senting votes.

Similarly, Stephen



TONY BRITT/Lake City Reporter
Council member Todd Sampson (from left), City Clerk Audrey Sikes, Mayor Stephen Witt and council member Jake Hill listen to a speaker at the podium during Monday's meeting.

28

# CITY

*Continued From 1A*

Douglas, was appointed as the District 14 representative last month only to succumb to the same fate when city officials failed to approve the resolution appointing him to the post.

During that meeting, Coker provided council members paperwork indicating she had filed a lawsuit against the council for a Sunshine violation for using a 'secret ballot' in ranking the candidates where she was never allowed to see the ballots. That lawsuit is still pending.

During the public comment session of Monday's meeting, Coker's past was a point of contention as Clerid Bowden, a community activist and former councilman, said Coker had previously been arrested and had filed for bankruptcy in two states. Bowden said he didn't believe she should serve as the District 14 council representative.

Coker, in a statement emailed Monday night, called the meeting a "tragedy" and "total turmoil."

"I have no shame for who I am and make no excuses to blame anyone or anything," Coker wrote. "I am not ashamed of using legal remedies to live, that's what our city needs. People who have



Jefferson

real life experience and respect the laws and aspirations of others within legal boundaries."

Shawn Holmgren, a local resident, said if Coker's past could disqualify her from holding the post, the council should look at everyone's past.

After hearing the information, Hill changed his vote about supporting Coker. The councilman also informed Holmgren that he has never been arrested, but has been involved with a "run-in" with the police.

When councilman Eugene Jefferson made the motion to adopt the resolution for Coker serve as the District 14 representative, there was a noticeable gap in time before Mayor Stephen Witt seconded the motion. Hill, as he had already said he intended to do, and Sampson both cast "No" votes.

However, with city officials attempting to fill the post within 60 days as required by the city charter, the city has scheduled the special meeting Monday with Coker, Stephen Douglas and Ricky Jernigan as the potential District 14 appointees.

Chris Greene resigned

from the District 14 post in early September. Monday is the 60th day since, the final day for the council to fill the vacancy.

Sampson, the city council District 13 representative, said he made the motion to go back and revisit selecting the District 14 representative again and have resolutions to appoint the person at the special meeting because that would streamline the process.

"I think after the resolution didn't pass on Ms. Coker that we needed to start the process again," he said following the meeting. "So, my perspective is we have another meeting and at that meeting have we have the resolutions prepared in advance. If that's possible, which they said it was possible, so at that next meeting we can finalize averting in one meeting setting and complete the process.

"It seems like we have a big issue with approving things in a special meeting and then when it comes to a resolution, for whatever reason, we decide we're not going to do it," Sampson continued, noting that he spoke to City Attorney Fred Koberlein and thought the council could vote on the resolution for Douglas. "That resolution was tabled. It was never defeated. To me that could be brought back, but I think from the



Coker

meeting where that got tabled we would have support for that, because three people said 'absolutely not' because they were worried about the lawsuit."

Witt also spoke about the process that has city officials visiting the appointment for a third time.

"I've been saying that I thought it was good process because we were working together, but I think it's very unfortunate for the two that have been nominated and voted on to come up here to be sworn in and for this to happen," he said following the meeting. "I'm not real happy that that's happened and I agree that next time if we do it, we need to put somebody in, but I really feel bad that we've done that to two people and hadn't followed through."

Witt seemed hopeful that the council would be able to select a District 14 representative with its third attempt to appoint someone to the post.

"I hope we can resolve it with decorum and a good process," he said. "I think all three of them will be good and I think they all have good intentions, so hopefully we can finish the process."

56. Between October 26, 2021 and November 1, 2021 Defendants Agents Equality, Warren III, Gambles III, and George did author what they characterized as public "legal advice" to Defendants City Council, Hill and Sampson to disregard its vote and do all that was possible to either delay or prevent Plaintiff B. Coker from being seated at all costs and instructing the Defendants Council to instead appoint candidate Ricky Jernigan.

57. On November 1, 2021 Plaintiffs V. Coker at age fifteen and M. Coker at age eight sat in a packed room, for public attendance, while being aired live, and recorded for public viewing and listed with tears streaming down their face to a convicted Defendants Warren III, a convicted drug trafficker, Bowden a convicted murderer debased their mother without any opposition to the boisterous and slanderous comments by any member of the council or the attorney hired and paid for by constituents of Lake City inclusive of tax dollars.

58. For the second time, Plaintiffs V. and M. Coker sat in tears in tears forced to hear the humiliation of their mother Plaintiff B. Coker being debased by an entourage of convicted felons disguised as concerned citizens without the Rules of Decorum being enforced.

59. Defendant City Council, Sikes, and Koberlein knew that Plaintiff B. Coker met every qualification to be selected and held no obstructions in her background after having served in the community as a Guardian ad Litem, school volunteer, attended graduate school, sat on numerous statewide boards, serving as a volunteer in public schools each requiring a criminal background check, and attended graduate school for an occupation where background checks were required.

60. Defendant Koberlein did sit in silence as Defendants City Council employed the use of a Resolution as a requirement for Plaintiff B. Coker to be seated without explaining no such requirement existed.

61. Defendants Koberlein, Sikes and Council sat as Defendant Hill reasoned he was changing his vote and support for Plaintiff B. Coker because she had a history of character flaws that others were unaware to Defendants Witt, Sampson, Jefferson and Hill himself fully aware that the current council membership consisted of a member convicted of DUI while in office, a member whose spouse was convicted of Voter Fraud in connection to his campaign while in office, a member who assaulted and battered law enforcement in a

31

viral video and later discharged a firearm at a minor child while in office, and members who bored to enrich organizations with public funds where either themselves or spouses served the organizations boards while in office.

62. After Defendants City Council failed to fulfill its duties on November 1, 2021, on November 8, 2021 Plaintiff B. Coker commenced action in the Third Circuit Judicial Court of Columbia County in Case No. 21-288-CA receiving a Writ of Mandamus and Order of Prohibition ordered by Judge Dereck Jackson prohibiting any additional acts of the Council of Lake City to fill the seat and requiring Plaintiff B. Coker be seated or the Defendant City Council show cause why Plaintiff B. Coker should not be seated (the "Self Executing Order") **Exhibit C.**

63. On November 8, 2021 Defendant Koberlein chose not to inform his client Defendants City Council and Sikes of the Self-Executing Order and adjourn the meeting until Defendants Warren III, Bowden, George, Smith, and Chamber of Commerce, were broadcast live debasing, ridiculing, or otherwise demeaning Plaintiffs Coker again in the presence of Plaintiffs V. and M. Coker along with family, friends, and constituents all in public view to be

recorded and stored permanently.

64. On November 8, 2021, instead of conducting the ceremonial installation as required by the Charter the Defendant Sikes sat in silence as a Deputy Supervisor knowing the oath she took required her to uphold the Election laws under both the Constitutions of the State of Florida and the United States of America and fulfill her obligation all while the Oath of Office she knew had been placed directly in her hand on the morning of November 8, 2021.

65. On November 8, 2021, instead of conducting the ceremonial installation as required by the Charter the Defendant Witt sat in silence knowing the oath he took required him to uphold the rules of the Charter, the Election laws under both the Constitutions of the State of Florida and the United States of America and fulfill his obligation and direct that Plaintiffs be seated.

66. On November 8, 2021, instead of conducting the ceremonial installation as required by the Charter the Defendant Jefferson sat in silence knowing the oath he took required him to uphold the rules of the Charter, the Election laws under both the Constitutions of the State of Florida and the United States of America and fulfill his obligation and direct that Plaintiffs be seated.

33

67.   On November 8, 2021, instead of conducting the ceremonial installation as required by the Charter the Defendant Sampson sat in silence knowing the oath he took required him to uphold the rules of the Charter, the Election laws under both the Constitutions of the State of Florida and the United States of America and fulfill his obligation and direct that Plaintiffs be seated.

68.   On November 8, 2021, instead of conducting the ceremonial installation as required by the Charter the Defendant Hill did opined he had changed his mind on selecting Plaintiff B. Coker "because of her background" without any due process and with disregard for the oath he took required him to uphold the rules of the Charter, the Election laws under both the Constitutions of the State of Florida and the United States of America and fulfill his obligation and direct that Plaintiffs be seated.

69.   On November 8, 2021, instead of conducting the ceremonial installation as required by the Charter the Defendant Koberlein sat in silence knowing the oath he took before the Florida Bar required him to advise his clients and to uphold the rules of the Charter, the Election laws under both the Constitutions of the State of Florida and the United States of America and fulfill his obligation and direct

that Plaintiffs be seated.

70.   On November 8, 2021, Defendants Chamber and Smith did publicly declare the best position for Defendants City Council was to select Defendant Douglas and deny the rights of Plaintiff B. Coker because she would not appeal to the likes of "a Jeff Bezos" and spruce the local economy despite Plaintiff B. Coker having been duly qualified and selected to serve District 14.

71.   On November 18, 2021,   Defendants Northeast Florida Newspapers and Wilson did use the Lake City Reporter to influence public discourse and did advise Defendant City Council despite its obligation to follow the Lake City Charter, the Florida Constitution, and the United States Constitution its obligation to afford each citizens equal protection and civil rights and liberties and knowing the requirements of the Defendant City Council were to have five members in its council that Defendant City Council should deny Plaintiff B. Coker her civil rights and liberties and the constituents of District 14 their right to be represented and allow the District 14 seat to remain vacant and the City should incur the penalty of doing so to save the citizens from future embarrassment. **Exhibit E**

72.   Defendants Agents Equality, Bowden, Warren III, and George

35

continued publishing defaming, slanderous, and debased material for public display on social media including Defendant Bowden publishing his committed threat that he would take any and all actions necessary to prevent Plaintiff B. Coker from being seated with such contemporaneous conviction that members of the public offered to the Lake City Reporter their unfulfilled requests for the publishing of their concern for Bowden's statement.

73. The Self Executing Order gave Defendant City Council a deadline of twenty (20) days to seat Plaintiff B. Coker or show cause why she should not be seated.

74. On November 9, 2021 David Fina despite his involvement to all parties to the case was assigned and did replace the sitting Judge who issued the Self-Executing Order in Case No. 2021-288 choosing to withhold his conflict and involvement with all parties to the case denying Plaintiff B. Coker due process not requiring Defendants City Council to adhere to the Self-Executing Order.

75. As of April 22, 2022, Defendants have not filed an Answer nor fulfilled its obligation to seat Plaintiff B. Coker.

76. Despite time being of the essence Defendants City Council, Sikes, and Koberlein  continued the deprivation to the rights of all

citizens and refused to fulfill their Oath of Office and comply with the Self-Executing Order of the Third Judicial Court of Columbia County and seat Plaintiff B. Coker despite the ongoing financial expense and burden of resources continuing their efforts by having the case reassigned to the same Judge David Fina, who denied Plaintiffs a hearing in the Cyberstalking case on Appellate review involving Plaintiffs and Defendant Warren III, George, and Gambles.

77. The next effort of the Defendants Koberlein and City Council was to secure Defendant Robinson to represent the City of Lake City after its deadline knowing Defendant Robinson was the business partner of Defendant Warren III and knowing he served as the Board of Governor representative for the Third Judicial Circuit of Columbia County and had been named in complaints made by Plaintiff B. Coker to local, state, and federal officials.

78. The conspired efforts also included Defendant Foreman, filing a Notice of Appearance for Defendant Douglas on a Motion to Intervene in CA-2021-268, to claim his failed appointed to the City Council of Lake City on October 13, 2021 by Secret Ballot afforded him standing to the lawsuit after the deadline imposed on the City

37

to respond.

79. Despite Defendant Foreman knowing his firm had represented Plaintiff B. Coker, and who currently serves as the **elected** Attorney for Columbia County Board of County Commissioners, the appointed attorney for the Town of White Springs managed by Defendant George, Attorney for the Columbia County Supervisor of Elections, and member of the same County Commissioners Economic Development Board under the direct control of the Columbia County Board of County Commissioners that Defendant Douglas.

80. Defendants Foreman and Douglas knew Defendant City Council offered the defect in the October 13, 2021 meeting which selected Defendant Douglas was cured in the October 26, 2021 where Defendant failed to secure the votes to be appointed and Plaintiff B. Coker secured the seat on appointment with a 3 to 1 vote.

81. The Motion to Intervene filed by Defendants Foreman and Douglas is a sham and deliberate attempt to create delay and prevent Plaintiff B. Coker is direct discrimination of Plaintiff B. Coker because of her race and gender, deny her liberty rights, deny

her right to hold public office, and inflict intentional emotional duress to the Plaintiffs.

82. Despite the urgency and sensitivity that constituents of District 14 were without representation on the Lake City Council, the Courts and Defendants Koberlein, City Council, Foreman, Robinson, and Fina delayed holding a hearing until February 2, 2022 and then denied hearing merit issues on the default itself.

83. Instead at the hearing the Honorable Judge Fina heard untimely filed Motions of the Defendants City Council, and Sikes and Defendants Douglas on not only the case noticed for the hearing 2021-288-CA but an entirely separate case 2021-268-CA for which the counsel hired by Plaintiff B. Coker was neither noticed nor present for that case and the proceedings were not being recorded.

84. Florida law provides that a municipality shall not have the power or authority to lessen or reduce requirements as provided by general law. Fla. Stat.166.041(6).

85. Defendants Jefferson, Sampson, Hill, Witt, and Koberlein, Sikes, Robinson, Foreman, Brown, and Lee each took a sworn Oath to uphold the Constitution of Florida and the Constitution of the

United States, both of which offer protection to the civil rights and liberties of its citizens.

86.  The term for the seat vacated by former councilman Chris Greene and filled by Plaintiff B. Coker on October 26, 2021 has an unexpired term set to expire in November 2021.

87.  Plaintiff B. Coker has not been seated as of May 3, 2022 and Defendants City Council and Sikes, and Brown are  currently seeking candidates despite the Self-Executing Order.

88.  Plaintiff B. Coker is not listed as the incumbent to the seat and was prevented from providing a bio for publication by Defendant City Council and Sikes.

89.  Constituents of District 14 do not know why Plaintiff B. Coker has not been seated and neither does Plaintiff B. Coker know why she has been seated.

90.  Plaintiff B. Coker met with Defendant Sikes on March 29, 2021 declaring her campaign to seek election to District 14 of the City Council and Defendant Sikes has authored a policy/procedure after such meeting now refusing to accept the bio of Plaintiff B. Coker demanding it should be limited to specific qualifications and not address the pending litigation.

40

91. Plaintiff B. Coker did inform state and federal authorities of the actions of the Defendant City Council including but not limited to Defendant Secretary of State, but no action was taken to ensure the Division of Elections provided oversight to the appointment practices of the Defendant City Council.

## COUNT I
## 42 USC §1983
## CLAIMS AGAINST ALL DEFENDANTS

*Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.*

92. Plaintiffs realleges paragraphs 1 through 91 in this action for injunctive and declaratory relief pursuant to Title 28, United States Code, §2201, against Defendants for depriving her of her constitutional liberty interest in holding public, without due process

41

of law.

93.    Plaintiffs assert that her position, set forth in this Complaint, is legally sound and supported by fact and law. Defendants' actions, however, have created a bona fide controversy between the parties, and Plaintiffs are in doubt as to her rights, privileges and immunities. Plaintiffs require, therefore, both injunctive relief and declaratory judgment declaring her rights, privileges and immunities.

94.    Defendants deprived Plaintiffs of their constitutional rights under color of state law and authority using a delayed access to the courts and denying Plaintiffs and citizens of District 14 representation on the Lake City Council.

95.    Citizens of the United States have the fundamental right to participate in representative democracy in all levels of government including attending municipal City Council meetings and following the rules of such a body to address their government without intimidation, threat, reprisal, fear or harm.

96.    Qualified citizens of the United States have the fundamental right to run for public office under the Constitution of the United States, the Fourteenth Amendment, numerous federal statutes, the

Florida Constitution, and the Charter of Lake City.

97.   The risk of deprivation of the right to hold public office and ultimately fill the resigned seat and serve as the selected representative for the District 14 in the Lake City Council would be low if the Home Rule authority granted to municipalities in the State of Florida were honored and obliged with committed actions to uphold its own Charter and State election laws, and ultimately protect the civil rights and liberties of the citizens of the United States through public officials who honored their Oath of Office.

98.   All Defendants are aware that Plaintiff B. Coker was the duly selected council member and entitled to be seated as required of Defendant City Council by the Florida Constitution to follow its Charter. Article V, Section 513 of the Lake City Charter  provides:

> *Every officer of the city shall, before entering upon the duties of his office, take and subscribe to an oath on affirmation to be filed and kept in the office of the City Clerk; which oath shall be in the form prescribed for state officers by the Constitution of the State.*

99.   All Defendants acted while Florida Statute 876.05 required that all public employees, including city council members, are

43

required to take an oath before any person duly authorized to take acknowledgments of instruments for public records in the state.

100. The actions of all Defendants were taken while AGO 96-41 opinion interpreted Florida Statute 876.05, Section (2) of the statute to require that the oath be filed with the records of the governing official or employing governmental agency.

101. The actions of all Defendants occurred while courts hold the filing of an oath has such great weight that to hold otherwise would be to recognize that qualification officials have the power, on grounds wholly out of their sphere of competence, to frustrate and set at naught constitutional executive power that has been lawfully exercised it cannot be reasonably contended that capricious conduct on the part of qualifying officials should be permitted to stifle the rights of such officers. *Tappy* at 169. Once appointed on October 26, 2021, the Defendants  knew the Lake City Charter provisions only allowed removal from office by forfeiture proceedings as required by the provisions of the Lake  City Charter that reads,

> "*Section 304. - Vacancies, forfeiture of office; filling of vacancies.*
>
> *(b) Forfeiture of office. The council shall declare a council seat*

44

*forfeited if the council by majority vote finds that a council member: (1) Lacks at any time during his or her term of office any qualification for the office prescribed by this Charter, or by law; (2) Violates any express prohibition of this Charter; (3) Is absent from three (3) consecutive regular meetings of the council without being excused by the council; (4) Is guilty of committing a felony;  (5) Is guilty of engaging in conduct which violates acceptable standards of moral behavior where such conduct involves moral turpitude or would constitute a crime under the laws of Florida, or if such conduct was engaged in by a judge of any of the state courts would cause such judge to be removed from office"*

102. Instead of affording Plaintiff B. Coker due process the Defendants denied Plaintiffs the rights afforded to every other citizen of Lake City, every other citizen in Florida, and every other of the United States.

WHEREFORE, Plaintiffs prays for the following relief:

A.    That this Court take jurisdiction over the parties and this cause;

B.    That this Court award Plaintiffs money damages against

45

Defendants;

C.      That this Court award Plaintiffs punitive damages against Defendants, to punish the Defendants for unlawful actions and to deter Defendants and others from engaging in the same or similar acts in the future.

D.      That this Court award Plaintiffs recoverable costs.

E.      That this Court award Plaintiffs all other relief in law and in equity to which she may be entitled.

## COUNT II 42 USC §1983
## CLAIMS AGAINST DEFENDANTS CITY COUNCIL, WITT, JEFFERSON, SAMPSON, HILL, KOBERLEIN, SIKES, WARREN III, COMMISSION, WILLIAMS, GAMBLES, GEORGE, BOWDEN, AND AGENTS EQUALITY

*Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.*

46

103. Plaintiffs re-alleges paragraphs 1 through 132 in this action for declaratory relief pursuant to Title 28, United States Code, §2201, against Defendants for depriving her of her constitutional liberty interest to participate in democracy to include addressing public officials without the threat of harm, intimidation, and retaliation.

104. Plaintiffs assert the positions, set forth in this Complaint, are legally sound and supported by fact and law. Defendants' actions, however, have created a bona fide controversy between the parties, and Plaintiffs are in doubt of their rights, privileges and immunities. Plaintiffs require, therefore, both injunctive relief and a declaratory judgment declaring her rights, privileges and immunities.

105. Defendants deprived Plaintiffs of their constitutional rights under color of state law and authority to participate in public meetings without the threat, harm, and intimidation of the public body and are private citizens.

106. Citizens of the United States have the fundamental right to participate in representative democracy in all levels of government including attending municipal City Council meetings and following the rules of such a body to address their government without

intimidation, threat, reprisal, fear or harm.

107. It is extremely important for young people to observe and participate and their safety should be of the utmost concern to our elected officials at no time being subjected to threats either public or private by the very menaces our judicial system has used incarceration to rehabilitate and probation to ensure those measures are satisfactorily upheld before releasing those individuals and returning those individuals to society unreformed.

108. Defendants City Council, Witt, Hill, Sampson, Jefferson, Sikes, Williams, and Koberlein each swore an Oath to uphold the rights of all citizens including young citizens.

109. Defendants City Council, Witt, Hill, Sampson, Jefferson, Sikes, and Koberlein both deliberately and maliciously chose not to enforce its policy on decorum within the council meetings and allow Plaintiffs to be ridiculed, debased, defamed, and slandered through the boisterous, loud, yelling and screaming rants of the Defendants Warren III, George, Bowden, and Agents Equality on multiple occasions including but not limited to; January 4, 2021, January 19, 2021, February 1, 2021, and November 1, 2021.

110. Defendants City Council, Sikes, Williams, and Koberlein did

inform Defendants of Plaintiff B. Coker continuous acts of Whistleblowing knowing the course of behavior of the Defendants Warren III, George, Bowden, and Agents Equality included intimation, harm, and harassment to members of the public.

111. Defendants Jefferson, Hill, and Williams put the Plaintiffs in immediate and direct harm in supporting and advocating for the early termination of the federal parole obligation of Defendant Warren III after a federal felony conviction with a declared value of 33 million dollar trafficking drugs through the community in their official capacities as members of the Lake City Council.

112. Defendants City Council and Commission put the Plaintiffs in direct and immediate harm in allowing Council members to support and advocate for the early termination of the federal parole obligation of Defendant Warren III after his felony convictions in their official capacities as members of the Lake City Council.

113. Plaintiffs held a fundamental right to expect safety in attending public meetings where compliance and enforcement of the Lake City Charter would be upheld by public officials against all citizens; investigating and enforcing rules that allowed freedom to participate in democracy, freedom to reside  in communities where

49

its citizens could make reports of activities prohibited by ordinances and regulations to deter and eliminate criminal behavior without being placed in imminent danger and the fear retaliation.

114. Defendant City Council and Sikes had no right to place the Plaintiffs in immediate threat of harm, intimidation, and fear of reprisal by informing Defendants Bowden, Warren III, Gambles, and George that Plaintiffs sought information as to the requirements of candidates seeking to hold office when such information was provided to the co-Defendants with no attempt to aid and knowing from pattern of behavior displayed by the Co-Defendants threat and intimidation was likely to ensue.

115. Defendant City Council continues to deny Plaintiff B. Coker, using Defendant Sikes to continue denying her from being listed as the appointed representative of District 14 to the City Council despite the Self–Executing Order denying the Defendant City Council from taking any actions to consider another candidate for the seat as representative to District 14.

116. Defendant Sikes has not prevented Plaintiff B. Coker from publishing her bio to the public website for candidates seeking election to the Lake City Council and would not allow Plaintiff

despite the confusion of constituents, to include identifying pending litigation to explain why Plaintiff B. Coker was not properly seated after appointment on October 26, 2021 and remains unseated.

117. The Florida Secretary of State was made aware of the actions taken by the Defendants against Plaintiff B. Coker has not exercised her obligation to every citizen of the State of Florida to maintain the integrity of a fair election.

WHEREFORE, Plaintiffs prays for the following relief:

A.    That this Court take jurisdiction over the parties and this cause;

B.    That this Court award Plaintiffs money damages against Defendant Defendants City Council, Sikes, Witt, Koberlein, Jefferson, Hill, Sampson, Warren III, Agents Equality, Bowden, George, Williams, and Gambles.

C.    That this Court award Plaintiffs punitive damages against Defendants, to punish the Defendants for the unlawful actions to deter their actions and the actions of others from engaging in the same or similar acts in the future.

D.    That this Court prevent issue injunctive relief to prevent the City Council from condoning, participating, and encouraging

this behavior in the future.

E.    That this Court award Plaintiffs her recoverable costs.

**COUNT III - 42 USC §1983**
**CLAIMS AGAINST DEFENDANTS CITY COUNCIL,**
**COMMISSIONER, FOREMAN, FINA, SIKES, KOBERLEIN,**
**ROBINSON, AND SECRETARY**

118. Plaintiffs realleges paragraphs 1 through 117 in this action for declaratory relief pursuant to Title 28, United States Code, §2201, against Defendants for depriving, her of her constitutional liberty that elected officials would uphold the governing documents of the local government, uphold the Florida Constitution and the United States Constitution.

119. Plaintiffs assert that her position, set forth in this Complaint, is legally sound and supported by fact and law. Defendants' actions, however, have created a bona fide controversy between the parties, and Plaintiffs are in doubt as to her rights, privileges and immunities. Plaintiffs require, therefore, both injunctive relief and declaratory judgment declaring her rights, privileges and immunities.

120. Defendants each have taken a sworn Oath to uphold the local governance, the State of Florida Constitution, and the United States

Constitution which affords equal rights to all citizens.

121. Plaintiffs hold a fundamental right to expect safety in attending public meetings, to make reports against violations expecting adequate investigations, to expect officials to adhere to their Oaths of Office, uphold the Constitution of the State of Florida, and to uphold the Constitution of the United States.

122. Instead of doing so Defendants have engaged in behavior that places Plaintiffs and constituents within the community in direct harm, violation of public trust, and reduced the ability of citizens to reap the benefits afforded through American citizenship.

123. The actions of all Defendants were taken while the reasoning of Tappy v. State Ex. Real Byington 82 So. 2d 161, 166 (FL. S. Ct. 1955) "It is an established rule that where the officer has done all he can towards qualifying and is prevented from fully complying with the law by the wrongful act of the approving officer or the person with whom the bond must be filed, he cannot be deprived of his office. *Id* at 168 (citing Jones v. State (to Use of Blow) 7 Mo. 81, 37 Am. Dec. 180: People (ex rel Casserly) v. Fitch, 1 Cal 519; Duffy v. State (ex rel. Edson) 60 Neb 812, 84 N.W. 264; Ross v. Williamson, 44 Ga. 501; State (ex rel. Miller) v. Hadley, 27 Ind. 496;

53

Flatan v. State (ex rel. Edwards) 56 Tex. 93 State ex rel. Wallace v. Callow, 78 Mont. 308, 254 P. 187, 194, *Accord* State ex rel. Law v. Saxon, 25 Fla. 782, 6 So. 858; State ex rel. Davis v. Howell, 101 Fla. 656, 132 So. 647 remain in full effect.

124. The Defendants have an obligation to uphold and adhere to the rights afforded to all citizens without discrimination and without themselves violating the laws.

125. The Defendants have a pattern of using their powers to cause such actions which constitute violations of the law without receipt of consequence and did so previously using gerrymandering tactics that removed a single residential street of an opponent during redistricting such to cause the single street and its residents of that opponent to be placed in a new district and remove the eligibility of the opponent to qualify for that district in future elections.

126. Defendants City Council must adhere to the Declaration of Rights afforded to Florida citizens in Article I of the State of Florida Constitution, which reads, *"Municipalities, like the State, cannot abridge these rights. Thus, in passing ordinances and providing services, a city must consider freedoms guaranteed by Article I of the Florida Constitution, including but not limited to religious freedom,*

54

*freedom of speech, right to assemble, freedom from impairment of contractual obligations, and right to substantive and procedural due process. See id. at art. I, § 9 (stating "[n]o person shall be deprived of life, liberty[,] or property without due process of law").*"

127. Defendant City Council must adhere to the Fourteenth Amendment to the United States Constitution which reads,

*"Due Process Civil - SECTION 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."*

128. Defendants have aided, fostered, and upheld behavior and actions that are in direct violation and contradiction to their individual Oaths and duties.

129. Defendants have themselves refused to uphold local governance, the State of Florida Constitution, and the United States Constitution in some instances allowing racially charged rhetoric

55

that diminishes and destroys communities, making false reports of brutality at the hands of law enforcement, and failing to uphold accountability of their peers.

130. Plaintiffs have a right to expect public officials to abide by the very same laws citizens are expected to continually adhere.

131. Plaintiffs have a legitimate and reasonable expectation that public officials will not use public resources for personal gain, private benefit, or to provide unjust benefit to private citizens in exchange for any reward or gain including political support

132. Though justice has been deliberately and continues to be denied and delayed, Plaintiff B. Coker incurred special damages expenses for litigation efforts in the Third Judicial Circuit Court of Columbia County and the First District Court of Appeals Court to seek justice for the attempts of Defendants to secretly select Defendant Douglas by secret ballot and conspired efforts of all Defendants to deprive Plaintiff B. Coker from public office appointment, the loss of income and of potential income, and interference with the education of Plaintiffs V. Coker and M. Coker. . Plaintiffs incurred general damages for the mental and emotional pain and suffering she experienced. Plaintiffs have also incurred

56

costs and attorney's fees which are recoverable pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs prays for the following relief:

A.   That this Court take jurisdiction over the parties and this cause;

B.   That this Court award Plaintiffs money damages against the Defendants Defendants

C.   That this Court award Plaintiffs punitive damages against Defendants, to punish the Defendants for his unlawful actions and to deter Defendants and others from engaging in the same or similar acts in the future.

D.   That this Court award Plaintiffs her recoverable costs.

## COUNT IV - 52 U.S.C. §10301 and 52 U.S.C. §10308
## CLAIMS AGAINST ALL DEFENDANTS

**§10301. Denial or abridgement of right to vote on account of race or color through voting qualifications or prerequisites; establishment of violation**

*(a) No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color, or in contravention of the guarantees set forth in section 10303(f)(2) of this title, as provided in subsection (b).*

*(b) A violation of subsection (a) is established if, based on the*

57

*totality of circumstances, it is shown that the political processes leading to nomination or election in the State or political subdivision are not equally open to participation by members of a class of citizens protected by subsection (a) in that its members have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice. The extent to which members of a protected class have been elected to office in the State or political subdivision is one circumstance which may be considered: Provided, That nothing in this section establishes a right to have members of a protected class elected in numbers equal to their proportion in the population.*

### §10308. Civil and criminal sanctions

### (a) Depriving or attempting to deprive persons of secured rights

*Whoever shall deprive or attempt to deprive any person of any right secured by section 10301, 10302, 10303, 10304, or 10306 of this title or shall violate section 10307(a) of this title, shall be fined not more than $5,000, or imprisoned not more than five years, or both.*

### (c) Conspiring to violate or interfere with secured rights

*Whoever conspires to violate the provisions of subsection (a) or (b) of this section, or interferes with any right secured by section 10301, 10302, 10303, 10304, 10306, or 10307(a) of this title shall be fined not more than $5,000, or imprisoned not more than five years, or both.*

133. Plaintiffs re-alleges paragraphs 1 through 133 in this action for declaratory relief pursuant to Title 28, United States Code, §2201, against Defendants.

134. Plaintiffs assert the positions, set forth in this Complaint, are legally sound and supported by fact and law. Defendants' actions,

however, have created a bona fide controversy between the parties, and Plaintiffs are in doubt of their rights, privileges and immunities. Plaintiffs require, therefore, both injunctive relief and a declaratory judgment declaring her rights, privileges and immunities.

135. Defendants deprived Plaintiffs of a constitutional right under color of state law and authority to participate in public meetings without the threat, harm, and intimidation of the public body and as private citizens.

136. Citizens of the United States have the fundamental right to participate in representative democracy in all levels of government including attending holding public office, and seeking office as an incumbent when currently in office.

137. Defendants Agents Equality, Warren III, Bowden, Gambles, and George had no right to be told that Plaintiffs was a Whistleblower about any issue where the identity was not pertinent to the investigation.

138. Defendants Sikes, Koberlein, Foreman, Hill, and Sampson disclosed the identity of Plaintiffs to the Defendants Agents Equality and Bowden knowing the course of conduct included ridicule, boisterous, loud, yelling, defamation, and slander and intended no

59

different treatment to Plaintiffs.

139. Defendants City Council did lawfully fail on four attempts to appoint Defendant Douglas and on October 26, 2021, lawfully appointed Plaintiff B. Coker to fill the vacancy created in District 14 as a member of City Council.

140. Defendant Sampson did know the rules of Sunshine when he asked Defendant Koberlein if a Motion for Reconsideration could be used to undo the vote of the Council on October 26, 2021 and knew asking that his intention be given to other members of council was being done outside of the requirements of Open Sunshine.

141. Defendant Sikes knew and had received training on the requirements for conducting government business in Open Sunshine when she transmitted the email to all members of council.

142. Defendant Sikes knew Plaintiff B. Coker had been appointed to the City Council and knew the requirements of her role was to accept the Oath of Office from Plaintiff B. Coker and administer the necessary Human Resource training and documentation.

143. Defendant Sikes received the Oath of Office from Plaintiff B. Coker on November 1, 2021 and stamped it accordingly.

144. Defendants Hill, Sampson, Witt, and Jefferson had each sworn an Oath and received the required training of public officials in the capacity of members of a City Council as of November 1, 2021.

145. Defendants Agents Equality, Warren III, Bowden, George, and Gambles are not members of the Florida Bar, or any other State Bar and cannot render legal advice.

146. Defendants Agents Equality, Warren III, Bowden, George, and Gambles did render legal advice to Defendants City Council in threats and intimidation that they were NOT to seat Plaintiff B. Coker at all costs.

147. Defendants Agents Equality, Warren III, Bowden, George, and Gambles did publicly threaten, intimidate, defame, and slander Plaintiff B. Coker at a public meeting under the direct control of Defendants City Council, Witt, Jefferson, Hill, Sampson, Sikes, and Koberlein without retribution.

148. Defendant City Council did fail to adhere to and fulfill its obligations to seat Plaintiff B. Coker

149. Under the legal advice given by Defendants Warren III, Agents Equality, and Bowden and in support of his political campaign, Defendant Koberlein did conspire to and advise Defendant City

Council to ignore the Self Executing Court Order to seat Plaintiff B. Coker by November 29, 2021 and has continued to default on its obligation to do so. **Exhibit D**

150. On November 18, 2021, Defendants Wilson and Lake City Reporter did join the conspired efforts of its Co-Defendants and rendered advice to Defendant City Council that it should disregard the Self Executing Order and fail to seat Plaintiffs and further it should allow the seat to remain vacant.

151. Defendant Koberlein knew of Defendant Robinson being identified as a subject in the Whistleblower complaint made by Plaintiff B. Coker did seek his specific representation and Defendant Robinson did accept on behalf of his firm, knowing he was the personally acquainted with Defendant Warren III as a business partner and knowing Plaintiff B. Coker had pending litigation against naming his business shared with Defendant Warren III.

152. Defendant Commission knew Defendant Douglas was an appointed member to an advisory board of the County Commission along with Defendant Foreman and knew the Defendant Foreman was the elected representative for the County Commission with

responsibility to all constituents yet made no objection to Defendant Foreman representing a conflicting interest in serving as counsel to Defendant Douglas.

153. Defendant Douglas knew when he filed a Motion to Intervene after the deadline imposed on Defendant City Council to seat Plaintiff B. Coker, that he was not lawfully appointed to the City Council on October 13, 2021 and did not file any litigation to support a claim to such appointment.

154. Defendant Douglas knew when he filed a Motion to Intervene after the deadline imposed on Defendant City Council to seat Plaintiff B. Coker, that he was not lawfully appointed to the City Council on October 26, 2021 as he sat watching three failed attempts to receive a majority vote.



ADVERTISEMENT

# Lake City City Council appoints only woman candidate to fill District 14 seat after five failed motions





Lake City City Council appoints only woman candidate to fill District 14 seat after five failed motions

By Camille Syed
Published: Oct. 27, 2021 at 12:07 AM EDT

LAKE CITY, Fla. (WCJB) - After five failed motions, Mayor Stephen Witt joined council members Eugene Jefferson and Jake Hill in voting for Befaithful Coker to fill the District 14 seat on Tuesday night. Stephen Douglas was not appointed after questions were raised about the voting process.

"It's been a long time coming and I'm ready to get to work," Coker said.

Coker filed a lawsuit, which is still active, against the council after she said residents were not shown the results from the ranking system the council used to pick Stephen Douglas on October 13th.

"There are times where you must slow down and you have a lawyer for a reason," Coker said.

Abbie Chasteen pulled her name out of the running.

At the meeting the council reevaluated three candidates and residents spoke on Ricky Jernigan and Coker's behalf.

One resident explained that the council has too many men and needs a female's point of view.

Councilman Todd Sampson motioned to appoint Douglas twice and it failed both times.

"We have a $60 million budget to run," Sampson said. "And will pick the best person to help us make long term decisions for the city.

Jefferson and — said Jernigan and Coker are present at most council meetings unlike Douglas.

They both voted for the candidates but Stephen Witt was the swing vote in the motion for Coker.

After a not so smooth process he said it may be time to revisit the charter.

"We've had the charter for many years and then something comes up like this and that just doesn't seem to go right. We probably ought to look at it," Witt said. "I agree with Mr. Sampson it's a good way to do it."

Coker said she enjoys working with young people and she also helped people start their small businesses.

"We brought young people into council meetings to mentor," Coker said. "We've created summer camps."

She also said communication between the council and residents needs to be a two-way street.

"The council's going to have to do a better job of understanding what the needs in the community are but citizens as well are going to have to open their mouths," Coker added. "It was a very long process getting here. 12 years of working for citizens in Lake City. We ran for this position once and I've served, addressed council at least once per month. So it feels like I've been home just sitting at a different table. Now I can sit at that table."

She will be sworn in on Monday, and plans on running for it.

Copyright 2021 WCJB. All rights reserved. [illegible]

155. Defendant Foreman knew he held a conflict as counsel to Columbia County Board of County Commission, counsel to the Columbia County Supervisor of Elections, counsel to the Town of White Springs with Defendant George, and that his firm had formerly represented Plaintiff B. Coker, and knew that Defendant Douglas held no legitimate claim to being appointed to the City Council either from October 13, 2021 or October 26, 2021.

156. Defendant Fina knew upon assignment he was presiding over the case involving Defendants Warren III, Gambles, and George and Plaintiff B. Coker before the Appellate Court.

157. Defendant Fina knew the time sensitivity of the election and did not uphold the rights of Plaintiff B. Coker or the constituents in District 14 accepted the case with his existing conflict unavailability calendar to offer reasonable access to the court.

158. Defendant Fina did not act consistent with his Oath and Canons of Judicial officials when he accepted assignment of Case 2021-288, altered the court docket of Case CA-2021-268 and CA-2021-288, and engaged in ex parte communications with Defendants Koberlein, Foreman, and Robinson to render decisions absent Plaintiff B. Coker.

159. Defendants Koberlein, Foreman, and Robinson did conspire and extend the delay and access to the court for Plaintiff B. Coker deliberately and maliciously making claims unsupported by sound legal argument, withholding sound legal advice from their clients, withholding conflicts from their clients, and using information gained about the Plaintiffs from prior representation or by non public means.

WHEREFORE, Plaintiffs prays for the following relief:

A.    That this Court take jurisdiction over the parties and this cause;

B.    That this Court award Plaintiffs money damages against Defendants

C.    That this Court award Plaintiffs punitive damages against Defendants, to punish the Defendants for his unlawful actions and to deter Defendants and others from engaging in the same or similar acts in the future.

D.    That this Court award Plaintiffs recoverable costs.

E.    That this Court orders the US Attorney to commence an investigation of the allegations herewith.

F.    That this Court orders injunctive relief against Defendant City Council and to immediately discontinue its practices of deliberate violation to the Voting Rights Act and cause Plaintiff B. Coker to be seated immediately.

### COUNT V - 42 U.S.C. §1985
### CLAIMS AGAINST ALL DEFENDANTS

42 U.S. Code § 1985 - Conspiracy to interfere with civil rights
(1)Preventing officer from performing duties

67

*If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;*

160. Plaintiffs realleges paragraphs 1 through 159 in this action for declaratory relief pursuant to Title 28, United States Code, §2201, against Defendants for depriving her of her constitutional liberty interest in holding public, without due process of law.

161. Plaintiffs assert that her position, set forth in this Complaint, is legally sound and supported by fact and law. Defendants' actions, however, have created a bona fide controversy between the parties, and Plaintiffs are in doubt as to her rights, privileges and immunities. Plaintiffs require both injunctive relief and declaratory judgment declaring her rights, privileges and immunities.

162. Through actions of all Defendants, Plaintiff B. Coker has been prevented from performing her duty as a member of the City Council to District 14 of the Lake City Council.

163. Through the actions of Defendants City Council, Witt, Sikes,

68

Jefferson, Hill, Sampson, Koberlein, Robinson, Douglas, Foreman, County Commissioners, and Williams Plaintiff B. Coker was deliberately and maliciously harmed not just in her reputation, and in failing to be seated but in the doubt and concern of every constituent of district 14 who would not know of the reasoning should any had been legitimate as to why Plaintiff B. Coker had not been seated.

164. Each of the Defendants took an intrical part in the scheme to deny the rights of Plaintiff B. Coker subjecting Plaintiffs V. and M. Coker to the threat of harm and intimidation while watching no one receive correction to their actions, and further by allowing those actions to interfere with their safety in public meetings, at their home, and subsequently at their school.

165. Through actions of all Defendants, Plaintiff B. Coker has been prevented from seeking a second term as an incumbent to District 14 of the Lake City Council.

166. Defendants Chamber and Smith knew or should have known that the position offered on November 8, 2021 that another candidate should be selected who had the resources to attract "Jeff Bezos" after the selection of Plaintiff B. Coker was illegal and would

prejudice Plaintiff B. Coker.

167. Defendants Chamber and Smith offered discriminating statements as their part to an elaborate scheme to control the selection process, the chosen candidate of District 14 to the City Council, and ultimately deny and prejudice Plaintiff B. Coker from being seated and successfully seeking another term in office.

168. Defendants Lake City Reporter knew or should have known that the position offered in the newspaper article on November 18, 2021 to leave the seat for District 14 vacant and that Defendants City Council should suffer the consequences for doing so was illegal and would prejudice Plaintiff B. Coker.

169. Defendants Lake City Reporter and Wilson offered discriminating statements and encourage the illegal acts of other Defendants as their part to an elaborate scheme to control the selection of the candidate to District 14 of the City Council, interfere with an election, and ultimately deny and prejudice Plaintiff B. Coker from being seated and successfully seeking another term in office.

170. Defendants Agents Equality, Warren III, Bowden, Gambles, and George knew or should have known that the harassment,

threat, defamation, slander, libel, and intimidation to the Plaintiffs publicly and through its social media platform was intended to engender fear not just to the Plaintiffs but to members of the public to dissuade their involvement in the democratic role and their right and liberty of voting.

171. Defendants Agents Equality, Warren III, Bowden, Gambles, and George knew or should have known that using their resources or business partners some of whom were members of the Florida Bar, members of the Third Judicial Court of Columbia County, Florida, partners in their business efforts and co-defendants in this case, the Plaintiffs would not receive fair and impartial access to the election process, democracy, the judicial system and would ultimately prejudice and prevent Plaintiff B. Coker from being seated and seeking another term in office.

172. Defendants County Commission, Foreman, and Douglas, knew Defendant City Council selected Plaintiff B. Coker on October 26, 2021 to represent District 14 on the City Council, knew or should have known that Defendant Foreman had a conflict to representing Defendant Douglas after having represented Plaintiff B. Coker previously, and while representing all citizens as the elected

attorney for the Columbia County Board of County Commissioners, while representing the Town of White Springs as its counsel where Defendant George serves as City Manager, while Defendant Douglas was an unexpired member to the Economic Development Council, and while Defendant Koberlein was representing Shands Hospital Authority and Defendant Foreman representing the Columbia County Board of County Commissioners in a $23million receivership case, while Defendants City Council and Defendants County Commission were negotiating contracts was illegal and would prejudice Plaintiff B. Coker.

173. Defendants County Commissioner, City Council, Foreman, and Douglas used their positions, membership to the Florida Bar, and the Third Judicial Court of Columbia County to delay Plaintiff B. Coker from being seated using an attempt to Intervene in pending legal actions to which it knew were a conflict and knew Defendant Douglas was not entitled to encourage the illegal acts of other Defendants as their part to an elaborate scheme to control the selection of the candidate to District 14 of the City Council, interfere with an election, and ultimately deny and prejudice Plaintiff B. Coker from being seated and successfully seeking

another term in office.

174. Defendants Robinson, Robinson Law, Koberlein Law, and Fina as lawyers and members of the Florida Bar, each took an Oath to uphold the rules of the Florida Bar, the laws of the State of Florida, the laws of the United States Constitution and knew that Plaintiff B. Coker was selected by Defendant City Council to represent District 14 on the Lake City Council, their deliberate delay was maliciously intended to encourage the illegal acts of other Defendants as their part to an elaborate scheme to control the selection of the candidate to District 14 of the City Council, interfere with an election, and ultimately deny and prejudice Plaintiff B. Coker from being seated and successfully seeking another term in office.

175. Defendants Sikes, Brown, and Secretary knew Plaintiff B. Coker was selected by Defendants City Council and knew taking no action to investigate, or prevent interference with the selection process and ultimately Florida Election Code would prejudice Plaintiff B. Coker.

176. Defendants Sikes, Brown, and Secretary encouraged the illegal acts of other Defendants as their part to an elaborate scheme to

73

control the selection of the candidate to District 14 of the City Council, interfere with an election, and ultimately deny and prejudice Plaintiff B. Coker from being seated and successfully seeking another term in office.

177. Through actions of all Defendants, and the extensive actions of Defendant Sikes, Plaintiff B. Coker has been further denied rights and privileges as policies were created to create specific delay, deterrence, and prevention to the efforts of Plaintiff B. Coker to express relevant biographical information to the public about her qualifications, objectives, and commitments to constituents campaigning as District 14, City Council member in the upcoming election, afforded to other candidates.

178. Through actions of all Defendants, Plaintiff B. Coker has been unjustly disadvantaged, suffering irrefutable harm to campaign efforts to explain why Defendants Council and Sikes failed to seat her among the dias along with other members of council.

179. Plaintiffs incurred special damages in the form of loss of income and potential income, prior legal counsel, and of potential income, and interference with public office. Plaintiffs incurred general damages for the mental and emotional pain and suffering,

experienced by being deprived of public office, benefits of office, and increased costs to campaign for additional term in office. Plaintiffs V. and M. Coker have been permanently damaged and emotionally scarred without confidence to safely attend public meetings, attend public spaces, and enjoy youthful activities all other young people are able to do without fear from harm and intimidation and with a reasonable expectation of protection. Plaintiffs have also incurred costs and attorney's fees which are recoverable pursuant to 42 U.S.C. §1988.

180. Plaintiffs assert that her position, set forth in this Complaint, is legally sound and supported by fact and law. Defendants' actions, however, have created a bona fide controversy between the parties, and Plaintiffs are in doubt as to her rights, privileges and immunities. Plaintiffs require, therefore, a declaratory judgment declaring her rights, privileges and immunities.

181. Plaintiffs have a clear liberty interest in the enjoyment of her right to hold public office free of unlawful interference from the Defendants and others.

182. Plaintiffs' liberty interests to hold public office for which she is duly qualified and selected as in this case may not be infringed

upon without due process.

183. Defendants Koberlein, Witt, Hill, Jefferson, Samspon, and Sikes, while acting in the course and scope of the official capacities of members of the city council or and in employment and under color of law, crafted and adopted the Lake City Council's de facto policy to use a resolution to prevent and circumvent Plaintiff B. Coker by acting contrary to their Oath, Charter, the Florida Constitution and the US Constitution and did so in consultation with Defendants Foreman and Robinson.

184. At the time Defendants City Council and Koberlein crafted and adopted the foregoing policy, they were aware or should have been aware of both the City Council Home Rule Charter written policies concerning provisions of the filling vacancies of the council upon resignation of a member and the implementation of the Florida Election Laws.

185. Any reasonable Attorney, especially those holding an expert endorsement in government such as that which is held by Defendants Koberlein, Foreman, and Robinson would have known that Plaintiff B. Coker had a clearly established constitutional liberty interest holding public office and that depriving her right to

hold office in violating a court order would violate her liberty interests and her right of due process of law.

186. Defendant City Council, Defendants Witt, Hill, Jefferson, Sampson, Sikes, and Koberlein, intended to deprive Plaintiffs of her constitutional rights.

187. In enforcing the above-described policy, Defendants knew or should have known that the policy was facially unconstitutional and unconstitutional as applied to Plaintiff B. Coker.

188. At all times material hereto, Defendants acted intentionally and with actual malice for the purpose of embarrassing and causing harm to the Plaintiffs in retaliation for the activism and criticism of the Plaintiff B. Coker contrary to the interest of Defendants.

189. Plaintiffs would not have suffered the loss of her constitutional rights and would not have incurred damages but for Defendants' actions.

190. Plaintiffs incurred special damages in the form of expenses for litigation of three cases, the loss of income and health benefits and life insurance to be received as compensation from her appointment on the Lake City Council, and potential income, and interference with her education.

WHEREFORE, Plaintiffs prays for the following relief:

A. That this Court take jurisdiction over the parties and this cause;

B. That this Court awarded Plaintiffs money damages against Defendants and specifically Defendants City Council and Sikes.

C. That this Court award Plaintiffs punitive damages against Defendants and specifically Defendants City Council and Sikes, to punish the Defendants for his unlawful actions and to deter Defendants and specifically Defendants City Council and Sikes and others from engaging in the same or similar acts in the future.

D. That this Court award Plaintiffs her recoverable costs.

**COUNT VI** - 28 U.S.C. §1331
CLAIMS AGAINST ALL DEFENDANTS

191. Plaintiffs realleges paragraphs 1 through 190 in this action for declaratory relief pursuant to Title 28, United States Code, §2201, against Defendants for depriving her of her constitutional liberty interest in holding public, without due process of law.

192. Plaintiffs assert the position, set forth in this Complaint, is

78

legally sound and supported by fact and law. Defendants' actions, however, have created a bona fide controversy between the parties, and Plaintiffs are in doubt as to her rights, privileges and immunities. Plaintiffs require, therefore, both injunctive relief and declaratory judgment declaring her rights, privileges and immunities.

WHEREFORE, Plaintiffs prays for the following relief:

A. That this Court take jurisdiction over the parties and this cause;

B. That this Court award Plaintiffs money damages against Defendant Defendants City Council, Sikes, Witt, Koberlein, Jefferson, Hill, Sampson, Warren III, Agents Equality, Bowden, George, and Gambles.

C. That this Court award Plaintiffs punitive damages against Defendant Defendant City Council, to punish the Defendants for his unlawful actions and to deter Defendant City Council and others from engaging in the same or similar acts in the future.

D. That this Court award Plaintiffs her recoverable costs.

**COUNT VII** - 28 U.S.C. §§2201 and 2202

CLAIMS AGAINST ALL DEFENDANTS EXCEPT FINA

The Court has the authority to issue declaratory judgments and grant further relief pursuant to 28 U.S.C. §§2201 and 2202, and Rule 65, Fed.R.Civ.P. 28.This Court is authorized to award damages for violation of Plaintiffs' constitutional rights under 42 U.S.C. §§1983 and 1985.

193. Plaintiffs realleges paragraphs 1 through 192 in this action for declaratory relief pursuant to Title 28, United States Code, §2201, against Defendants for depriving her of her constitutional liberty interest in holding public, without due process of law.

194. Plaintiffs assert that their position, set forth in this Complaint, is legally sound and supported by fact and law. Defendants' actions, however, have created a bona fide controversy between the parties, and Plaintiffs are in doubt as to her rights, privileges and immunities. Plaintiffs require, therefore, both injunctive relief and declaratory judgment declaring her rights, privileges and immunities.

WHEREFORE, Plaintiffs prays for the following relief:

    A.    That this Court take jurisdiction over the parties and this cause;

B.    That this Court award Plaintiffs money damages against the Defendants

C.    That this Court award Plaintiffs punitive damages to punish the Defendants for his unlawful actions and to deter Defendant City Council and others from engaging in the same or similar acts in the future.

D.    That this Court award Plaintiffs recoverable costs.

## COUNT VIII - 28 U.S.C. §§§1366, 1367, and 1391(b).

## CLAIMS AGAINST SIKES, CITY COUNCIL, SAMPSON, HILL, KOBERLEIN, WITT, AND JEFFERSON

195. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§§1366, 1367, and 1391(b).

196. Plaintiffs realleges paragraphs 1 through 195 in this action for declaratory relief pursuant to Title 28, United States Code, §2201, against Defendants for depriving her of her constitutional liberty interest in holding public, without due process of law.

197. Plaintiffs assert that her position, set forth in this Complaint, is legally sound and supported by fact and law. Defendants' actions, however, have created a bona fide controversy between the parties, and Plaintiffs are in doubt as to her rights, privileges and

immunities. Plaintiffs require, therefore, both injunctive relief and declaratory judgment declaring her rights, privileges and immunities.

198. On October 18, 2021, Plaintiff B. Coker Coker filed an action in this Circuit Court, alleging that the City Council violated Florida Statute 286.011(1), also known as Florida's "Sunshine Law," which requires that "all meetings of a state or local collegial body are declared to be open to the public at all times, and no formal action shall be considered binding except as taken or made at such meeting."

199. On the evening of October 26, 2021, the City Council held the special meeting. During that meeting, the City Clerk took contemporaneous notes. During that meeting, several motions were made and failed, until finally, at the end of the meeting, Plaintiff B. Coker was selected as the new Council member from District 14 on a vote of 3-1. This decision was reflected in the Clerk's notes. The Mayor announced the only action remaining was for the Plaintiff B. Coker to take the Oath of Office. On October 27, 2021, on inquiry from the non prevailing counsel member easily construed to serve as an attempt to use the City Attorney and City Clerk to serve as a

82

liaison to other members of the Council, the City Attorney explained a Motion for Reconsideration could not be used to reconsider the vote.

WHEREFORE, Plaintiffs prays for the following relief:

A. That this Court take jurisdiction over the parties and this cause;

B. That this Court award Plaintiffs money damages against Defendant Defendants City Council, Sikes, Witt, Koberlein, Jefferson, Hill, Sampson, Warren III, Defendants Agents Equality, Bowden, George, and Gambles.

C. That this Court award Plaintiffs punitive damages against Defendant Defendant City Council, to punish the Defendants for his unlawful actions and to deter Defendant City Council and others from engaging in the same or similar acts in the future.

D. That this Court award Plaintiffs her recoverable costs.

**COUNT IX -VIOLATION TO FLORIDA** Florida Election Code
**CLAIMS AGAINST SIKES, CITY COUNCIL, SAMPSON, HILL, KOBERLEIN, WITT, JEFFERSON, BROWN, AND SECRETARY OF STATE**

200. Plaintiffs realleges paragraphs 1 through 107 in this action for

declaratory relief pursuant to Title 28, United States Code, §2201, against Defendants for depriving her of her constitutional liberty interest in holding public, without due process of law.

201. Plaintiffs assert that her position, set forth in this Complaint, is legally sound and supported by fact and law. Defendants' actions, however, have created a bona fide controversy between the parties, and Plaintiffs are in doubt as to her rights, privileges and immunities. Plaintiffs require, therefore, both injunctive relief and declaratory judgment declaring her rights, privileges and immunities.

202. Defendants were required by the Lake City Charter, the Florida State Constitution, and the United States Constitution to adhere to the Florida Election Code, and The Voting Rights Act.

WHEREFORE, Plaintiffs prays for the following relief:

   A.   That this Court take jurisdiction over the parties and this cause;

   B.   That this Court award Plaintiffs money damages against Defendants

   C.   That this Court award Plaintiffs punitive damages against Defendant Defendant City Council, to punish the

Defendants for his unlawful actions and to deter Defendant City Council and others from engaging in the same or similar acts in the future.

D.   That this Court award Plaintiffs her recoverable costs.

## COUNT X - WHISTLEBLOWER ACT OF FS 112.3187 CLAIMS AGAINST SIKES, CITY COUNCIL, SAMPSON, KOBERLEIN, WITT, AND JEFFERSON

203. WhistleBlower Act of FS 112.3187 Adverse action against employee for disclosing information of specified nature prohibited; employee remedy and relief.

204. Plaintiffs realleges paragraphs 1 through 203 in this action for declaratory relief pursuant to Title 28, United States Code, §2201, against Defendants for depriving her of her constitutional liberty interest in holding public, without due process of law.

205. Plaintiffs assert that her position, set forth in this Complaint, is legally sound and supported by fact and law. Defendants' actions, however, have created a bona fide controversy between the parties, and Plaintiffs are in doubt as to her rights, privileges and immunities. Plaintiffs require, therefore, both injunctive relief and declaratory judgment declaring her rights, privileges and immunities.

WHEREFORE, Plaintiffs prays for the following relief:

A.   That this Court take jurisdiction over the parties and this cause;

85

B.   That this Court award Plaintiffs money damages against Defendant Defendants City Council, Sikes, Witt, Koberlein, Jefferson, Hill, Sampson, Warren III, Defendants Agents Equality, Bowden, George, and Gambles.

C.   That this Court award Plaintiffs punitive damages against Defendant Defendant City Council, to punish the Defendants for his unlawful actions and to deter Defendant City Council and others from engaging in the same or similar acts in the future.

D.   That this Court award Plaintiffs her recoverable costs.

**COUNT XI**- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

206. Plaintiffs realleges each and every allegation set forth in paragraphs 1 through 205 Complaint and incorporate them herein by reference.

207. This Court has jurisdiction over this state law cause of action because Plaintiffs' other claims involve Federal Questions and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

208. This is an action under Florida law to recover damages for intentional infliction of emotional distress, against all Defendants.

209. Defendant City Council engaged in a conspiracy with other citizens, and with the other Defendants named in this suit, to deprive Plaintiffs of her liberty, reputation, livelihood, respect, and

86

good health, under circumstances calculated to cause Plaintiffs the maximum amount of emotional distress.

210. The particular actions taken by Defendant City Council to publicly defame and ultimately deprive Plaintiffs of dignity to cause each emotional distress are detailed above and may be summarized as follows:

211. Beginning with the efforts of Defendants to use secret ballot to select Defendant Douglas to Defendant Sampson to violate Florida Sunshine through Defendants Sikes, and Koberlein acting as liaison to Defendant City Council outside of Sunshine, and the defamation, threats and intimidation allowed of Defendants Agents Equality, Warren III, Bowden, George, and Gambles to publicly lynch Plaintiffs in such a manner as to deter other citizens followed by the conspiracy set in place by the remaining Defendants to delay and derail the efforts of the Plaintiffs to exercised protected rights.

212. The Defendants deliberately misrepresented information received from Defendant Foreman in his legal representation of Plaintiff B. Coker, and gave access to confidential information to Defendants Agents Equality, Warren III, George, Gambles, and Bowden with not other intent to use such information to defame, slander, threaten, and defame Plaintiffs both on social media and at the public meeting of the City Council on November 1, 2021 and November 8, 2021 to unduly enflame, outrage, humiliate, and use the false pretenses of addressing the City Council with legitimate business did so intentional of deprive Plaintiffs of her constitutional and state law rights.

213. Defendants choose to retaliate against Plaintiff B. Coker and caused emotional distress because she was awareDefendant Fina knew of the ongoing litigation conflicts with Defendants Koberlein and Foreman regarding the Shands Hospital Authority and the Defendant Columbia County Board of County Commissioners on November 11, 2021 when the receivership of 23million in assets was considered and each of the Defendants FOreman and Koberlein had conflict with the their representation of either Defendants Columbia County Board of County Commissioner and City Council and chose not to recuse themselves.

214. The Defendants retaliated against Plaintiff B. Coker caused emotional distress because she was aware that Defendant Foreman's financial contribution to Defendant Koberlein was made knowingly withheld their conflicts in their litigation with Shands Hospital Authority in November of 2021.

215. Defendants acted intentionally, maliciously and with complete disregard for the Plaintiffs' constitutional and state law rights.

216. The emotional and psychological harm which Plaintiff V. Coker and M. Coker suffered as a result of the loss of custody of her son, without notice, was completely foreseeable and was an intended consequence of Defendant City Council's actions.

217. As a direct and proximate result of Defendant's outrageous conduct, Plaintiffs have suffered severe emotional distress and ongoing psychological injuries.

218. The emotional distress suffered by Plaintiffs is unusually extreme and severe and is a direct and intended consequence of the intentional and outrageous conduct of the Defendant.

219. Though justice has been deliberately and continues to be denied and delayed, Plaintiff B. Coker incurred special damages expenses for litigation efforts in the Third Judicial Circuit Court of Columbia County and the First District Court of Appeals Court to seek justice for the attempts of Defendants to secretly select Defendant Douglas by secret ballot and conspired efforts of all Defendants to deprive Plaintiff B. Coker from public office appointment, the loss of income and of potential income, and interference with the education of Plaintiffs V. Coker and M. Coker. . Plaintiffs incurred general damages for the mental and emotional pain and suffering she experienced. Plaintiffs have also incurred costs and attorney's fees which are recoverable pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs prays for the following relief:

A.    That this Court take jurisdiction over the parties and this cause;

B.    That this Court award Plaintiffs money damages against Defendant Defendant City Council for intentional infliction of emotional distress.

C.    That this Court award Plaintiffs punitive damages against Defendant Defendant City Council, to punish the

Defendants for his unlawful actions and to deter Defendant City Council s and others from engaging in the same or similar acts in the future.

    D.    That this Court award Plaintiffs her recoverable costs.

    E.    That this Court award Plaintiffs all other relief in law and in equity to which she may be entitled.

## DAMAGES AND FEES

220. Plaintiffs' have suffered damages as a direct result of the Defendants' policies, practices and actions.

221. Plaintiffs' damages consist of infringement upon her constitutional rights and the loss of the companionship of her natural child, as well as monetary losses, including expenses associated with protecting her constitutional rights and civil liberties, lost earnings and earning potential and interference with her education.

222. This Court is authorized to award damages for violation of Plaintiffs' constitutional rights under 42 U.S.C. §1983.

223. This Court is authorized to award attorneys to represent Plaintiffs in this action and has agreed to pay them a reasonable fee, which fee the Defendants must pay pursuant to 42 U.S.C.

§1988.

WHEREFORE, Plaintiffs prays for the following relief:

A.    That this Court take jurisdiction over the parties and this cause in the following cases:

      i.    Third Circuit Judicial Court of Columbia County, Florida Case No. CA-2021-268

      ii.    Third Circuit Judicial Court of Columbia County, Florida Case No. CA-2021-268

Case No. CA-2021-288

      Iii.    First District Court of Appeals Case No. 2022-0463

B.    That this Court award Plaintiffs money damages against Defendant Defendant City Council for intentional interference with her custodial rights.

C.    That this Court award Plaintiffs punitive damages against Defendant Defendant City Council, to punish the Defendant for his unlawful actions and to deter Defendant City Council s and others from engaging in the same or similar acts in the future.

D.    That this Court award Plaintiffs her recoverable costs.

E.    That this Court award Plaintiffs all other relief in law and in equity to which she may be entitled.

91

## PLAINTIFFS DEMAND A TRIAL BY JURY

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any change to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

May 6, 2022

_____

Befaithful Coker, Pro Se
Befaithful Coker parent of V.
and M. Coker
Po Box 15
Lake City, Florida 32056
386.697.6075
Befaithfulcoker@gmail.com

# UNITED STATES DISTRICT COURT

for the
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BEFAITHFUL COKER,
MINOR CHILD V. COKER,
AND MINOR CHILD M. COKER

      Plaintiffs,                           CASE NO.:

vs.

## SYLVESTER WARREN, III Et. al

## CERTIFICATE OF EMERGENCY

I hereby certify that, I have carefully examined this matter and it is a true emergency because it impacts matters of grave concern that if continued to be delayed will cause irreparable harm to the Plaintiffs and citizens of Lake City, FL specifically those in District 14 in an election process.

I further certify that the necessity for this emergency hearing has not been caused by a lack of due diligence on my part, but has been brought about only by the circumstances of this case. The issues presented by this matter have not been submitted to the Judge assigned to this case or any other Judge or Magistrate Judge of the Southern District of Florida prior hereto.

I further certify that I have made a bona fide effort to resolve this matter without the necessity of emergency action.

Dated this 6th day of May. 2022.

Signature: _____

Befaithful Coker, ProSe
PO Box 15
Lake City, FL 32056
befaithfulcoker@gmail.com
386.697.6075

94

## Exhibits

A.    Support Letters

B.    Liaison Email

C.    Self-Executing Order

D.    Warren III Legal Advice

E.    Lake City Reporter Article