UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BEFAITHFUL COKER, et al.,

    Plaintiffs,

vs.                                            Case No. 3:22-cv-518-MMH-LLL

SLYVESTER WARREN, III, et al.,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On May 6, 2022, Plaintiff Befaithful Coker initiated this action, pro se, by filing a Complaint and Demand for Jury Trial (Doc. 1).[1] Coker filed an Amended and Restated Complaint and Demand for Jury Trial (Doc. 3; Amended Complaint) on May 10, 2022. However, upon independent review, the Court finds that the Amended Complaint is improperly drafted and due to be stricken. In the analysis that follows, the Court will discuss the problems with the Amended Complaint as currently drafted and provide Coker with the opportunity to file a second amended

---

[1] The Court notes that Coker appears to be attempting to bring this action on behalf of herself and her minor children. However, because she is proceeding pro se, Coker may not represent the minor children V.C. and M.C. in this action. See Whitehurst v. Wal-Mart, 306 F. App'x 446, 449 (11th Cir. 2008) ("[A] non-lawyer parent has no right to represent a child in an action in the child's name."). As such, if she continues to proceed pro se, Coker must file the second amended complaint only in her own name.

complaint. Coker should carefully review this Order and consider utilizing the resources available for pro se litigants, cited below, before filing a second amended complaint. Failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 Fed. Appx. 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[2] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential

---

[2] All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules"). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available in the law libraries of the state and federal courthouses.

In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., 405 Fed. Appx. 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)). Moreover, in a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations "lumping" multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what a plaintiff is claiming. See West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., 287 Fed. Appx. 81, 86 (11th Cir. 2008) (citing Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1317 (11th Cir. 2007) and Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997)).

3

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings). The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court

4

ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Here, Coker's Amended Complaint falls into at least two of the four categories of shotgun pleadings prohibited in the Eleventh Circuit. First, the most common type of shotgun pleading involves a complaint containing "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland, 792 F.3d at 1321 & n.11 (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, Coker commits this exact error in that each subsequent count of the eleven-count Amended Complaint reincorporates all allegations of all the preceding counts. See Amended Complaint ¶¶ 103, 118, 133, 160, 191, 194, 197, 201, 205, 207. Moreover, Count II incorporates not only the allegations of the preceding Count I, but also the allegations of the subsequent Count III. Id. ¶ 103.

In addition, the Amended Complaint embodies the second most-common form of shotgun pleading in that it is "replete with conclusory, vague, and

5

immaterial facts not obviously connected to any particular cause of action." See Weiland, 792 F.3d at 1322. In this instance, the problem with the Amended Complaint is that it contains an over-abundance of extraneous details that render it excessively long and difficult to follow. Indeed, Coker's pleading spans 92 pages, with 224 separate paragraphs and twenty additional pages of exhibits. She includes eleven separate counts and names twenty-six different Defendants, some of whom appear to have only exceedingly tangential connections to this case. This kitchen-sink manner of pleading, as with all types of shotgun pleadings, fails "'to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" See Tran v. City of Holmes Beach, 817 F. App'x 911, 913 (11th Cir. 2020) (quoting Weiland, 792 F.3d at 1320).

For all of the foregoing reasons, the Court will strike Coker's Amended Complaint as an impermissible shotgun pleading and direct Coker to file a second amended complaint. See Holbrook, 405 Fed. Appx at 460-61 ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). Pursuant to Rules 8(a)(2) and 10(b), the second amended complaint shall set forth separate causes of action in numbered counts against specific defendants and contain "a short and plain statement" of Coker's claims demonstrating that Coker is entitled to relief. See Rules 8(a)(2), 10(b). Coker must avoid the shotgun pleading deficiencies set forth above and describe

6

in sufficient detail the factual basis for each of her claims and how each Defendant is responsible.

Prior to filing her second amended complaint, the Court encourages Coker to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Chapter of the Federal Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Coker may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[3] In accordance with the foregoing, it is

**ORDERED**:

1. Plaintiff's Amended and Restated Complaint and Demand for Jury Trial (Doc. 3) is **STRICKEN**.

---

[3] If Coker chooses to continue to proceed without the assistance of an attorney, the Court recommends that she visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without A Lawyer." If Coker does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

2. Plaintiff may file a second amended complaint consistent with the directives of this Order on or before **June 2, 2022**. Failure to do so may result in a dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 16th day of May, 2022.

*[Signature]*

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties