FILED

UNITED STATES DISTRICT COURT

For the

2022 JUN -7 AM 10: 54

MIDDLE DISTRICT OF FLORIDA

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

JACKSONVILLE DIVISION

BEFAITHFUL COKER,

     Plaintiff,                     CASE    NO.:3:22-cv-518-MMH-LLL

vs.

1. SLYVESTER WARREN, III, individually
2. JUSTICE AND EQUALITY COALITION, INCORPORATED, collectively,
3. AUDREY SIKES, individually and in her official capacity as CITY CLERK OF LAKE CITY, and DEPUTY SUPERVISOR OF ELECTIONS FOR COLUMBIA COUNTY
4. CITY COUNCIL OF LAKE CITY FLORIDA, individually and collectively;
5. CHRISTOPHER TODD SAMPSON, individually and in his official capacity,
6. JAKE HILL, individually and in his official capacity,
7. EUGENE JEFFERSON, individually and in his official capacity,
8. STEPHEN WITT, individually and in his official capacity,
9. FRED KOBERLEIN JR., individually and and in his official capacity for the CITY OF LAKE CITY COUNCIL
10.  KRIS BRADSHAW ROBINSON, individually
11.  TOMI BROWN, in her official capacity as COLUMBIA COUNTY SUPERVISOR OF ELECTIONS
12.  STEPHEN DOUGLAS, individually,
13.  JOEL FOREMAN, individually and in his official capacity as Attorney for COLUMBIA COUNTY BOARD OF COUNTY COMMISSIONERS, and Attorney for COLUMBIA COUNTY SUPERVISOR OF ELECTIONS

1

14. COLUMBIA COUNTY BOARD OF COUNTY
    COMMISSIONERS, collectively
15. RONALD WILLIAMS, individually and in his official
    capacity
16. NORTHEAST FLORIDA NEWSPAPER, LLC. aka LAKE CITY
    REPORTER,
17. TODD WILSON, individually,
18. LAKE CITY - Columbia County Chamber of Commerce
19. STEVE SMITH, in his individual capacity
20. GLENNEL BOWDEN, individually,
21. VANESSA GEORGE, individually,
22. NATHAN GAMBLES III, individually,
23. DAVID FINA, in his official capacity as Judge of the Third
    Circuit Judicial Court, and
24. FLORIDA SECRETARY OF STATE, DIVISION OF
    ELECTIONS.

Defendants.

## THIRD **AMENDED AND RESTATED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff brings this suit pursuant to 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case together with an award of damages associated with those unconstitutional policies and practices and bring several state law claims pursuant to the supplemental jurisdiction of this Court. Plaintiff further seeks an award of damages, Consent Decree, costs and a declaration of

rights and demands a trial by jury.

## PARTIES

1. **PLAINTIFF**

   BEFAITHFUL COKER (hereinafter "Plaintiff")
   PO Box 15
   Lake City, FL 32056
   386.697.6075
   befaithfulcoker@gmail.com

2. **DEFENDANTS**

   a.   SYLVESTER WARREN III,
   (hereinafter "Defendant Warren III")
   930 Joe Coney Street
   Lake City, FL 32055
   swarren3rd@icloud.com

   123 NE Bradley Terrace
   Lake City, FL 32055

   b.   JUSTICE AND EQUALITY COALITION, INCORPORATED
   Incorporated on July 31, 2020 in the State of Florida
   (hereinafter "Defendant Agents Equality")
   930 Joe Coney Street
   Lake City, FL 32055
   swarren3rd@icloud.com

   Registered Agent:
   Sylvester Warren III

   c.   AUDREY SIKES
   Clerk of the City of Lake City Council
   (hereinafter "Defendant Clerk")
   Deputy Supervisor of Election

(hereinafter "Defendant Deputy Supervisor")
233 NW Overflow Lake Drive
Lake City, FL 32055
386.755.2130
sikesa@lcfla.com


d.     CITY COUNCIL OF LAKE CITY FLORIDA
(hereinafter "Defendant City Council")
℅ City Clerk
205 N. Marion Avenue
Lake City, FL 32025
386.755.2130
sikesa@lcfla.com

e.     CHRISTOPHER TODD SAMPSON
Lake City Council
(hereinafter "Defendant Sampson")
495 SW Lakeview AVE
Lake City, FL 32025
386.719.5756
sampsont@lcfla.com


f.     JAKE HILL
Lake City Council
(hereinafter "Defendant Hill")
499 NW Dixie Avenue
Lake City, FL 32025
386.719.5756
hillj@lcfla.com

g.     EUGENE JEFFERSON
Lake City Council
(hereinafter "Defendant Jefferson")
721 NE Center Avenue
Lake City, FL 32025
386.697.6803
jeffersone@lcfla.com

h.    STEPHEN WITT
Lake City Council
(hereinafter "Defendant Witt")
1809 Sw Paloma Court
Lake City, Fl 32025
386.397.0824
witts@lcfla.com

i.    FRED KOBERLEIN JR.
(hereinafter "Defendant City Attorney")
509 NW Savannah Circle
Lake City, Fl 32025
386.365.5007
fred@klolaw.com

j.    KOBERLEIN LAW OFFICE
City of Lake City
(hereinafter "Defendant Koberlein Law")
855 SW Baya Drive
Lake City, FL 32025
386.365.5007

k.    KRIS BRADSHAW ROBINSON
Robinson, Keenon, and Kendrom, PA
(hereinafter "Defendant Robinson")
655 NW Lona Loop
Lake City, FL 32025
KBR@RKKATTORNEYS.COM
386.303.1605

l.    ROBINSON, KEENON, AND KENDROM, P.A.
(hereinafter "Defendant RKK")
582 W. Duval Street
Lake City, FL 32055
386.755.1334

m.    TOMI BROWN
Supervisor of Elections - Columbia County, Florida

(hereinafter "Defendant Brown")
vote@votecolumbia.com
971 W. Duval Street, 102
Lake City, FL 32055
386.758.1026

n.    STEPHEN DOUGLAS
(hereinafter "Defendant Douglas")
205 SE Butler Glenn
Lake City, FL 32025

o.    JOEL FLETCHER FOREMAN
County Attorney - Columbia County Board of County
Commissioners
(hereinafter "Defendant Foreman")
137 NW Madison Street
Lake City, FL 32025
386.984.0627
joel@foreman.law

p.    COLUMBIA COUNTY BOARD OF COUNTY
COMMISSIONERS
% Chairman
(hereinafter "Defendant CCBCC")
135 NE Hernando Avenue, Suite 203
Lake City, FL 32055
386.758.2182
bccadmin@columbiacountyfla.com

q.    RONALD WILLIAMS
Columbia County Board Of County Commissioners
(hereinafter "Defendant Williams")
440 Nw Winfield St
Lake City, Fl 32055
386.752.0158
ron_williams@columbiacountyfla.com

r.    NORTHEAST FLORIDA NEWSPAPERS, LLC
DBA LAKE CITY REPORTER

DBA CNI NEWS
(hereinafter "Lake City Reporter")
1825 St. Johns Avenue
Palatka, FL 32177

s.    TODD WILSON
(hereinafter "Defendant Wilson")
126 NW Irish Glenn
Lake City, FL 32055
twilson@lakecityreporter.com

t.    LAKE   CITY,   COLUMBIA   COUNTY   CHAMBER   OF
COMMERCE
(hereinafter "Defendant Chamber"
162 S. Marion Avenue
Registered Agent: Joseph O'Hearn
Lake City, FL 32025

u.    STEVE SMITH
(hereinafter "Defendant Smith")
377 NW Lona Loop
Lake City, FL 32025

v.    GLENNELL BOWDEN
Advisory Council Member
City of Lake City
Fireman Pension Trust Fund
1156 Ne Bascom Norris
Lake City, Fl 32025

Advisor Council Member
Columbia County Board of County Commissioners
(hereinafter "Defendant Bowden"

w.    VANESSA GEORGE
Treasurer - Defendants Agents Equality
City Manager - Town of White Springs
(hereinafter "Defendant George")
930 Joe Coney Street

Lake City, FL 32055

    x.    NATHAN GAMBLES
Vice President - Defendants Agents Equality
(hereinafter "Defendant Gambles III"
318 NW Mathews Street
Lake City, FL 32055

5711 Crowntree Lane
Orlando, FL 32029

    y.    DAVID FINA
(hereinafter "Defendant Fina")
200 S. Ohio Avenue #104
Live Oak, FL 32064

14146 92nd Trail
Live Oak, FL 32060

    z.    SECRETARY OF STATE
(hereinafter "Defendant Secretary"
RA Gray Building
Tallahassee, FL 32301

Plaintiff satisfied the notice requirements of §768.28(6) Fla.Stat. by notifying Defendants by letter dated April 15, 2022.

## JURISDICTION

3.    Federal Question jurisdiction pursuant to:

    a.    42 U.S.C. 1983

    b.    42 U.S.C. 1985

    c.    52 U.S.C. 10301, 10304, and 10308

4.      Supplemental jurisdiction under 28 U.S.C. §§1367, 1391 over Plaintiff state law claims pursuant to:

     a. Florida Sunshine Law - 286.011.

     b. Florida Election Code FS §Title IX.

     c. Florida Formation of Municipalities Act FS §Title XII.

     d. Florida WhistleBlower Act of FS 112.3187.

     e. 836.04 Defamation

## BACKGROUND/INTRODUCTION

5.      Plaintiff is a community activist and volunteer known for organizing community events, and making both public and protected disclosures concerning local government.

6.      Plaintiff made such disclosures to the Defendant City Council regarding acts of alleged misuse of taxpayers funds, abuses of power and political position, and threatening and intimidating practices of members of the City Council in concert with Defendants George, Agents Equality, Warren, Bowden, and Gambles

7.      As a result of these disclosures Defendants Bowden, George, Warren, Gambles, Sampson, and Agents Equality began

publicly defaming Plaintiff at the meetings of City Council, publishing defamation and criminal libel on social media, and encouraging threats and harm to Plaintiff two minor children.

8. Plaintiff's request for safeguards to Defendant City Council and local law enforcement provided no relief.

9. Plaintiff's request for protection from the Third Circuit States Attorney provided no relief.

10. Plaintiff's request for a Cyberstalking Injunction to the Third Circuit Court of Columbia County under Judge David Fina provided no relief and went unheard.

11. Plaintiff believes Defendant City Council retaliated against her for making reports of protected disclosures denying her a position on the Planning and Zoning Board

12. Plaintiff alleges that Defendants conspired to fill a vacancy in the composition of the City Council through secret ballot announced  and used Plaintiffs request for consideration for the vacancy of District 14 as reason to deny an a pending application to the Planning and Zoning Board for one year after its application as reason for the denial.

13.   Plaintiff alleges that when that plan failed the Defendants City Council, Koberlein, Sikes, and Sampson used concerted efforts to deny Plaintiff the public office she was appointed to fill on October 26 2021 and continues to do so.

14.   Plaintiff believes the actions of the Defendants are complex and complicated and violated her rights.

## COUNT I - FLORIDA *WHISTLEBLOWER ACT 112.3187* CLAIM AGAINST DEFENDANTS CITY COUNCIL, KOBERLEIN, SIKES, HILL, AND SAMPSON,

15.   Plaintiff alleges this action for protection, injunctive and declaratory relief against Defendants for the protected acts of Plaintiff under Florida Whistleblower Act pursuant to 28 U.S. Code § 1367 - Supplemental jurisdiction.

16.   Plaintiff alleges Defendants engaged in (1) statutorily protected disclosure (2) suffered an adverse action; and (3) there is a causal connection between the two events.

17.   Plaintiff disclosed information to appropriate agencies alleging improper use of governmental office, gross waste of funds, or any other abuse or gross neglect of duty on the part of an agency, public officer, or employee and

Defendants City Council, Sikes, Hill, Koberlein, Sampson, Warren, Bowden, George, and Gambles retaliated by defaming and conspiring to deny the civil rights of Plaintiff.

18. On January 4, 2021 and January 19, 2021 the Plaintiff Coker publicly disclosed to the Defendant City Council the gross waste and abuse of duty by Defendant Hill, who advocated a nominal lease negotiation for George and Warren Foundation, and Lollipop Childcare Center in violation of the Municipal Charter.

19. Within sixty days Plaintiff Coker made public disclosure to Defendant City Council that Defendant Hill abused his duty and misrepresented, advocated, and voting to award the nominal lease to that would withhold a market rent value of $250,000 from the citizens of Lake City without informing the Defendant City Council that his spouse sat on the George and Warren Foundation, Lollipop Childcare Center not a non profit entity as he represented to according to the registration with the Florida Secretary of State, and neither entity was legally operating under the ordinances of the City of Lake City Municipal Charter.

20.     Within sixty days Plaintiff made protected disclosures to the Defendant City Council that Defendant Koberlein's negotiations with Defendants Warren, George, Gambles, and Hill without using established financial policies of Defendant City Council was a gross waste of funds and did not reveal that neither entity was legally operating under the ordinances of the City of Lake City Municipal Charter that all entities apply for and hold Business Occupation Licenses.

21.     Plaintiff made protected disclosures to Defendant City Council that Defendants Hill and Jefferson abused their office and did submit letters of support in their official capacities on behalf of Defendant Warren to encourage both the Third Circuit Judicial Court not to prosecute Defendant Warren for then pending charges with the Third Circuit Court of Columbia County, Fl and again for his early release from federal probation services for a drug conviction under **Exhibit C.**

22.     Plaintiff made protected disclosures on June 21, 2021, to Defendants City Council   suspected criminal activity by business owners who were in non compliance of the

municipal charter including businesses owned by Defendants Sampson, Robinson, Warren III, Sikes, Gambles, Bowden, and other appointed members to municipal boards.

23.   Within sixty days of its occurrence, Plaintiff Coker made protected disclosure to Defendant City Council, Defendant Koberlein knew and failed to inform the Council that a special meeting held to terminate a City Manager and reinstate a terminated HR Director was improperly called and interfered with administration.

24.   Within sixty days of its occurrence Plaintiff made protected disclosures to Defendant City Council the terminated HR Director had misrepresented facts in her background and did not meet the criteria for eligibility as represented by Defendant Sampson to the City Council.

25.   Plaintiff made protected disclosures to Defendant City Council by not following its policies and practices and conducting background checks prior to hiring employees and not adhering to the Charter provision and avoiding interfering with administration, Defendants Koberlein, and City Council caused a gross waste of taxpayer funds.

26.   Within sixty days of each occurrence Plaintiff filed protected disclosures with state and federal agencies.

27.   Plaintiff made a protected disclosure to Defendant City Council, Sikes, and Koberlein that Defendant City Council was placing members of the public on publicly funded boards when the policies prevented persons convicted of felony offenses from doing so without first receiving clemency and asked that the matter be investigated.

28.   Plaintiff made a protected disclosure to Defendant City Council, Sikes, and Koberlein that Defendants Bowden, Warren, and other members of the community were receiving tax payer funds through improperly formed organizations where convicted sex offenders sat on youth boards and the same organizations had leadership prevented from holding those positions, and prevented from receiving payment from taxpayers through monetary donations from the Defendant City Council.

29.   In retaliation Defendant Sikes did inform Defendant Bowden of my protected disclosure and Defendant Bowden did publicize on social media his commitment to use all efforts

to prevent Plaintiff from holding any office.

30.    In retaliation for making protected disclosure Plaintiff believes her application to fill a vacancy on the Planning and Zoning Board in March 2020 was delayed by Defendant City Council until December 2021 and denied according to Defendant City Council because Plaintiff had been appointed on October 26, 2021 selecting Plaintiff to fill a vacancy in District 14 on the City Council.

WHEREFORE, Plaintiff prays for the following relief:

A.    That this Court take jurisdiction over the parties and this cause;

B.    That this Court award Plaintiff money damages against Defendants.

C.    That this Court award Plaintiff punitive damages against Defendants, to punish the Defendants for the unlawful actions to deter their actions and the actions of others from engaging in the same or similar acts in the future.

D.    That this Court prevent issue injunctive relief to prevent the City Council from condoning, participating, and encouraging this behavior in the future.

16

E.     That this Court award Plaintiff her recoverable costs.

## COUNT II - 42 USC §1983 - RIGHT TO PARTICIPATE IN MEETINGS
## CLAIMS AGAINST
## DEFENDANTS CITY COUNCIL, HILL, SAMPSON, WITT, JEFFERSON, SIKES, AND KOBERLEIN

31.     Plaintiff alleges this action for injunctive and declaratory relief pursuant to Title 42, United States Code, §1983, against Defendants City Council, Witt, Hill, Sampson Jefferson, Sikes, and Koberlein for deprivation of her constitutional liberty interest into participate in democracy by attending public meetings without the threat of harm and intimidation to either herself or members of her family.

32.     Plaintiff alleges (1) the conduct complained of was committed by a person acting under the color of state law; and (2) the conduct deprived the plaintiff of a constitutional right.

33.     Defendants each have taken a sworn Oath to uphold the local governance, the State of Florida Constitution, and the United States Constitution which affords equal rights to all citizens.

34.     Plaintiff  hold  a  fundamental  right  to  expect  safety  in

attending public meetings, to make reports against violations expecting adequate investigations, to expect officials to adhere to their Oaths of Office, uphold the Constitution of the State of Florida, and to uphold the Constitution of the United States.

35.   Plaintiff allege that instead of maintaining safety for Plaintiff and enforcing its policies Defendant City Council did not enforce its policy on decorum and instead allowed Defendants Warren, Bowden, George, and Gambles to slander and defame Plaintiff publicly while being publicly broadcast live over the internet.

36.   Plaintiff allege that on multiple meetings between December 2020, and November 1, 2021 and during public comments of the City Council meeting did Defendants Witt, Sampson, Jefferson, and Hill sat quietly and without objections and allow Defendants Warren, George, Gambes, and Bowden to hurl threats to her and her minor children repeatedly without enforcing its rules on decorum, without enforcing its Charter, and without upholding its Oath of Office.

37.   Plaintiff alleges the Defendants City Council and Hill later

denied Plaintiff the public office after its selection on October 26, 2021 as retaliation for the protected disclosures of gross waste and abuse of public offices.

38.    The City of Lake City has a policy on Decorum found in the Municipal Charter Section 2.46 of the Lake City Code of Ordinances that has in place since 1968 and it states "*Any person from making personal, impertinent, or slanderous remarks or becoming boisterous while addressing the City Council to include yelling or making audible comments from the audience……..*" *with penalty to include removal, arrest, and ban (hereinafter referred to as "Rules of Decorum")*

39.    In addition to policy, the Rules of Decorum are memorialized in a Resolution, printed on the Agenda of each meeting, and articulated verbally by the Mayor at the commencement of each meeting.

40.    Plaintiff alleges that Defendant City Council allowed Defendants Warren, Bowden, George, and Gambles to violate the City of Lake City policy on decorum at public meetings and defame, threaten, harass, and intimidate Plaintiff in retaliation for making protected disclosures.

19

41.     Plaintiff alleges Defendants have a fundamental right to participate in democracy and attend public meetings with her family and reasonably expect members of the City Council to enforce its policy to prevent slander, threats, and intimidation to all citizens.

WHEREFORE, Plaintiff prays for the following relief:

A.     That this Court take jurisdiction over the parties and this cause;

B.     That this Court award Plaintiff money damages against Defendants City Council, Sikes, Witt, Koberlein, Jefferson, Hill, Sampson.

C.     That this Court award Plaintiff punitive damages against Defendants, to punish the Defendants for the unlawful actions to deter their actions and the actions of others from engaging in the same or similar acts in the future.

D.     That this Court prevent issue injunctive relief to prevent the City Council from condoning, participating, and encouraging this behavior in the future.

E.     That this Court award Plaintiff her recoverable costs.

## COUNT III - DEFAMATION
### CLAIM AGAINST DEFENDANTS AGENTS EQUALITY, WARREN, GEORGE, GAMBLES, AND BOWDEN,

42.     Plaintiff alleges this action for protection, injunctive and declaratory relief against Defendants for the protected acts of Plaintiff under Florida Statute 836.04 pursuant to the supplemental jurisdiction under 28 U.S. Code § 1367 -

43.     Plaintiff alleges (1) the defendants published a false statement about the plaintiff, (2) to a third party, (3) the statement was false, and (4) the statement caused injury to the plaintiff.

44.     Plaintiff alleges that between December 2020 and November 28, 2021 Defendants Agents Equality, Warren, George, Gambles, and Bowden published statements on social media for for public discussion on the Facebook page of Defendant Agents Equality with hundred of followers and views each day, published the following:

    a. Plaintiff engaged in Prostitution.

    b. Plaintiff sought a sexual relationship with Defendants Bowden and Warren.

c. Plaintiff used charitable contributions for personal gain.

d. Plaintiff shared a child with an Independent Contractor of Plaintiffs.

e. Plaintiff had felony convictions of domestic battery.

f. Plaintiff was ineligible to hold public office.

g. The unsolved murder of Plaintiffs sibling was committed by law enforcement officials.

45.    The statements are false.   Plaintiff has never been arrested for charged with or convicted of Prostitution. The statement was made maliciously on Facebook where Defendants knew the information was false and knew it would be viewed by the children of Plaintiff, friends, family, and business colleagues.    As a result Plaintiff suffered harm to her reputation, creditability, embarrassment, as did the friends, family, and constituents.

46.    Plaintiff has never sought a sexual relationship with Defendants Bowden and Warren. The statements are false. The statements were made maliciously on Facebook where Defendants knew the information was false and knew it

would be viewed by the children of Plaintiff, friends, family, and business colleagues.  As a result Plaintiff suffered harm to her reputation, creditability, embarrassment, as did the friends, family, and constituents.

47. Plaintiff has never used charitable contributions for personal gain and instead has donated and volunteered thousands of hours of community service throughout.  The statements are false.  The statement was made maliciously on Facebook where Defendants knew the information was false and knew it would be viewed by the children of Plaintiff, friends, family, business colleagues, and constituents.  As a result Plaintiff suffered harm to her reputation, creditability, embarrassment, as did the friends, family, and constituents.

48. Plaintiff does not share a child with a local independent contractor The statement was made maliciously on Facebook where Defendants knew the information was false and knew it would be viewed by the children of Plaintiff, friends, family, business colleagues, and constituents for the malicious purpose of causing damage, embarrassment, and emotional duress to the children of Plaintiff.  As a result

Plaintiff suffered harm to her reputation, creditability, embarrassment, as did the friends, family, and constituents..

49.   Plaintiff has no felony convictions for domestic battery or any other crime. The statement was made maliciously on Facebook where Defendants knew the information was false and knew it would be viewed by the children of Plaintiff, friends, family, business colleagues, and constituents.  As a result Plaintiff suffered harm to her reputation, creditability, embarrassment, as did the friends, family, and constituents.

50.   Plaintiff is eligible to hold public office, she is over 18, a US citizen, resident of Lake City, a qualified voter, and no felony conviction. Defendants knew the statements were false and made the statement maliciously on Facebook where Defendants knew the information was false and knew it would be viewed by the children of Plaintiff, friends, family, business colleagues, and constituents.  As a result Plaintiff suffered harm to her reputation, creditability, embarrassment, as did the friends, family, and constituents.

51.   The unsolved murder of Plaintiffs sibling was committed by

law enforcement officials. Defendants knew the statements were false and made the statement maliciously on Facebook hoping to interfere with the support Plaintiff extended to law enforcement. Defendants knew the information was false and knew it would be viewed by the children of Plaintiff, friends, family, business colleagues, and constituents. As a result Plaintiff suffered harm to her reputation, creditability, embarrassment, as did the friends, family, and constituents.

WHEREFORE, Plaintiff prays for the following relief:

A.   That this Court take jurisdiction over the parties and this cause;

B.   That this Court award Plaintiff money damages against Defendants.

C.   That this Court award Plaintiff punitive damages against Defendants, to punish the Defendants for the unlawful actions to deter their actions and the actions of others from engaging in the same or similar acts in the future.

D.   That this Court award Plaintiff her recoverable costs.

## COUNT IV - DEFAMATION
## CLAIM AGAINST DEFENDANT SAMPSON

52.   Plaintiff alleges this action for protection, injunctive and declaratory relief against Defendants for the protected acts of Plaintiff under Florida Statute 836.04 pursuant to the supplemental jurisdiction under 28 U.S. Code § 1367 -

53.   Plaintiff alleges (1) the defendant published a false statement about the plaintiff, (2) to a third party, (3) the statement was false, and (4) the statement caused injury to the plaintiff.

54.   Plaintiff alleges that Defendant Sampson maliciously made reports to residents of Lake City known to support Plaintiff that she caused a previous Georgia residence to be burned to relocate to Florida and that all support should be withdrawn from Plaintiff. Defendant Sampson made reports to people he knew had access to the education of Plaintiffs children in school and recreational environments. Defendant Sampson did not care if the information was false and could have obtained a public record showing the actual cause of the fire to Plaintiff's residence.

55.   Plaintiff alleges that Defendant Sampson provided the

information to third parties in hopes that it would be transmitted among the public to be heard by individuals who supported the views of Plaintiff including the children of Plaintiff, friends, family, business colleagues, and constituents.    As a result Plaintiff suffered harm to her reputation, creditability, embarrassment, as did the friends, family, and constituents

WHEREFORE, Plaintiff prays for the following relief:

A.    That this Court take jurisdiction over the parties and this cause;

B.    That this Court award Plaintiff money damages against Defendant.

C.    That this Court award Plaintiff punitive damages against Defendant, to punish the Defendant for the unlawful actions to deter their actions and the actions of others from engaging in the same or similar acts in the future.

D.    That this Court award Plaintiff her recoverable costs.

## COUNT V - 42 USC §1983 - RIGHT TO HOLD PUBLIC OFFICE CLAIMS AGAINST
## DEFENDANTS CITY COUNCIL, HILL, SAMPSON, WITT, JEFFERSON, SIKES, AND KOBERLEIN

56. Plaintiff alleges this action for injunctive and declaratory relief pursuant to Title 42, United States Code, §1983, against Defendants for deprivation of her constitutional liberty interest in holding public office.

57. Plaintiff alleges (1) the conduct complained of was committed by a person acting under the color of state law; and (2) the conduct deprived the plaintiff of a constitutional right.

58. Plaintiff alleges Defendants Hill, Jefferson, Witt, and Sampson have each sworn an Oath to uphold the Lake City Charter, the State of Florida Constitution, and the United States Constitution as public officials.

59. Plaintiff alleges Defendants Sikes as Clerk of the City Council and Deputy Supervisor of Election has sworn an Oath to uphold the Lake City Charter, laws of the State of Florida Constitution, and the United States Constitution as a Charter Officer.

60.  Plaintiff alleges Defendant Koberlein as a member of the Florida Bar has sworn an Oath to uphold the Lake City Charter, the State of Florida Constitution, and the United States Constitution.

61.  Plaintiff alleges that she was denied her right to hold public office Defendants City Council, Sikes, Koberlein, Hill, Witt, Jefferson, and Sampson.

a. Plaintiff alleges that on October 26, 2021 did select Plaintiff by a 3 to 1 vote to fill the vacant seat for District 14 of the Lake City City Council and have refused to allow her the benefit and enjoyment of such selection denying her a seat through  actions of Defendants Sikes, Witt, Jefferson, Sampson, HIll, and Koberlein.

b. On October 4, 2021 Defendant City Council announced a vacancy to District 14 created by a resignation of the Vice Mayor. Section 304 of the City Charter provides in pertinent part the vacancy was to be filled as follows:

*(2) If less than two (2) years and sixty (60) days remain in the term of office, the council shall within sixty (60) days from the date the vacancy occurred, by a majority vote of*

*the remaining members, choose a successor to serve said unexpired term of the vacated council seat.*

c. Article 3 Section 301 of the City Charter of Lake City identified the composition and eligibility requirements for council members as follows:

"*the composition   shall be a city council of five (5) members elected by the qualified voters of the city and identify the eligibility to be limited to qualified voters who have resided in the city for a minimum of one (1) year prior to qualifying as a candidate for election to a seat on the city council, and are eighteen (18) years of age or older, shall be eligible to hold office.*"

d. Plaintiff Coker is over 18 years of age, a resident of the district for over 1 year, and being a eligible to hold office; was encouraged by citizens to apply for a vacancy to District 14 of the City Council created by the resignation of a councilmember and filed a Statement of Interest along with four other citizens for consideration.

e. Article 3 Section 309(c) of the City Charter for Lake

City provides that voting be conducted as follows:

*"Voting, except on procedural motions, shall be by roll call and the ayes and nays shall be recorded in the journal. Three (3) members of the council shall constitute a quorum, but a smaller number may adjourn from time to time and may compel the attendance of absent members in the manner and subject to the penalties prescribed by the rules of the council.  No action of the council except as otherwise provided in the preceding sentence and in this Charter shall be valid or binding unless adopted by the affirmative vote of the majority of the entire councilmembers."*

f. Article 5 Section 513 of the Code of the City of Lake City requires an  Oath of office as follows:

*"Every officer of the city shall, before entering upon the duties of his office, take and subscribe to an oath or affirmation to be filed and kept in the office of the city clerk; which oath shall be in the form prescribed for state officers by the Constitution of the state."*

g. On  November  1,  2021,  Plaintiff  Coker  met  with

Defendant Sikes and filed her Oath of Office and scheduled necessary training and onboarding.

h. On November 1, 2021 Defendants Hill, Sampson, Witt, and Jefferson instead of conducting its ministerial duty and seat Plaintiff, instead Defendant Koberlein presented a Resolution to memorialize the appointment of Plaintiff that Defendant Hill voted against stating he had a change of heart.

i. On November 8, 2021, Plaintiff filed a Petition for Writ of Mandamus with the Third Circuit Judicial Court of Columbia County in action 21-CA-288 (see Petition and Docket)

j. On November 8, 2021, Judge Jackson issued a self-executing Order entitled Alternative Writ in Mandamus, and Order Nisi in Prohibition requiring Defendant City Council seat Plaintiff within 20 days or Show Cause why the Petition should not be granted. (see Order)

k. Defendant City Council has not filed an Answer to date.

l. Plaintiff has a constitutional right to hold public office, is eligible to hold public office, was duly selected, and was denied  holding public office by the Defendants.

WHEREFORE, Plaintiff prays for the following relief:

A.   That this Court take jurisdiction over the parties and this cause;

B.   That this Court award Plaintiff money damages against Defendants.

C.   That this Court award Plaintiff punitive damages against Defendants, to punish the Defendants for the unlawful actions to deter their actions and the actions of others from engaging in the same or similar acts in the future.

D.   That this Court prevent issue injunctive relief to prevent the City Council from condoning, participating, and encouraging this behavior in the future.

E.   That this Court award Plaintiff her recoverable costs.

## COUNT VI - 42 USC §1983 DUE PROCESS
### CLAIMS AGAINST
### DEFENDANTS SAMPSON, WITT, JEFFERSON, SYKES, HILL, & KOBERLEIN

62. Plaintiff alleges this action for injunctive and declaratory relief pursuant to Title 42, United States Code, §1983, against Defendants for depriving her of her constitutional liberty to due process of law.

63. Plaintiff alleges (1) the conduct complained of was committed by a person acting under the color of state law; and (2) the conduct deprived the plaintiff of a constitutional right.

   a. On October 28, 2021, Defendants Sampson, Koberlein, and Sikes exchanged emails regarding the use of a Motion for Reconsideration to undo the vote to select Plaintiff (**Exhibit D**),

Todd Sampson: "Mr. Koberlein could a motion to reconsider the nomination from the meeting on October 26th be made at the next meeting? I'm copying Audrey as this may be information needed by the entire Council.

Defendant Koberlein: ".…. the motion to reconsider may be made on the same day the vote to be reconsidered was taken"

Defendant Sykes:

64. Plaintiff alleges on November 1, 2021 Plaintiff filed her Oath of Office with Defendant Sikes in accordance with Section 513 of the Code of the City of Lake City which states: *"Every officer of the city shall, before entering upon the duties of his office, take and subscribe to an oath or affirmation to be filed and kept in the office of the city clerk; which oath shall be in the form prescribed for state officers by the Constitution of the state."*

65. Plaintiff alleges on November 1, 2021, Defendants Sikes, Jefferson, Sampson, Hill,  and Witt approved an Agenda listing a Resolution for the selection of Plaintiff which had already been approved on October 26, 2021 by a 3 to 1 vote.

66. Plaintiff alleges on November 1, 2021, instead of performing its ministerial duty and seating Plaintiff on the diocese, Defendants City Council and Koberlein presented a Resolution to re-select Plaintiff to be appointed to the vacancy of District 14.

67. Plaintiff alleges that instead of performing its ministerial duty, upon the presentation of the ceremonial Resolution by Defendant Koberlein, Defendant Hill announced he had a "change of heart after learning Plaintiff had a past" and Plaintiff was not seated.

68. Plaintiff alleges she was denied her right to due process afforded by the Charter of Lake City Section 305 of the Lake City Charter. Wherein the process required of councilmembers to remove Plaintiff from her duly appointed official capacity is outlined and provides the right to a hearing, with witnesses and testimony. *A member charged with conduct constituting grounds for forfeiture of his office shall be entitled to a public hearing on demand, and notice of such hearing shall be published in one or more newspapers of general circulation in the city at least one week in advance of the hearing. Decisions made by the council under this section shall be subject to review by the courts.*

69. Plaintiff alleges on November 1, 2021, Defendants Witt, Sikes, Hill, Jefferson, Sampson, and Koberlein each had on file with the Defendant Sikes a duly filed Oath of Office to uphold the

Charter of Lake City and not one of the Defendants protest Plaintiff not being seated in accordance to Sec. 2-50., which reads, *"Members may file protests against council action. Any member shall have the right to have the reasons for his dissent from, or protest against, any action of the council entered on the minutes."*

70. Plaintiff alleges on November 7, 2021 the before the entry of an Alternative Order by the Third Judicial Court was obtained, Defendants received independent information from outside counsel that would raise questions but asked none during the November 8, 2021 meeting (Letter).

71. Plaintiff alleges on November 8, 2021, Plaintiff appear at the meeting of the City Council represented by legal counsel who provided Defendants City Council with legal advice and was open to questions; but Defendants Witt, Jefferson, Koberlein, Hill, and Sampson sat in silence offering no objection or protest to denying due process to Plaintiff.

72. Plaintiff alleges on November 8, 2021, Defendants extended the opportunity to be heard to all members of the public wishing to address the public after the Third Circuit Court of

Columbia County issued its Alternatively Writ without objection to the defaming, character assassinations launched at te Plaintiff in front of her minor children, friends, and family; without upholding its ministerial duty to seat the Plaintiff.

73. Plaintiff alleges Defendants City Council, Sikes, Witt, Sampson, Jefferson, Hill, and Koberlein each swore to an Oath and had a duty to enforce the Lake City Charter and each failed to so denying Plaintiff her constitutional right to due process.

WHEREFORE, Plaintiff prays for the following relief:

A. That this Court take jurisdiction over the parties and this cause;

B. That this Court award Plaintiff money damages against Defendants.

C. That this Court award Plaintiff punitive damages against Defendants, to punish the Defendants for the unlawful actions to deter their actions and the actions of others from engaging in the same or similar acts in the future.

D. That this Court prevent issue injunctive relief to prevent

the Defendants from condoning, participating, and encouraging this behavior in the future.

E.     That this Court award Plaintiff her recoverable costs.

## COUNT VII - 52 U.S.C. §§§10301, 10304, & 10308 CLAIMS AGAINST DEFENDANTS CITY COUNCIL SIKES, BROWN, AND SECRETARY

74.    Plaintiff alleges in this action for declaratory relief pursuant to Title 52, United States Code, §10301,10304, and 10308 the against Defendants.

75.    Plaintiff alleges that Defendants City Council has a (1) *standard, practice, or procedure, (2) imposes or applies results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color, (3) the political processes of Defendant City Council leading to nomination or election in the State or political subdivision are not equally open to participation by women, and specifically black women, (4) women and specifically black women have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice. (5) deprive or attempt to deprive any person of any right secured*

*by section 10301, 10302, 10303, 10304, or 10306 of this title or shall violate section 10307(a) of this title,  (6) conspires to violate the provisions of subsection (a) or (b) of this section, or (7)   Any voting qualification or prerequisite to voting, or standard, practice, that has the purpose of or will have the effect of diminishing the ability of any citizens of the United States on account of race or color, or in contravention of the guarantees set forth in section 10303(f)(2) of this title, to elect their preferred candidates of choice (8) conspires to interferes with any right secured within this section.*

76.   Plaintiff alleges that Defendants City Clerk, Deputy, Brown, and Secretary having each swore an Oath to uphold the Florida Constitution and the US Constitution are bound to ensure practices of the Defendant City Council are in compliance with the Voting Rights Act.

77.   Defendant City Council operates its municipal election under an Interlocal Agreement by and between Defendant City Council and Defendant Brown, the current agreement having been approved while Defendants Foreman and Koberlein served as counsel to the respective entities.

78.  Defendant Secretary is responsible for providing training and certification to each local office of Supervisor of Elections throughout the State of Florida and investigating complaints raised about the practices of local offices made to the Defendant Secretary.

79.  Plaintiff alleges the Defendant City Council has a practice of charging a qualifying fee under Section 506 of the Municipal Charter requiring a QUALIFYING FEE of ($1,065.85) for a candidate who seeks consideration as councilmember to District 14.

80.  Plaintiff alleges the Defendant City Council represents under its Municipal Charter Section 506, the qualifying fee and the Election Assessment Fee to be paid during the Qualifying Period and the qualifying fee cannot be waived and seeks to create undue burden for candidates and specifically for black minority candidates with significantly smaller disposable incomes that non black candidates.

81.  Plaintiff alleges that Section 99.093 of Florida Statute which reads in part, "Municipal candidates; election assessment.— *Each person seeking to qualify for nomination or election to a*

*municipal office shall pay, at the time of qualifying for office, an election assessment. The election assessment shall be an amount equal to 1 percent of the annual salary of the office sought. Within 30 days after the close of qualifying, the qualifying officer shall forward all assessments collected pursuant to this section to the Florida Elections Commission for deposit in the Elections Commission Trust Fund.* (2) Any person seeking to qualify for nomination or election to a municipal office who is unable to pay the election assessment without imposing an undue burden on personal resources or on resources otherwise available to him or her shall, upon written certification of such inability given under oath to the qualifying officer, be exempt from paying the election assessment.

82. Plaintiff alleges Defendant City Council uses the Qualification Fee to place undue burden on candidates and specifically as a practice which denies disproportionately the rights of black candidates and more specifically female candidates.

83. Plaintiff alleges Defendant City Council has access to evidence that supports that disposable income of black households to

be significantly less than that of white males, and more specifically the household of single parent households of black females are significantly less than that of white males.

84. Plaintiff alleges Defendant City Council uses the Qualification Fee in the political process to give less an opportunity to minorities, and minority women to participate in the political process.

85. Plaintiff alleges both Brown and Secretary are responsible for ensuring local elections are conducted in accordance to the State and Federal laws but Plaintiff attempts to communicate concerns to either Defendants Brown or Secretary have gone unanswered.

86. Plaintiff alleges that the Qualification Fee charged of Defendant City Council deprived or attempt to deprive the Plaintiff of a right secured by section 10301, 10302, 10303, 10304, or 10306 of this title or shall violate section 10307(a) of this title causing undue burden on candidates in violation of Florida Statutes and the United States Constitution.

WHEREFORE, Plaintiff prays for the following relief:

A. That this Court take jurisdiction over the parties and

this cause;

B.    That this Court award Plaintiff money damages against Defendants.

C.    That this Court award Plaintiff punitive damages against Defendants, to punish the Defendants for the unlawful actions to deter their actions and the actions of others from engaging in the same or similar acts in the future.

D.    That this Court prevent issue injunctive relief to prevent the Defendants from condoning, participating, and encouraging this behavior in the future.

E.    That this Court award Plaintiff her recoverable costs.

### COUNT VIII - 52 U.S.C. §§§10301, 10304, & 10308 CLAIMS AGAINST DEFENDANTS CITY COUNCIL

87.   Plaintiff alleges this action for injunctive and declaratory relief pursuant to Title 52, United States Code, §10301, 10304, and 10308 against Defendants for creating a practice of rezoning to move a candidate from the districts of incumbents to have an effect of reducing the representation of minorities and minority women from holding public in violation of constitutional liberty to due process of law.

88.  Plaintiff alleges Defendant City Council changed the zoning for District 13 on May 13, 2013 in CITY COUNCIL ORDINANCE NO. 2013-2034.

89.  Plaintiff alleges Defendant City Council changed the applied revisions to the zoning for District 13 immediately following a District 13 election where a minority candidate residing on Leslie Glenn faced a non minority incumbent in District 13.

90.  Plaintiff alleges the practices of the City Council to revised district to relocate the streets of candidates running against incumbents is a practice, that has the purpose of or will have the effect of diminishing the ability of any citizens of the United States to elect their preferred candidates of choice (8) conspires to interferes with any right secured within this section.

WHEREFORE, Plaintiff prays for the following relief:

A.  That this Court take jurisdiction over the parties and this cause;

B.  That this Court award Plaintiff money damages against Defendant Defendants City Council, Sikes, Witt, Koberlein, Jefferson, Hill, Sampson.

C.   That this Court award Plaintiff punitive damages against Defendants, to punish the Defendants for the unlawful actions to deter their actions and the actions of others from engaging in the same or similar acts in the future.

D.   That this Court prevent issue injunctive relief to prevent the City Council from condoning, participating, and encouraging this behavior in the future.

E.   That this Court award Plaintiff her recoverable costs.

### COUNT IX - 42 U.S.C. §1985
### CLAIMS AGAINST DEFENDANTS CITY COUNCIL, CCSB, FOREMAN, DOUGLAS, SAMPSON, KOBERLEIN, SIKES, WITT, JEFFERSON, HILL, AGENTS EQUALITY, WARREN, BOWDEN, GEORGE, GAMBLES, CHAMBER, SMITH, ROBINSON, WILLIAMS, WILSON, FINA, LAKE CITY REPORTER, BROWN, SECRETARY

91.   Plaintiff alleges in this action for declaratory relief pursuant to Title 42, United States Code, §1985 against Defendants.

92.   Plaintiff alleges that Defendants (1)Prevented her from from performing duties (2) *conspired to prevent, by force, intimidation, or threat, (3) any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof;*

93. Plaintiff alleges that at the time Defendant Douglas was considered for and Defendants City Council tried to secretly select him on October 13, 2021, Defendant Douglas was an appointed member of an advisory Board of Defendant CCBC Economic Development Board represented by Defendant Foreman who serves as the elected County Attorney to Defendant CCBC.

94. Plaintiff alleges that on October 18, 2021 when Defendant City Council withdrew its selection of Defendant Douglas made via secret ballot, Defendant Douglas made no objection.

95. Defendant City Council selected Plaintiff Coker on a 3 to 1 vote as reflected in the Minutes of the City Council on October 26, 2021. (**Exhibit A**)

96. Plaintiff alleges that on October 28, 2021, Defendants Sampson, Koberlein, and Sikes communicated about preventing Plaintiff from her public office and Defendant Sikes transmitted the communication to Defendants Jefferson, Hill, and Witt outside of Sunshine.

97. Plaintiff alleges to prevent her from being seated Defendants City Council allowed public slander to be aired from the

public meeting on November 1, 2021 from Defendants Warren, George, Gambles, and Bowden which would later be added to defaming statements of Defendant Agents Equality on its social media site all as an act to further intimidate Plaintiff.

98. Plaintiff alleges that upon filing her Oath of Office required under Section 513 of the Code of the City of Lake City on November 1, 2021, she became the appointed District 14 representative for Lake City Council.

99. On November 1, 2021, Defendant City Council did not seat Plaintiff but instead allowed boisterous, slanderous and defaming statements be made by Defendants Bowden, Warren III, and George of claims that Plaintiff was a prostitute, incapable of managing her financial affairs, possessed criminal background and other demeaning characterizations that were each untrue, defaming, and without the requisite.

100. Defendants Agents Equality, Warren, George, Gambles, and Bowden did publish multiple instances of defaming content concerning their "legal advice" to Defendants Council, Witt, Jefferson, Sampson, and Hill to avoid seating Plaintiff at all

costs (**Exhibit E**).

101. Defendant Chamber is the local chamber of commerce organization purportedly committed to serving all businesses in Lake City and Columbia County.

102. Plaintiff alleges that On November 1, 2021, to further intimidate her and interfere with her right to hold public office Defendant Chamber appeared before Defendant City Council represented by Defendant Smith and despite the responsibility of Defendant Chamber to offer unbiased services to all local businesses in Columbia County Defendant Chamber extended support to Defendant Douglas representing "Defendant Douglas was the only candidate that looked like someone who would garner support from the likes of a Amazon CEO Jeff Bezos"

103. Plaintiff alleges immediately following the issuance of the Self-Executing Order on November 8, 2021 by Judge Jackson, the Third Circuit Judicial Court of Columbia County transferred Case No. 21-CA-288 (**Exhibit B**) from Judge Jackson to Defendant Fina while he presided over three cases involving Plaintiff and Defendants Warren, George, and

Gambles.

104. Defendant Lake City Reporter is the local news media present on the night Defendant selected Plaintiff to fill the vacancy and ran an article on October 27, 2021 entitled "Council goes with Coker"

WEDNESDAY, OCTOBER 27, 2021   |   YOUR COMMUNITY NEWSPAPER SINCE 1874   |   $1.00

# Lake City Reporter

LAKECITYREPORTER.COM

## City council goes with Coker

**New meeting leads to new appointment to fill vacant seat.**

**By TONY BRITT**
tbritt@lakecityreporter.com

After five failed votes Tuesday night, the Lake City Council finally has its newest member: Befaithful Coker.

"It's exhilarating," Coker said following the meeting. "I'm ready to get to work."

Appearing to be swept-up by emotion, Coker hugged several people and shook hands with others after her selection became official to fill the vacant District 14 seat on the council. She will be sworn in at the council's next meeting, which is Monday.

She was one of three residents hoping to get appointed to the post — which was vacated when Chris Greene resigned Sept. 9 — along with Ricky Jernigan and Stephen Douglas. Abbie Chasteen, who previously turned in paperwork seeking the post, withdrew from consideration before the meeting.

A constant presence at city meetings over the years, several people noted Coker's willingness to attend meetings and speak on topics that were pertinent to the city, even before she sought election for the post three years ago.

"It's worth it," she said.

"I'm ready to go to work. I've been ready to go to work. Bettye Lane is not an easy woman to follow. Having her that I am following behind, those are huge footsteps. It's a lot of responsibility, but it takes a lot of responsibility and I'm ready."

Coker was selected after city officials were instructed to revisit the meeting from two weeks ago, when

CITY continued on 7A



TONY BRITT/Lake City Reporter
Befaithful Coker (right) stands with her two children, Victoria and Michael, in the council chambers.

## CITY
Continued From 1A

Douglas was selected, but never sworn in.

The second meeting on the appointment came after Coker filed a lawsuit against the council, contending its process to select Douglas was illegal. The lawsuit is still pending.

Douglas was selected after council members, unable to make a motion and reach a consensus on one candidate, went to a ranking system where Douglas came out on top.

In the lawsuit, Coker called the ranking system a "secret ballot" and said she never got to see the rankings.

Tuesday night she had to sit in the audience and watch the drama unfold before she was selected as the District 14 representative.

Council members went one round with each candidate getting a motion and a second to claim the position, but each motion failed because tie. City officials earlier in the meeting said they would select the council member based nomination and majority of votes to claim the post.

City Attorney Fred Koberlein suggested the council suspend the rules, in order to select a candidate.

After a motion for Jernigan failed with a 2-2 tie, a motion for Douglas met the same 2-2 fate.

Then, a motion for Coker was adopted by a 3-1 margin with councilman Todd Sampson casting the dissenting vote. Mayor Stephen Witt, who previously voted against Coker, cast the deciding vote.

"I think Bea is a great person, very qualified and I support her," Witt said

following the meeting. "I think she was my second pick in the original selection and so I think she'll be a fine council person."

Before city officials made their final nomination, there were five rounds where no candidate was selected due to 2-2 voting ties.

"I stopped thinking," Coker said. "It had to play out."

She said she thinks that the lawsuit she filed expressed the significance of legal advice. She was glad to see the council members were open to receiving Koberlein's guidance during Tuesday's meeting.

"They (council) listened to the people," Coker said of the meeting's direction. "The people came out, they spoke and the council heard them. The selection of District 14 (representative) was significant. I think that's what the citizens

spoke to and the council responded.

"We only had four city councilman doing the process, we had very good candidates, they were very qualified and they were very interested in the job," Witt said. "I think it was a good process even though it maybe didn't look as smooth as some people would have liked, but the fact that there was people supporting each one shows the consideration each councilman gave to it."

Witt said he thinks the process to select a District 14 candidate at Tuesday's meeting was a good one.

"It was a compromise," he said. "Everybody didn't get who they wanted, but I think we were fine with any one of the three. I think the city will be well represented and the other thing is this is the year for the election, so everybody can run."

---

TUESDAY, NOVEMBER 2, 2021   |   YOUR COMMUNITY NEWSPAPER SINCE 1874   |   $1.00

# Lake City Reporter

LAKECITYREPORTER.COM

# No seat for Coker either

Council split on her appointment; special meeting set for Monday.

**By TONY BRITT**
tbritt@lakecityreporter.com

The Lake City Council is down to its final strike.

Twice, the council has held special meetings to appoint a District 14 repre-

sentative, only to back out when it came time to swear the candidate in.

Guess what?

Another special city council meeting has been scheduled for 6 p.m. Monday as city officials attempt, for the third time, to fill the vacant council seat.

Monday evening, Befaithful Coker, who was

appointed by the council to serve in the post last week, was set to be sworn in, when city officials attempting to approve the resolution to allow her to serve in the post, had a 2-2 vote, with Jake Hill Jr. and Todd Sampson casting the dissenting votes.

Similarly, Stephen

CITY continued on 6A



TONY BRITT Lake City Reporter
Council member Todd Sampson (from left), City Clerk Audrey Sikes, Mayor Stephen Witt and council member Jake Hill listen to a speaker at the podium during Monday's meeting.

# CITY

*Continued From 1A*

Douglas, was appointed as the District 14 representative last month only to succumb to the same fate when city officials failed to approve the resolution appointing him to the post.

During that meeting, Coker provided council members paperwork indicating she had filed a lawsuit against the council for using a 'secret ballot' in ranking the candidates where she was never allowed to see the ballots. That lawsuit is still pending.

During the public comment session of Monday's meeting, Coker's past was a point of contention as Glenel Bowden, a community activist and former councilman, said Coker had previously been arrested and had filed for bankruptcy in two states. Bowden said he didn't believe she should serve as the District 14 council representative.

Coker, in a statement emailed Monday night, called the meeting a "tragedy" and "total turmoil."

"I have no shame for who I am and make no excuses to blame anyone or anything," Coker wrote. "I am not ashamed of using legal remedies to live, that's what our city needs. People who have



Jefferson

real life experience and respect the laws and aspirations of others within legal boundaries."

Shawn Holmgren, a local resident, said if Coker's past could disqualify her from holding the post, the council should look at everyone's past.

After hearing the information, Hill changed his vote about supporting Coker. The councilman also informed Holmgren that he has never been arrested, but has been involved with a "run-in" with the police.

When councilman Eugene Jefferson made the motion to adopt the resolution for Coker serve as the District 14 representative, there was a noticeable gap in time before Mayor Stephen Witt seconded the motion. Hill, as he had already said he intended to do, and Sampson both cast "No" votes.

However, with city officials attempting to fill the post within 60 days as required by the city charter, the city has scheduled the special meeting Monday with Coker, Stephen Douglas and Ricky Jernigan as the potential District 14 appointees.

Chris Greene resigned

from the District 14 post in early September. Monday is the 60th day since, the final day for the council to fill the vacancy.

Sampson, the city council District 13 representative, said he made the motion to go back and revisit selecting the District 14 representative again and have resolutions to appoint the person at the special meeting because that would streamline the process.

"I think after the resolution didn't pass on Ms. Coker that we needed to start the process again," he said following the meeting. "So, my perspective is we have another meeting and at that meeting have we have the resolutions prepared in advance if that's possible, which they said it was possible, so at that next meeting we can finalize everting in one meeting setting and complete the process.

"It seems like we have a big issue with approving things in a special meeting and then when it comes to a resolution, for whatever reason, we decide we're not going to do it," Sampson continued, noting that he spoke to City Attorney Fred Koberlein and thought the council could vote on the resolution for Douglas. "That resolution was tabled. It was never defeated. To me that could be brought back, but I think from the



Coker

meeting where that got tabled we would have support for that, because three people said 'absolutely not' because they were worried about the lawsuit."

Witt also spoke about the process that has city officials visiting the appointment for a third time.

"I've been saying that I thought it was good process because we were working together, but I think it's very unfortunate for the two that have been nominated and voted on to come up here to be sworn in and for this to happen," he said following the meeting. "I'm not real happy that that's happened and I agree that next time if we do it, we need to put somebody in, but I really feel bad that we've done that to two people and hadn't followed through."

Witt seemed hopeful that the council would be able to select a District 14 representative with its third attempt to appoint someone to the post.

"I hope we can resolve it with decorum and a good process," he said. "I think all three of them will be good and I think they all have good intentions, so hopefully we can finish the process."

105. Plaintiff alleges Defendant Wilson "Our Opinion" on November

18, 2021 in the Lake City Reporter advising Defendant City Council not to seat Plaintiff and accept the consequences was to publicly intimidate Plaintiff and cause public embarrassment and humiliation to Plaintiff (**Exhibit F**).

106. Plaintiff further alleges that the Lake City Reporter had no right to interfere with Plaintiff's right to hold public office and had no right to offer support to Defendant City Council if they chose to delay Plaintiff public office delaying the matter in court until the regularly scheduled election.

107. Plaintiff alleges that on November 1, 2021, instead of conducting the ministerial ceremony Defendant Sikes sat in silence as a Deputy Supervisor knowing the oath she took required her to uphold the Election laws under both the Constitutions of the State of Florida and the United States of America and fulfill her obligation all while the Oath of Office she knew had been placed directly in her hand on the morning of November 8, 2021.

108. Plaintiff alleges that on November 1, 2021, instead of conducting the ceremonial installation as required by the Charter the Defendant Witt sat in silence knowing the oath he

took required him to uphold the rules of the Charter, the Election laws under both the Constitutions of the State of Florida and the United States of America and fulfill his obligation and direct that Plaintiff be seated.

109. Plaintiff alleges tha ton November 1, 2021, instead of conducting the ceremonial installation as required by the Charter the Defendant Jefferson sat in silence knowing the oath he took required him to uphold the rules of the Charter, the Election laws under both the Constitutions of the State of Florida and the United States of America and fulfill his obligation and direct that Plaintiff be seated.

110. Plaintiff alleges that on November 1, 2021, instead of conducting the ceremonial installation as required by the Charter the Defendant Sampson sat in silence knowing the oath he took required him to uphold the rules of the Charter, the Election laws under both the Constitutions of the State of Florida and the United States of America and fulfill his obligation and direct that Plaintiff be seated.

111. Plaintiff alleges that on November 1, 2021, instead of conducting the ceremonial installation as required by the

Charter the Defendant Hill did opined he had changed his mind on selecting Plaintiff "because of her background" without any due process and with disregard for the oath he took required him to uphold the rules of the Charter, the Election laws under both the Constitutions of the State of Florida and the United States of America and fulfill his obligation and direct that Plaintiff be seated.

112. Plaintiff alleges that on November 1, 2021, instead of conducting the ceremonial installation as required by the Charter the Defendant Koberlein sat in silence knowing the oath he took before the Florida Bar required him to advise his clients and to uphold the rules of the Charter, the Election laws under both the Constitutions of the State of Florida and the United States of America and fulfill his obligation and direct that Plaintiff be seated.

113. Plaintiff alleges that on November 1, 2021, Defendants Chamber and Smith did publicly declare the best position for Defendants City Council was to select Defendant Douglas and deny the rights of Plaintiff because she would not appeal to the likes of "a Jeff Bezos" and spruce the local economy

despite Plaintiff having been duly qualified and selected to serve District 14.

114. Plaintiff alleges that Defendants Agents Equality, Bowden, Warren III, and George continued publishing defaming, slanderous, and debased material for public display on social media including Defendant Bowden publishing his committed threat that he would take any and all actions necessary to prevent Plaintiff from being seated with such contemporaneous conviction that members of the public offered to the Lake City Reporter their unfulfilled requests for the publishing of their concern for Bowden's statement.

115. Plaintiff alleges the Self Executing Order gave Defendant City Council a deadline of twenty (20) days to seat Plaintiff or show cause why she should not be seated.

116. Plaintiff alleges that on November 9, 2021 David Fina despite his involvement to all parties to the case was assigned and did replace the sitting Judge who issued the Self-Executing Order in Case No. 2021-288 choosing to withhold his conflict and involvement with all parties to the case denying Plaintiff due process not requiring Defendants City Council to adhere to

the Self-Executing Order.

117. Plaintiff alleges that as of June 2, 2022 have not answered the Self-Executing Order nor has Plaintiff been seated.

118. Plaintiff alleges despite time being of the essence Defendants City Council, Sikes, and Koberlein continued the deprivation to the rights of all citizens and refused to fulfill their Oath of Office and comply with the Self-Executing Order of the Third Judicial Court of Columbia County and seat Plaintiff despite the ongoing financial expense and burden of resources continuing their efforts by having the case reassigned to the same Judge David Fina, who denied Plaintiff a hearing in the Cyberstalking case on Appellate review involving Plaintiff and Defendant Warren III, George, and Gambles.

119. Plaintiff alleges that Defendants Koberlein and City Council was to secure Defendants Robinson to represent the City of Lake City after its deadline knowing Defendant Robinson was the business partner of Defendant Warren III and knowing he served as the Board of Governor representative for the Third Judicial Circuit of Columbia County and had been named in complaints made by Plaintiff to local, state, and federal

officials.

120. Plaintiff alleges the conspired efforts also included Defendant Foreman, filing a Notice of Appearance for Defendant Douglas on a Motion to Intervene in CA-2021-268, to claim his failed appointed to the City Council of Lake City on October 13, 2021 by Secret Ballot afforded him standing to the lawsuit after the deadline imposed on the City to respond.

121. Plaintiff alleges despite Defendant Foreman knowing his firm had represented Plaintiff, and who currently serves as the **elected** Attorney for Columbia County Board of County Commissioners, the appointed attorney for the Town of White Springs managed by Defendant George, Attorney for the Columbia County Supervisor of Elections, and member of the same County Commissioners Economic Development Board under the direct control of the Columbia County Board of County Commissioners that Defendant Douglas.

122. Plaintiff alleges the Motion to Intervene filed by Defendants Foreman and Douglas is a sham pleading and deliberate attempt to create delay and prevent Plaintiff from public office, and inflict intentional emotional duress to the Plaintiff.

123. Plaintiff alleges Florida law provides that a municipality shall not have the power or authority to lessen or reduce requirements as provided by general law. Fla. Stat.166.041(6).

124. Plaintiff alleges Defendants Jefferson, Sampson, Hill, Witt, and Koberlein, Sikes, Robinson, Foreman, Brown, and Lee each took a sworn Oath to uphold the Constitution of Florida and the Constitution of the United States, both of which offer protection to the civil rights and liberties of its citizens.

125. Plaintiff alleges Defendant Williams abuses his position as Columbia Commissioner in sending a support letter on behalf of Defendant Warren and not offering objection to Defendant Foreman's representation of Defendant Douglas.

WHEREFORE, Plaintiff prays for the following relief:

A.   That this Court take jurisdiction over the parties and this cause;

B.   That this Court award Plaintiff money damages against Defendant Defendants City Council, Sikes, Witt, Koberlein, Jefferson, Hill, Sampson.

C.   That this Court award Plaintiff punitive damages against Defendants, to punish the Defendants for the unlawful

actions to deter their actions and the actions of others from engaging in the same or similar acts in the future.

D.     That this Court prevent issue injunctive relief to prevent the City Council from condoning, participating, and encouraging this behavior in the future.

E.     That this Court award Plaintiff her recoverable costs.

### COUNT X - 42 USC §1983 - RIGHT TO SEEK JUSTICE THROUGH THE COURTS CLAIM AGAINST JUDGE DAVID FINA

126. Plaintiff alleges this action for injunctive and declaratory relief pursuant to Title 42, United States Code, §1983, against Defendant Fina for deprivation of her constitutional liberty interest to seek justice through the courts through judges who are impartial and uphold the cannons of their office.

127. Plaintiff alleges (1) the conduct complained of was committed by a person acting under the color of state law; and (2) the conduct deprived the plaintiff of a constitutional right to seek justice through impartial judges upholding their Oath to protect the rights afforded citizens in the State of Florida Constitution and the United States Constitution.

128. Plaintiff alleges Defendant Fina has failed to uphold the

cannons of his Oath of Office in handling cases involving Plaintiff and Defendants Warren, George, Gambles, in cases 2021-173-DV; 2021-174-DV; 2021-175-2021-175.

129. Plaintiff alleges she was denied access to justice and a hearing afforded by Florida Statute 784.0485(4), (5)(b) which reads in part, "*(4)   Upon the filing of the petition, the court shall set a hearing to be held at the earliest possible time. The respondent shall be personally served with a copy of the petition, notice of hearing, and temporary injunction, if any, before the hearing. (5)(b)   Except as provided in s. 90.204, in a hearing ex parte for the purpose of obtaining such ex parte temporary injunction, evidence other than verified pleadings or affidavits may not be used as evidence, unless the respondent appears at the hearing or has received reasonable notice of the hearing. A denial of a petition for an ex parte injunction shall be by written order noting the legal grounds for denial. If the only ground for denial is no appearance of an immediate and present danger of stalking, the court shall set a full hearing on the petition for injunction with notice at the earliest possible time. This paragraph does not affect a petitioner's right to*

*promptly amend any petition, or otherwise be heard in person on any petition consistent with the Florida Rules of Civil Procedure.*

130. Plaintiff and Defendants City Council and Sikes are parties to the action in the Third Circuit Judicial Court of Columbia County in Case number 2021CA-288 the docket reveals indiscretions to the records for which Judge Jackson issued an Alternative Order of Rule Nsi and Prohibition (the "Order") requiring that Plaintiff be seated as selected by Defendant City Council within twenty days of the Order prohibiting further consideration to the vacancy in District 14 of Lake City Council.

131. Plaintiff alleges Defendant Fina deliberately averted his cannons and refused to enforce the Order or require Defendant City Council to comply with the Order in direct contradiction of his Oath of Office and n furtherance of the conspired efforts of Defendants to delay Plaintiff from being seated on the City Council as she was appointed on October 26, 2021.

132. Plaintiff alleges that Defendant Fina refused to Stay proceedings pending review of the First District Court of Appeals from February 2022, to May 2022 causing irreparable harm to Plaintiff attempts to seek justice and campaign simultaneously.

133. Plaintiff alleges that Defendant Fina caused concerns for the

integrity of the docket of the cases ordering consolidation and closure, reopening, all while the case was before the First District Court of Appeals for review.

12/09/2021

NOTE TO DOCKET for CLARIFICATION: This office received Judge Fina's Order to Show Cause (Docket Entry Line #35) dated December 02, 2021 on December 06, 2021 via U.S. Mail from the Suwannee County Clerk of Court's Office. Upon receipt, this office noticed that Suwannee County had originally timed the Order into their office on December 02, 2021 at 3:11 p.m. However, this date and time was removed by that office using white-out before placing the Order in the mail to Columbia County. Also upon receipt of the Order, this office noticed that the Certificate of Service had been left completely blank. Because this Order was not received through the e-portal, we were not able to return the order back to the correction que for attention. The Certificate of Service on this Order was then erroneously completed by the the Columbia County Clerk's Office. Because the Order appeared to be time-sensitive (and because the Cert. of Service was blank), the deputy clerk attempted to indicate in the Certificate of Service that the copies would need to be or must have already been furnished by the attorneys since since the JA had not signed-off on the Certificate of Service, and because copies and envelopes were not provided to this office for distribution. This Clerk's Office does not know if or when copies of the Order were distributed. S.A.M / S.W.H.

134. Plaintiff alleges that the extended delay to the Defendant allowing a hearing was deliberately assessed to strain the financial resources of Plaintiff to limit the availability of legal representation disregarding the deadline of November 29, 2021the hearing was scheduled delayed the hearing until February 2, 2022, and then only used to hear motions filed well after the deadline addressing no contempt issues.



**Lake City City Council appoints only woman candidate to fill District 14 seat after five failed motions**



"There are times where you must slow down and you have a lawyer for a reason," Coker said.

Abbie Chasteen pulled her name out of the running.

At the meeting the council reevaluated three candidates and residents spoke on Ricky Jernigan and Coker's behalf.

One resident explained that the council has too many men and needs a female's point of view.

Councilman Todd Sampson motioned to appoint Douglas twice and it failed both times.

"We have a $60 million budget to run," Sampson said. "Who will be the best person to help us make long term decisions for the city."

Jefferson and Hill said Jernigan and Coker are present at most council meetings unlike Douglas.

They both voted for the candidates but Stephen Witt was the swing vote in the motion for Coker.

After a not so smooth process, he said it may be time to revisit the charter.

"We've had the charter for many years and then something comes up like this and that just opens a door to go hey... we probably ought to look at it," Witt said. "I agree with Mr. Sampson, it's a bad way to do it."

Coker said she enjoys working with young people and she also helps people start their small businesses.

"We brought young people into council meetings to mentor," Coker said. "We've provided summer camps."

She also said communication between the council and residents needs to be a two-way street.

"The council's going to have to do a better job of understanding what the needs in the community are but citizens as well are going to have to open their mouths," Coker added. "It was a very long process getting here. 12 years of working for citizens in Lake City I've ran for this position once and I've served, addressed council at least once per month. So, it feels like I've been home, just sitting at a different table. Now I can sit at that table."

She will be sworn in on Monday and plans on running for t

Copyright 2021 WCJB. All rights reserved. Click here to subsc

135. Defendant Foreman knew he held a conflict as counsel to Columbia County Board of County Commission, counsel to the Columbia County Supervisor of Elections, counsel to the Town of White Springs with Defendant George, and that his firm had formerly represented Plaintiff, and knew that Defendant Douglas held no legitimate claim to being appointed to the City Council either from October 13, 2021 or October 26, 2021.

136. Plaintiff alleges that Defendants Sikes, Supervisor of Election, Wilson, and Lake City Reporter continue to conspire blatantly

disregarding the Self-Executing Order and its prohibition to consider a candidate for District 14 to the City Council other than Plaintiff and have allowed, or announced and accepted candidate to fill what they continue to classify as a"vacant position in District 14"

---

**CITY OF LAKE CITY, COUNCIL MEMBER
SEATS UP FOR ELECTION**

City Council District #10          Incumbent:  Eugene Jefferson

City Council District #14          Incumbent:

In accordance with *City Charter Section 301(b)* : Only qualified voters who have resided in the city for a minimum of one (1) year prior to qualifying as a candidate for election to a seat on the city council, and are eighteen (18) years of age or older, shall be eligible to hold office, and all council members, except the mayor, shall have resided in the district which they represent at least one (1) year prior to the time they qualify for office.

(4 year terms – no term limits – nonpartisan – member takes office at the first scheduled council meeting following the immediate preceding November State General Election)

Districts are identified in the *City Charter Section 301(c)* .



Dear Candidate,

Congratulations on your decision to run for public office.

The 2022 City of Lake City Candidate Handbook is compiled for candidate review and reference and designed to supplement the Florida Department of State Division of Elections Candidate and Campaign Treasurer Handbook, as well as Florida Statute Chapters 99, 104, and 106. This publication is not intended to provide all the information a candidate needs.

It is important for candidates to familiarize themselves with Florida Election Laws, the City Charter, and City Ordinances. Understanding the election process is the responsibility of the candidate. A thorough review of this handbook provides valuable information on election laws, local regulations, requirements and deadlines.

The election process comes with great commitment. Navigating the numerous governing documents can be daunting. Should any uncertainty arise please contact the City Clerk's Office before acting.

Thank you for participating in the electoral process. The City Clerk's Office wishes you a successful campaign.

Sincerely,

Audrey E. Sikes
City Clerk, MMC

WHEREFORE, Plaintiff prays for the following relief:

A.     That this Court take jurisdiction over the parties and this cause;

B.     That this Court award Plaintiff money damages against Defendants

C.     That this Court award Plaintiff punitive damages against Defendants, to punish the Defendants for his unlawful actions and to deter Defendants and others from engaging in the same or similar acts in the future.

D.     That this Court award Plaintiff her recoverable costs.

## COUNT XI - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS SIKES, WITT, HILL, JEFFERSON, SAMPSON, KOBERLEIN, AGENTS EQUALITY, WARREN, GAMBLES, GEORGE, & BOWDEN

137. Plaintiff alleges in this action for declaratory relief against the Defendants for Intentional Infliction of Emotional Distress.

138. Plaintiff alleges that the conduct of the Defendants was (1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe.

139. Plaintiff alleges that the Defendant City Council has a policy that provides for the standards of acceptable decorum of a meeting to prevent allowing intimidate, boisterous, and loud comments to be made by citizens against those speaking.

140. Plaintiff alleges that the Defendants Witt, Jefferson, Sikes, Hill, Sampson, and Koberlein each have taken sworn oaths to uphold the Charter of the City of Lake City, the Florida State Constitution, and the United States Constitution.

141. Plaintiff alleges that on February 1, 2021 the Defendants George and Warren did repeatedly harass, intimidate, yell, and make boisterous comments to her minor child while the minor child provided public comments from the podium and that such outrageous conduct was intended by the Defendant to intimidate and deter the minor child from speaking, and did cause the minor child to leave the podium in tears.

142. Plaintiff alleges while Defendants George and Warren yelled at her minor child from the podium while giving public comments, Defendants Witt, Sampson, Jefferson, Hill, Sikes, and Koberlein sat in silence from the diocese making no objections and no request for the policy of the Lake City City Council to be enforced and that such conduct was deliberate and reckless and inflicted mental suffering and directly causing severe emotional of Plaintiff's minor child and subsequently the Plaintiff.

143. Plaintiff alleges that between February and November, 2021 the Defendants George, Warren, Bowden, Gambles, and

Agents Equality did deliberately and recklessly inflict mental suffering on Plaintiff when it made multiple public posts to an audience of followers on social media, the home address and encouraging public citizens to treat the minor children of the Plaintiff as adults to cause Plaintiff to fear for the safety of her minor children and that such fear was severely emotionally distressful.

144. Plaintiff alleges that the Defendants Warren, Bowden, Gambles, George, and Agents Equality did public defame Plaintiff, make false accusations about who the parents of her minor children were, make false accusations about criminal activity and conduct of the Plaintiff on a platform used by Plaintiff and her minor children knowing it was malicious, untrue and reckless with the sole intent of inflicting mental suffering and humiliation on Plaintiff.

145. Plaintiff alleges that on November 1, 2021 her minor children, friends and family sat in the audience to witness the Defendants City of Lake City, Witt, Hill, Sampson, Jefferson, Sikes, and Koberlein perform their ministerial duty and complete the ceremony for Plaintiff to be seated as approved on October 26, 2021 in a three to one vote of the Defendant City Council but instead without objection allowed the outrageous conduct of  Defendants Warren, Bowden, and George were allowed to deliberately and recklessly defame the Plaintiff in the presence of her minor children, friends, and

family while being broadcast live on social media by Defendant City Council to cause severe emotional distress.

146. Plaintiff alleges that on November 8, 2021, instead of Defendants City Council, Witt, Jefferson, Hill, Sikes, Sampson, and Koberlein announcing or complying with the Self-Executing Order issued from the Third Judicial Court to seat Plaintiff in the diocese, and without objection, allowed the severe, deliberate, an reckless conduct of the the Defendants Warren, Bowden, and George and publicly defame, humiliate, ridicule the Plaintiff in the presence of her minor children, friends, and family yet again while being broadcast live on social media by Defendant City Council with the sole intent of causing severe emotional distress to the Plaintiff.

147. Plaintiff alleges that the Defendant City Council has continuously listed and announced her name on its agenda when the names of others in litigation with the Defendant City Council are withheld to provide confidentiality and continually disregarded hers and other requests from citizens that it enforce its rules on decorum but refuses to allow the severe conduct of reckless and malicious intimidated to be employed  by the Defendants Warren, Bowden, and George that has gone so far as to aggressive screaming at citizens at the meetings.

148. Plaintiff alleges that Defendants Wilson and Lake City Reporter displayed severe and deliberate conduct that was

outrageous and reckless on November 18, 2021 when it ran "Our Opinion" advising the Defendant City Council not to seat Plaintiff and accept the consequences of doing so, alleging the damage seating Plaintiff would cause the City of Lake City, with the sole intent of humiliating and causing severe emotional distress to the Plaintiff knowing the article would be seen by Plaintiff's minor children, friends, and family, the teachers of the Plaintiffs minor children, the organizations where Plaintiff volunteered in the community, the places where Plaintiff worshiped, the constituents of district 14, and knowing Plaintiff would be harmed in any future attempts to seek public office and severely distressed.

149. The Defendants acted intentionally, maliciously and with complete disregard for the Plaintiff constitutional and state law rights and knew or should have known that their deliberate and severe conduct would cause Plaintiff extreme emotional distress for her minor children to feel unsafe and discontinue attending public meetings, or school as a result of their malicious conduct.

150. The Plaintiff alleges her suffering results from the deliberate actions of the Defendants and that Plaintiff's harm is the direct and proximate result of Defendant's outrageous conduct, Plaintiff has suffered severe emotional distress and ongoing physical and psychological injuries.

151. The emotional distress suffered by Plaintiff is unusually extreme and severe and is a direct and intended consequence of the intentional and outrageous conduct of the Defendant.

WHEREFORE, Plaintiff prays for the following relief:

A.    That this Court take jurisdiction over the parties and this cause;

B.    That this Court award Plaintiff money damages against Defendants;

C.    That this Court award Plaintiff punitive damages against Defendants, to punish the Defendants for unlawful actions and to deter Defendants and others from engaging in the same or similar acts in the future.

D.    That this Court award Plaintiff recoverable costs.

E.    That this Court award Plaintiff all other relief in law and in equity to which she may be entitled.

### DAMAGES AND FEES

152. Plaintiff has suffered damages as a direct result of the Defendants' policies, practices and actions.

153. Plaintiff damages consist of infringement upon her constitutional rights and the loss of the companionship of her

natural child, as well as monetary losses, including expenses associated with protecting her constitutional rights and civil liberties, lost earnings and earning potential and interference with her education.

154. This Court is authorized to award damages for violation of Plaintiff constitutional rights under 42 U.S.C. §1983.

155. This Court is authorized to award attorneys to represent Plaintiff in this action and has agreed to pay them a reasonable fee, which fee the Defendants must pay pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for the following relief:

A.     That this Court take jurisdiction over the parties and this cause

B.     That this Court award Plaintiff money damages against Defendants for intentional interference with her custodial rights.

C.     That this Court award Plaintiff punitive damages against Defendants to punish the Defendants for unlawful actions and to deter Defendants and others from engaging in the same or similar acts in the future.

D.     That this Court award Plaintiff her recoverable costs.

E.    That this Court award Plaintiff all other relief in law and in equity to which she may be entitled.

## Plaintiff DEMAND A TRIAL BY JURY

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any change to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

June 7, 2022

Befaithful Coker, Pro Se
Po Box 15 - Lake City, Florida
32056
386.697.6075
Befaithfulcoker@gmail.com

## __Exhibits__

A.    October 26, 2021 Minutes of Lake City Council Meeting
B.    Self-Executing Order dated November 8 2021
C.    Support Letters
D.    Liaison Email
E.    Legal Advice of Defendant Warren
F.    Lake City Reporter Article

UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BEFAITHFUL COKER

      Plaintiff,               CASE NO.3:22-cv-518-MMH-LLL

vs.

**SYLVESTER WARREN, III Et. al**

**CERTIFICATE OF EMERGENCY**

I hereby certify  that, I have carefully examined this matter and it is a true emergency because it impacts matters of grave concern that if continued to be delayed will cause irreparable harm to the Plaintiff and citizens of Lake City, FL specifically those in District 14 in an election process.

I further certify that the necessity for this emergency hearing has not been caused by a lack of due diligence on my part, but has been  brought about  only by the circumstances of this case.   The issues presented by this matter have not been submitted to the Judge assigned to this  case or any other Judge or Magistrate Judge of the Southern District of Florida prior hereto.

I further certify that I have made a bona fide effort to resolve this matter without the necessity of emergency action.

Dated  this 7th day of June, 2022.

Signature: _____

Befaithful Coker, ProSe
PO Box 15
Lake City, FL 32056
befaithfulcoker@gmail.com
386.697.6075