UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BEFAITHFUL COKER

CASE NO.: 3:22-cv-518-MMH-LLL

Plaintiff,

v.

SYLVESTER WARREN, III; et. al.

Defendants.
_____________________________ /

**DEFENDANT KRIS BRADSHAW ROBINSON'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant, KRIS BRADSHAW ROBINSON, by and through the undersigned, hereby moves, pursuant to Rule 12(b)(6), Fed. R. Civ. Pro., to dismiss this case against him for Plaintiff's failure to state a claim upon which relief can be granted. The basis for this motion is that the Third Amended Complaint fails to meet even the liberal pleading requirements of Rule 8(a), Fed. R. Civ. Pro., and liberality provided to pro se litigants. In her Third Amended Complaint, the Plaintiff has again presented the Court with an impermissible "shotgun pleading," not unlike the initial Complaint dismissed by this Court. *Befaithful Coker v. Sylvester Warren, III,* 2022 U.S. Dist. LEXIS 87924 (M.D. Fl., May 16, 2022) (Order).

In the dismissal Order, the Court noted that the Complaint spanned "92 pages with 224 separate paragraphs and 20 additional pages of exhibits." *5.

Plaintiff's Third Amended Complaint spans 75 pages (Doc. #10) and 155 paragraphs, along with 23 additional pages of exhibits.

In the dismissal Order, the Court noted that the Complaint included 11 separate counts and named 26 Defendants, "some of whom appear to have only exceedingly tangential connections to the case." *Id.* at *6-7. The Third Amended Complaint still includes 11 counts and names 24 Defendants. The Third Amended Complaint establishes on its face that there still remains an "exceedingly tangential connection to this case" by many of the Defendants, including the movant.

As this Court held in its previous Order, "this kitchen-sink manner of pleading, as with all types of shotgun pleadings," fails "to give the Defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id* at *6. The Third Amended Complaint suffers from the same defects.

The only allegations in the Third Amended Complaint against Defendant Kris Bradshaw Robinson appear in count IX – a claim asserted under 42 U.S.C. § 1985 (Doc. #10, p. 46, et seq.).

The first reference to movant is at paragraph 119 in Count IX, where Plaintiff alleges that Defendants Koberlein and City Council hired him to represent the City of Lake City. At paragraph 124, Plaintiff alleges that movant, along with others, "each took a sworn Oath to uphold the Constitution of Florida and the

Constitution of the United States, both of which offer protection to the civil rights and liberties of its citizens."

The elements necessary to prove a violation of § 1985 are:

> In order to recover under § 1985(3), Plaintiff must allege and prove (1) a conspiracy; (2) for the purpose of depriving, directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; (3) an overt act in furtherance of the object of the conspiracy; and (4) that the plaintiff was injured in his person or property or was deprived of having and exercising any right or privilege of a United States citizen. *Byrd v. Clark,* 783 F.2d 1002, 1007 (11th Cir. 1986). The essence of a conspiracy is an agreement between two or more parties to engage in some act or further some purpose. To establish an actionable conspiracy under § 1985, it is necessary to demonstrate a "meeting of the minds" on the part of the defendants and the alleged co-conspirators to violate the plaintiff's civil rights. *Caldeira v. County of Kauai,* 866 F. 2d 1175, 1181 (9th Cir. 1989).

*Harmon v. Orlando Florida Sentinel,* 1991 U.S. Dist. LEXIS 14329, *8 (M.D. Fla. 1991).

With regard to Kris Bradshaw Robinson, there are no allegations which support the elements necessary to state a cause of action pursuant to § 1985. Nothing in Plaintiff's Complaint alleges any "meeting of the minds" between him and any other co-conspirator, or any allegation that he conspired to violate a civil right of the Plaintiff.

WHEREFORE, because Plaintiff's Third Amended Complaint is an impermissible shotgun pleading, and because it alleges no facts sufficient to

support a § 1985 claim against Kris Bradshaw Robinson, Plaintiff's Complaint should be dismissed.

**Local Rule 3.01(g) Certification**

The undersigned emailed Plaintiff to inquire regarding her agreement or opposition. As of the time of filing, no response has been received. This motion will be supplemented pursuant to the Rule.

Respectfully submitted this 6th day of July 2022.

ROBINSON KENNON & KENDRON, P.A.

/s/ Jennifer C. Biewend
Jennifer C. Biewend, FBN: 0877441
ROBINSON, KENNON & KENDRON, P.A.
582 W. Duval Street
Lake City, FL 32056-1178
Tel: 386-755-1334/ Fax: 386-755-1336

**CERTIFICATE OF SERVICE**

I CERTIFY that the foregoing pleading is served by filing with the Clerk of Court for service through the Court's CM/ECF system on all parties who have appeared in this case.

/s/ Jennifer C. Biewend
Jennifer C. Biewend