IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BEFAITHFUL COKER,

Plaintiff, Case No. 3:22-cv-518-MMH-LLL

vs.

SYLVESTER WARREN, III, et al.

Defendants.

---

**DEFENDANTS, LAKE CITY COLUMBIA COUNTY CHAMBER OF COMMERCE AND STEVE SMITH'S MOTION TO DISMISS**

Defendants Lake City, Columbia County Chamber of Commerce and Steve Smith (hereinafter collectively referred to as the "Chamber of Commerce") move pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss the Third Amended and Restated Complaint (the "Third Amended Complaint") (Doc. 10) for failure to state a claim on which relief can be granted, and state as follows:

The Third Amended Complaint should be dismissed as to the Chamber of Commerce because it fails to meet the pleading requirements of Rule 8(a), Fed. R. Civ. P., and the liberality provided to pro se litigants such as Plaintiff Befaithful Coker.

On or about May 16, 2022, this Court sua sponte issued an order regarding Ms. Coker's Amended Complaint, and held that such pleading was "improperly drafted and due to be stricken." (Doc. 5, pg. 1) Moreover, the Court referenced that this shotgun style of pleading, "fails 'to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" (Doc. 5, pg. 6, *citing Tran v. City of Holmes Beach*, 817 F. App'x 911, 913 (11th Cir. 2020)

Although Ms. Coker's Third Amended Complaint is over seventy (70) pages in length with 155 paragraphs, it fails to remedy the concerns expressed by the Court in its earlier order, especially as to the Defendants with a tangential connection to the case. The Chamber of Commerce is one of the marginalized Defendants, and is only mentioned in three (3) substantive paragraphs in the Third Amended Complaint. Specifically, paragraphs 101, 102 and 113 which state:

> 101. Defendant Chamber is the local chamber of commerce organization purportedly committed to serving all businesses in Lake City and Columbia County.
>
> 102. Plaintiff alleges that On November 1, 2021, to further intimidate her and interfere with her right to hold public office Defendant Chamber appeared before Defendant City Council represented by Defendant Smith and despite the responsibility of Defendant Chamber to offer unbiased services to all local

> businesses in Columbia County Defendant Chamber extended support to Defendant Douglas representing "Defendant Douglas was the only candidate that looked like someone who would garner support from the likes of a Amazon CEO Jeff Bazos"
>
> 113. Plaintiff alleges that on November 1, 2021, Defendants Chamber and Smith did publicly declare the best position for Defendants City Council was to select Defendant Douglas and deny rights of Plaintiff because she would not appeal to the likes of "a Jeff Bezos" and spruce the local economy despite Plaintiff having been duly qualified and selected to serve District 14.

(Doc. 10, pgs. 49, 55-56).

These allegations fail to state a cause of action against the Chamber of Commerce as "[t]he essence of a conspiracy is an agreement between two or more parties to engage in some act or furtherer some purpose. To establish an actionable conspiracy under Section 1985, it is necessary to demonstrate a 'meeting of the minds' on the part of the defendants and the alleged co-conspirators to violate the plaintiff's civil rights." *Harmon v. Orlando Florida Sentinel*, 1991 U.S. Dist. LEXIS, 8 (M.D. Fla. 1991) *citing Caldeira v. County of Kauai*, 866 F.2d 1175, 1181 (9th Cir. 1989). Ms. Coker fails to allege any type of agreement or communication between the Chamber and the other Defendants that would constitute a meeting of the minds.

In fact, the only communication referenced in the Third Amended Complaint between the Chamber of Commerce and any of the other Defendants involves the public statement made by Steve Smith. At worst, such a statement is nothing more than an endorsement that is not actionable. This is supported by the decision in *Harmon* whereby the court held the mere possibility that statements made influenced decision makers does not convert communications into a conspiracy. *Harmon*, at 10. As such, the Third Amended Complaint is patently defective on its face to the extent Ms. Coker is relying on the limited communication referenced in paragraphs 102 and 113, or it is so vague that it fails to provide the Chamber of Commerce with adequate notice of the communication that is basis of the claim being asserted. Regardless, the Third Amended Complaint should be dismissed.

Additionally, Ms. Coker's Third Amended Complaint should be dismissed as to the Chamber of Commerce because Ms. Coker fails to identify the relief requested against the Chamber of Commerce in Count IX. The "WHEREFORE" clause at the conclusion of Count IX fails to even mention the Chamber of Commerce. Again, the Chamber of Commerce is unable to adequately respond to the Third Amended Complaint if it fails to identify the type of relief Ms. Coker is seeking.

WHEREFORE, the Chamber of Commerce respectfully requests this Court enter an Order dismissing the Third Amended Complaint because it is vague and fails to set forth sufficient facts to support a Section 1985 claim against the Chamber of Commerce.

Dated: July 8, 2022

Respectfully submitted,

*/s/ Robert B. George*

Robert B. George, Esq.
Florida Bar No. 108995
THE LILES FIRM, P.A.
50 North Laura Street, Suite 1200
Jacksonville, Florida 32202
Telephone: (904) 634-1100
Facsimile: (904) 634-1234
Email: rgeorge@thelilesfirm.com
aperry@thelilesfirm.com

*Counsel for Defendants Lake City, Columbia County Chamber of Commerce and Steve Smith*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed using the CM/ECF system, which will automatically provide notice to all attorneys of record by electronic means this 8th day of July, 2022.

*/s/ Robert B. George*
Attorney