UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BEFAITHFUL COKER, Case No.: 3:22-cv-518-MMH-LLL

Plaintiff,

v.

SLYVESTER WARREN, III, ET AL.,

Defendants.
_________________________________/

**DEFENDANT TOMI BROWN'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT, OR IN THE ALTERNATIVE, QUASH SERVICE**

Defendant TOMI BROWN, (hereinafter referred to as "Defendant Brown"), moves, pursuant to Rules 12(b)(1), 12(b)(4), and 12(b)(6) of the Federal Rules of Civil Procedure, and Rule 3.01 of the Local Rules for the United States District Court of Middle District of Florida, to dismiss the Third Amended and Restated Complaint and Demand for Jury Trial (hereinafter the "Third Amended Complaint"). (ECF 10.) Defendant Brown in support thereof states the following:

Defendant Brown seeks the dismissal of this Case, pursuant to Rules 12(b)(1),

12(b)(4), and (12)(6), against her due to Plaintiff's failure to establish subject matter jurisdiction, sufficient service of process and state a claim against Defendant Brown upon which relief can be granted. The Third Amended Complaint does not contain grounds demonstrating Plaintiff has standing to bring forth claims under the Voting Rights Act and 42 U.S.C. § 1985 against Defendant Brown. Further, Defendant Brown has not been properly served the Third Amended Complaint. The Third Amended Complaint runs afoul of the liberal pleading requirements imposed by Rule 8(a) of the Federal Rules of Civil Procedure, even in light of the liberality extended to pro se litigants. Defendant Brown is unable to ascertain Plaintiff's claims against her nor can she ascertain the relief requested. As such, Defendant Brown is unable to prepare a responsive pleading to Plaintiff's seventy-five (75) page shotgun pleading.

## PRELIMINARY STATEMENT

Plaintiff filed a pro se Complaint and Demand for Jury Trial on May 6, 2022, naming twenty-six (26) defendants, including Defendant Brown. (ECF 1.) She then filed the Amended and Restated Complaint and Demand for Jury Trial on May 10, 2022. (ECF 3.) This Court sua sponte issued an order striking the

improperly drafted Amended Complaint and provided Plaintiff with the opportunity to file a second amended complaint. (ECF 5.)

In its Order, the Court held "the Amended Complaint embodies the second most-common form of shotgun pleading in that it is 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." (ECF 5, Pg. 6.) Further, this Court noted that the "over-abundance of extraneous details," and inclusion of eleven separate counts against twenty-six different Defendants, "some of whom appear to have only exceedingly tangential connections to this case," fails to give the named Defendants "notice of the claims alleged against them and grounds upon which each claim rests.''" (ECF 5, Pg. 6.) On June 2, 2022, Plaintiff file the Second Amended Complaint (ECF 8.) Upon information and belief, Plaintiff filed the Third Amended Complaint without seeking leave of court or written consent from her opposing parties on June 7, 2022. (ECF 11.)

## STANDARD OF REVIEW

Federal courts should "presume that [they] lack jurisdiction unless the contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316 (1991).

To survive a motion to dismiss under Rule 12(b)(1), a plaintiff bears the burden of establishing the court's jurisdiction through sufficient allegations. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). For challenges brought under Rule 12(b)(1), the court may refer to evidence outside the pleadings, such as documents or affidavits, without converting the motion to one for summary judgment. *All. For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n.8 (2d Cir. 2006). To survive a motion to dismiss under Rule 12(b)(4), a plaintiff bears the burden to establish proper service once challenged by defendant. *See, e.g., Polskie Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968 (11th Cir. 1986). Pursuant to Rule 4, a plaintiff must serve the defendant with a summons and the complaint no later than 120 days after filing the complaint, and in accordance with the methods prescribed under Rule 4. *D.G.H. Props., LLC v. Ginn Co., LLC*, No. 3:09-CV-735-J-34JRK, 2010 WL 11515292, at *3 (M.D. Fla. Sept. 28, 2010).

Further, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The pleader does not need to include detailed factual allegations in the complaint to survive a

motion to dismiss but they must do more than merely invoke labels, conclusions and the formulaic elements of a cause of action. *Id.* at 555. For a claim to be plausible on its face, the plaintiff must plead factual content from which the trial court can draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all factual allegations contained within the four corners of the complaint, including attached exhibits, as true and construe them in the light most favorable to the non-moving party. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003); *Christopher v. Harbury*, 536 U.S. 403 (2002); *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The court must not dismiss a complaint on Rule 12(b)(6) grounds "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank of Fla.*, 129 F.3d 1186, 1189 (11th Cir. 1997) (citing *Pataula Elec. Membership Corp. v. Whitworth*, 951 F.2d 1238, 1240 (11th Cir. 1992).

## MEMORANDUM OF LAW

I. Plaintiff Lacks Standing to Maintain this Action.

The standing doctrine, an essential aspect of the Article III case-or-controversy requirement, mandates that a plaintiff have a "personal stake in the outcome of the controversy [so] as to warrant [their] invocation of federal court jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The purpose of this doctrine is to limit "the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (Fla. 2016). The United States Supreme Court established a three-part test for determining the existence of standing holding a plaintiff has standing if they show (1) that they have suffered an injury-in fact that is (2) traceable to the defendant and that (3) can likely be redressed by a favorable ruling. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). These elements are conjunctive; thus, failure to establish any of the three deprives the plaintiff of standing to maintain an action in federal court. *Dickerson v. Feldman*, 426 F. Supp. 2d 130, 134 (S.D.N.Y. 2006).

To establish standing in the pleading stage, a plaintiff "must 'clearly . . . alleged facts demonstrating' each element." *Spokeo*, 578 U.S. at 338. Injury in fact is established by a showing that a plaintiff suffered an invasion of a legally protected interest that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' *Id.* at 339. Further, to establish traceability, a plaintiff "need not show that defendant's actions are the very last step in chain of causation, and even harms that flow indirectly from action in question can be said to be fairly traceable to that action." *League of Women Voters of Fla., Inc. v. Lee*, 566 F. Supp. 3d 1238, 1252 (N.D. Fla. 2021). A plaintiff only needs to demonstrate "a substantial likelihood of causation." *Id.* To establish redressability, a plaintiff must show that the judicial system can provide relief for the claims alleged. *See Lujuan*, 504 U.S. at 569-70.

In the instant case, Plaintiff has not met her burden to establish standing for either of her claims; therefore, this Court lacks subject matter jurisdiction to hear both claims against Defendant Brown. In the Third Amended Complaint, Plaintiff asserts two claims against Defendant Brown, Count VII, a claim brought under the Voting Rights Act, and Count IX, a claim brought under 42 U.S.C. § 1985. (ECF

10.) Plaintiff does not identify the "invasion of a legally protected interest," that can be traced to Defendant Brown and may be redressed by this Court.

Plaintiff is unable to establish standing. The Third Amended Complaint contains vague and speculative allegations regarding the actions or inactions of Defendant Brown. The Third Amended Complaint is devoid of allegations demonstrating a concrete and particularized injury as to Plaintiff. As to Count VII, Plaintiff alleges Lake City's qualifying fee for political candidates places an undue burden on "black minority candidates" and "black candidates and more specifically female candidates." (ECF 10, ¶¶ 80, 82.) She further alleges that the qualifying fee "deprived or attempt [sic] to deprive the Plaintiff or a right secured by 10301, 10302, 10303, 10304, or 10306 of this title or shall violate section 10307(a) of this title causing under burden on candidates in violation of Florida Statutes and the United States." (ECF 10, ¶ 86.) There are no allegations concerning any undue burdens imposed by Defendant Brown. At most, Plaintiff has established an injury in fact as to the Lake City Defendants, not Defendant Brown.

Further, as to Count IX, Plaintiff alleges her injuries stem from alleged continued delays concerning filling the City of Lake City's City Council's District

14 seat vacancy. Specifically, Plaintiff alleges all named Defendants "conspired to fill a vacancy in the composition of the City Council through secret ballot announced and used Plaintiffs request for consideration for vacancy of District 14 as a reason to deny a pending application to the Planning and Zoning Board from one year after its application as a reason for the denial." (ECF 10, ¶ 12.) Plaintiff speculates Defendant Brown conspired against her by "disregarding the Self-Executing Order." (ECF 10, ¶ 136.) The "Self-Executing Order" referenced by Plaintiff is an "Alternative Writ in Mandamus, and Order Nisi in Prohibition" issued by the Circuit Court of the Third Judicial Circuit in and for Columbia County, Florida, in a matter brought by Plaintiff against the City Council of Lake City, Florida, and City Clerk of Lake City, Audrey Sikes, not Defendant Brown. (*See* ECF 10-1.)

Plaintiff alleges injuries that are too speculative to demonstrate a necessary injury-in-fact stemming from the actions of Defendant Brown. Plaintiff does not identify a deprivation of a legally protected interest. As to Count VII, Plaintiff fails to identify a right under the Voting Rights Act deprived by Defendant Brown. Plaintiff's allegations vaguely speculate that Lake City's qualifying fee places an

undue burden for the identified members of a protected class despite the fact that Section 99.093, Florida Statutes, explicitly provides that the same can be waived if a candidate is unable to pay the fee:

> (2) Any person seeking to qualify for nomination or election to a municipal office who is unable to pay the election assessment without imposing an undue burden on personal resources or on resources otherwise available to him or her shall, upon written certification of such inability given under oath to the qualifying officer, be exempt from paying the election assessment.

Further, pursuant to the Code of Lake City candidates need not pay the qualifying fee if they qualify pursuant to the petition process:

> Alternatively, in lieu of paying a qualifying fee, a person seeking to qualify as a candidate for nomination or election for any of the designated seats of the city council to be filled, including the office of mayor-councilmember, may qualify to have his or her name placed on the ballot by means of a petitioning process which would require a candidate for election to the respective council seat in the district that he or she seeks to obtain signatures on a petition of at least five percent of the total number of registered voters residing in such district, or with respect to a candidate for election to the office of mayor-councilmember, to obtain the signatures on a petition of at least five percent of the total number of registered voters in the city, as shown by the records of the supervisor of elections of Columbia County for the last preceding city election.

City of Lake City, Fla., Code §508 (2021). As noted in Section 508, Defendant Brown's sole role in qualifying candidates for City Council is limited to the petition process. Plaintiff does not allege any deficiencies concerning Defendant Brown's limited role. Her allegations, at most, give rise to an injury in fact as it pertains to the Lake City Defendants.

Assuming Plaintiff alleged an injury-in-fact, she still fails to establish a causal nexus between Defendant Brown's alleged actions, or inactions, and the injury. As noted in Section 508, Defendant Brown's sole role in qualifying candidates for city council, or other local city elections, is limited to a review of signatures under the petition process, an alternative to the qualifying fee. Plaintiff fails to identify a conspiracy to violate her constitutional rights caused by Defendant Brown. She does not plead any allegations establishing a conspiracy between Defendant Brown and the other named Defendants, nor does she plead any allegations identifying an injury in fact, as it pertains to Defendant Brown. Accepting all allegations as true, it remains unclear what actions of Defendant Brown, if any, caused Plaintiff's alleged injury in fact. Lastly, Defendant Brown is unable to ascertain the relief sought by Plaintiff in the Third Amended Complaint.

II. Plaintiff Failed to Render Sufficient Service of Process.

This Court should quash service of process as to Defendant Brown, or in the alternative dismiss the Third Amended Complaint, because Plaintiff's service of process is insufficient. It is a plaintiff's burden to establish proper service once challenged by defendant. *See, e.g., Polskie*, 795 F.2d 968 (11th Cir. 1986). The method by which a party to a suit may obtain proper service of process is set forth in Federal Rule of Civil Procedure 4. The statutory method of service is exclusive and must be strictly followed. *Kelly v. Florida*, 233 F.R.D. 632, 634 (S.D. Fla. 2005), aff'd, 233 Fed. Appx. 883 (11th Cir. 2007). The Federal Rules of Civil Procedure requires plaintiffs serve a summons and a copy of the complaint on defendants. Fed. R. Civ. P. 4(c)(1).

Further, unless a defendant has filed a waiver of service, he or she must be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who reside there; or

(C) delivering a copy of each to an agent authorized by appointment or law to receive service of process.

Fed. R. Civ. P. 4(e). In Florida, "[a]ll process shall be served by the sheriff of the county where the person to be served is found." § 48.021(1), Fla. Stat. In addition, "[s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint . . . at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." § 48.031(1), Fla. Stat.

Under Florida and Federal law, the filing of an amended pleading supersedes the prior complaint, and subsequent service of the superseded complaint is deemed improper. *See Martin v. Salvatierra*, 233 F.R.D. 630, 632 (S.D. Fla. 2005) (citing *Gellert v. Richardson*, No. 95-256CIV-ORL-19, 1996 WL 107550, at *2 (M.D. Fla. 1996)). The service of an original or previously amended complaint is deemed deficient once superseded by an amended complaint at the time of service. *See Id*. Here, Plaintiff filed the Third Amended Complaint on June 7, 2022, five days after

filing the Second Amended Complaint. On June 7, 2022, Defendant Brown was personally served by a process server a copy of the Summons and Second Amended Complaint, which had already been superseded by the Third Amended Complaint. (ECF 25.) To date, Plaintiff has not effectuated proper service of process of the Third Amended Complaint on Defendant Brown. As a result, Plaintiff's service must be quashed under Rule 12(b)(4) of the Federal Rules of Civil Procedure because it is insufficient.

III. Plaintiff Failed to State a Cause of Action Against Defendant Brown.

Plaintiff's Third Amended Complaint is an incomprehensible and impermissible shotgun pleading. In the Third Amended Complaint, the only allegations against Defendant Brown appear in Count VII, a claim asserted under the Voting Rights Act, and Count IX, a claim asserted under 42 U.S.C. § 1985. As in the Amended Complaint, Plaintiff employs a "kitchen-sink manner of pleading" that fails to give Defendant Brown, and the other defendants, notice of the claims brought against her and the grounds upon which each claim rests. (ECF 5, Pg. 6.)

This Court should dismiss the Third Amended Complaint due to Plaintiff's continued failure to state a claim against Defendant Brown upon which this Court

can grant relief. Rule 8 of the Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, to state a cause of action a plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . . " *Twombly*, 550 U.S. at 555. It follows that dismissal of a complaint is appropriate "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 570.

Plaintiff fails to raise any allegations concerning Defendant Brown's actions that give rise to claims under the Voting Rights Act citing 52 U.S.C. §§§ 10301, 10304, 10308. Section 10301 prohibits states and political subdivisions from adopting voting practices that discriminate based on a protected class and result in citizens being denied equal access to the political process. Section 10304 establishes certain preclearance requirements for voting changes in covered jurisdictions. In *Shelby County v. Holder*, the United States Supreme Court held that the coverage formula set forth under Section 4(b) of the Voting Rights Act used to determine which jurisdictions are subject to preclearance requirements under Section 10304, was unconstitutional. 570 U.S. 529 (2013). Still, Section 3 of

the Voting Rights Act allows courts to order preclearance for voting changes. *See League of Women Voters of Fla., Inc. v. Lee*, Case No. 4:21cv186-MW/MAF, 2022 WL 969538, 107 (N.D. Fla. March 31, 2022). Plaintiff does not allege facts to establish Defendant Brown implemented any practices or procedures concerning the subject vacancy, or the voting rights of individuals, nor did she allege Defendant Brown deprived her, or anyone, of equal access to the political process.

Plaintiff does not raise any allegations concerning Defendant Brown's actions that give rise to a cause of action under 42 U.S.C. § 1985. To establish a cause of action, Plaintiff must allege and prove the following:

> (1) a conspiracy; (2) for the purpose of depriving, directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; (3) an overt act in furtherance of the object of the conspiracy; and (4) that the plaintiff was injured in his person or property or was deprived of having and excercising any right or privilege of a United States citizen. *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986). The essence of a conspiracy is an agreement between two or more parties to engage in some act or further some purpose. To establish an actionable conspiracy under § 1985, it is necessary to demonstrate a "meeting of the minds" on the part of the defendants and the alleged co-conspirators to violate the plaintiff's civil rights. *Caldeira v. County of Kauai*, 866 F.2d 1175, 1181 (9th Cir. 1989).

*Harmon v. Orlando Fla. Sentinel*, No. 89-746-CIV-ORL-19, 1991 WL 128539, at *3 (M.D. Jan. 15, 1991). Plaintiff does not allege sufficient facts to establish a "meeting of the minds" on the part of Defendant Brown to conspire to violate a civil right of Plaintiff. Plaintiff fails to allege any agreement or communication between Defendant Brown and the other named Defendants. There are no references to any communications between Defendant Brown and the other named Defendants.

In addition, the Third Amended Complaint should be dismissed as to Defendant Brown because Plaintiff fails to identify the relief requested against Defendant Brown in Count IX. In fact, Plaintiff does not mention Defendant Brown in the WHEREFORE clause at the end of Count IX. Therefore, Defendant Brown is unable to adequately respond to the Third Amended Complaint due to Plaintiff's failure to identify the type of relief she seeks as to Defendant Brown.

WHEREFORE, Defendant TOMI BROWN respectfully requests the entry of an Order dismissing the Third Amended Complaint due to Plaintiff's lack of standing, insufficient service of process, and failure to state a cause of action under the Voting Rights Act and 42 U.S.C. § 1985.

**LOCAL RULE 3.01(g) CERTIFICATION**

The undersigned emailed Plaintiff to inquire regarding her agreement or opposition. As to the time of filing, no response has been received. This motion will be supplemented pursuant to the Rule.

Respectfully submitted this 18th day of July, 2022.

/s/*Stephanie Roman Caban*
Stephanie Roman Caban
McConnaughhay, Coonrod, Pope, Weaver & Stern, P.A.
Florida Bar No.: 1030977
sromancaban@mcconnaughhay.com
1709 Hermitage Boulevard, Suite 200
Tallahassee, FL 32308
Phone: (850) 222-8121
Fax: (850) 222-4359
Attorney for Defendant Tomi Brown

**CERTIFICATE OF SERVICE**

I CERTIFY that the foregoing pleading is served by filing with the Clerk of Court for service through the Court's CM/ECF system on all parties who have appeared in this case.

/s/*Stephanie Roman Caban*
Stephanie Roman Caban