UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BEFAITHFUL COKER, Case No.: 3:22-cv-518-MMH-LLL

Plaintiff,

v.

SYLVESTER WARREN, III, et al.,

Defendants.
_________________________________/

**DEFENDANT JOEL FOREMAN'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED AND RESTATED COMPLAINT, OR IN THE ALTERNATIVE, QUASH SERVICE**

Defendant JOEL FOREMAN (hereinafter "Defendant Foreman"), moves pursuant to Rules 12(b)(1), 12(b)(4), and 12(b)(6) of the Federal Rules of Civil Procedure, and Rule 3.01 of the Local Rules for the United States District Court of Middle District of Florida, to dismiss the Third Amended and Restated Complaint and Demand for Jury Trial (hereinafter the "Third Amended Complaint"). (ECF 10.) Defendant Foreman in support thereof states the following:

Defendant Foreman seeks the dismissal of this Case, pursuant to

Rules 12(b)(1), 12(b)(4) and 12(b)(6), against him due to Plaintiff's failure to establish subject matter jurisdiction, sufficient service to process, and failure to state a claim against Defendant Foreman upon which relief can be granted. The Third Amended Complaint does not contain grounds demonstrating Plaintiff has standing to bring forth a claim under 42 U.S.C. § 1985 against Defendant Foreman. Further, Defendant Foreman has not been properly served the Third Amended Complaint. The Third Amended Complaint runs afoul of the liberal pleading requirements imposed by Rule 8(a) of the Federal Rules of Civil Procedure, even in light of the liberality extended to pro se litigants. Defendant Foreman is unable to ascertain Plaintiff's claims against him nor can he ascertain the relief requested. It follows Defendant Foreman is unable to prepare a responsive pleading to Plaintiff's seventy-five (75) page shotgun pleading.

## PRELIMINARY STATEMENT

Plaintiff filed a pro se Complaint and Demand for Jury Trial on May 6, 2022, naming twenty-six (26) defendants, including Defendant Foreman. (ECF 1.) She then filed the Amended and Restated Complaint and Demand

for Jury Trial on May 10, 2022. (ECF 3.) This Court sua sponte issued an order striking the improperly drafted Amended Complaint and provided Plaintiff with the opportunity to file a second amended complaint. (ECF 5.)

In its Order, the Court held "the Amended Complaint embodies the second most-common form of shotgun pleading in that it is 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." (ECF 5, Pg. 6.) Further, this Court noted that the "over-abundance of extraneous details," and inclusion of eleven separate counts against twenty-six different Defendants, "some of whom appear to have only exceedingly tangential connections to this case," fails to give the named Defendants "notice of the claims alleged against them and grounds upon which each claim rests.''" (ECF 5, Pg. 6.) On June 2, 2022, Plaintiff filed the Second Amended Complaint (ECF 8.) Upon information and belief, Plaintiff filed the Third Amended Complaint without seeking leave of court or written consent from her opposing parties on June 7, 2022. (ECF 11.)

## STANDARD OF REVIEW

Federal courts should "presume that [they] lack jurisdiction unless the

contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316 (1991). To survive a motion to dismiss under Rule 12(b)(1), a plaintiff bears the burden of establishing the court's jurisdiction through sufficient allegations. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). For challenges brought under Rule 12(b)(1), the court may refer to evidence outside the pleadings, such as documents or affidavits, without converting the motion to one for summary judgment. *All. For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 (2d Cir. 2006). To survive a motion to dismiss under Rule 12(b)(4), a plaintiff bears the burden to establish proper service once challenged by defendant. *See, e.g., Polskie Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968 (11th Cir. 1986). Pursuant to Rule 4, a plaintiff must serve the defendant with a summons and the complaint no later than 120 days after filing the complaint, and in accordance with the methods prescribed under Rule 4. *D.G.H. Props., LLC v. Ginn Co., LLC*, No. 3:09-CV-735-J-34JRK, 2010 WL 11515292, at *3 (M.D. Fla. Sept. 28, 2010).

Further, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The pleader does not need to include detailed factual allegations in the complaint to survive a motion to dismiss but they must do more than merely invoke labels, conclusions and the formulaic elements of a cause of action. *Id*. at 555. For a claim to be plausible on its face, the plaintiff must plead factual content from which the trial court can draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all factual allegations contained within the four corners of the complaint, including attached exhibits, as true and construe them in the light most favorable to the non-moving party. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003); *Christopher v. Harbury*, 536 U.S. 403 (2002); *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The court must not dismiss a complaint on Rule 12(b)(6) grounds "unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank of Fla.*, 129 F.3d 1186, 1189 (11th Cir. 1997) (citing *Pataula Elec. Membership Corp. v. Whitworth*, 951 F.2d 1238, 1240 (11th Cir. 1992).

## MEMORANDUM OF LAW

I. Plaintiff Lacks Standing to Maintain this Action.

The standing doctrine, an essential aspect of the Article III case-or-controversy requirement, mandates that a plaintiff have a "personal stake in the outcome of the controversy [so] as to warrant [their] invocation of federal court jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The purpose of this doctrine is to limit "the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The United States Supreme Court established a three-part test for determining the existence of standing holding a plaintiff has standing if they show (1) that they have suffered an injury-in fact that is (2) traceable to the defendant and that (3) can likely be redressed by a favorable ruling. *See Lujan v. Defs. of Wildlife*,

504 U.S. 555, 560-61 (1992). These elements are conjunctive; thus, failure to establish any of the three deprives the plaintiff of standing to maintain an action in federal court. *Dickerson v. Feldman*, 426 F. Supp. 2d 130, 134 (S.D.N.Y. 2006).

To establish standing in the pleading stage, a plaintiff "must 'clearly . . . alleged facts demonstrating' each element." *Spokeo*, 578 U.S. at 338. Injury in fact is established by a showing that a plaintiff suffered an invasion of a legally protected interest that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' *Id.* at 339. Further, to establish traceability, a plaintiff "need not show that defendant's actions are the very last step in chain of causation, and even harms that flow indirectly from action in question can be said to be fairly traceable to that action." *League of Women Voters of Fla., Inc. v. Lee*, 566 F. Supp. 3d 1238, 1252 (N.D. Fla. 2021). A plaintiff only needs to demonstrate "a substantial likelihood of causation." *Id.* To establish redressability, a plaintiff must show that the judicial system can provide relief for the claims alleged. *See Lujuan*, 504 U.S. at 569-70.

In the instant case, Plaintiff has not met her burden to establish standing; therefore, this Court lacks subject matter jurisdiction to hear her claims against Defendant Foreman. In the Third Amended Complaint, Plaintiff asserts only one claim against Defendant Foreman, Count IX, a claim brought under 42 U.S.C. § 1985. (ECF 10.) Plaintiff does not identify the "invasion of a legally protected interest," that can be traced to Defendant Foreman and may be redressed by this Court.

Plaintiff is unable to establish standing. The Third Amended Complaint contains vague and speculative allegations regarding the actions or inactions of Defendant Foreman. The Third Amended Complaint is devoid of allegations demonstrating a concrete and particularized injury as to Plaintiff. Plaintiff alleges her injuries stem from alleged continued delays concerning filling the City of Lake City's, City Council's District 14 vacancy. Specifically, Plaintiff alleges all named Defendants "conspired to fill a vacancy in the composition of the City Council through secret ballot announced and used Plaintiffs request for consideration for vacancy of District 14 as a reason to deny a pending application to the Planning and

Zoning Board from one year after its application as a reason for the denial." (ECF 10, ¶ 12.) However, the vacancy remains open due to ongoing litigation initiated by Plaintiff at the state-level. *Befaithful Coker v. City of Lake City, Fla., City Council, et. al.*, No. 122021CA00268CAAXMX (Fla. 3d Cir. Ct. filed Oct. 18, 2021.)

Plaintiff alleges injuries that are too speculative to demonstrate a necessary injury-in-fact stemming from the actions of Defendant Foreman. Plaintiff contends that Defendant Foreman has conspired to deprive her of her constitutional rights merely because he filed a Notice of Appearance and Motion to Intervene on behalf of Defendant Douglas, a party holding an interest in the state litigation and as such entitled to exercise a right by intervention under Rule 1.230 of the Florida Rules of Civil Procedure. However, Plaintiff's allegation that Defendant Foreman's legal representation of Defendant Stephen Douglas in the ongoing state litigation concerning subject vacancy deprived her of "a legally protected interest" is speculative.

Further, any delays in the filling of the vacancy are traceable to the actions of Plaintiff, not Defendant Foreman. Assuming Plaintiff alleged an injury-in-fact, Plaintiff has not established a causal nexus between Defendant Foreman's actions and the injury. Accepting all allegations as true, it remains unclear what actions of Defendant Foreman, if any, are traceable to the delays in filling the vacancy. Lastly, Defendant Foreman is unable to ascertain the relief sought by Plaintiff in her claims arising out of the subject vacancy.

II. Plaintiff Failed to Render Sufficient Service of Process.

This Court should quash service of process as to Defendant Foreman, or in the alternative dismiss the Third Amended Complaint, because Plaintiff's service of process is insufficient. It is a plaintiff's burden to establish proper service once challenged by defendant. *See, e.g., Polskie*, 795 F.2d 968 (11th Cir. 1986). The method by which a party to a suit may obtain proper service of process is set forth in Federal Rule of Civil Procedure 4. The statutory method of service is exclusive and must be strictly followed. *Kelly v. Florida*, 233 F.R.D. 632, 634 (S.D. Fla.

2005), aff'd, 233 Fed. Appx. 883 (11th Cir. 2007). The Federal Rules of Civil Procedure requires plaintiffs serve a summons and a copy of the complaint on defendants. Fed. R. Civ. P. 4(c)(1).

Further, unless a defendant has filed a waiver of service, he or she must be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who reside there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process.

Fed. R. Civ. P. 4(e). In Florida, "[a]ll process shall be served by the sheriff of the county where the person to be served is found." § 48.021(1), Fla. Stat. In addition, "[s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint . . . at his or her usual

place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." § 48.031(1), Fla. Stat.

Under Florida and Federal law, the filing of an amended pleading supersedes the prior complaint, and subsequent service of the superseded complaint is deemed improper. *See Martin v. Salvatierra*, 233 F.R.D. 630, 632 (S.D. Fla. 2005) (citing *Gellert v. Richardson*, No. 95-256CIV-ORL-19, 1996 WL 107550, at *2 (M.D. Fla. 1996)). The service of an original or previously amended complaint is deemed deficient once superseded by an amended complaint at the time of service. *See Id*. Here, Plaintiff filed the Third Amended Complaint on June 7, 2022, five days after filing the Second Amended Complaint. On June 14, 2022, Defendant Foreman was personally served by a process server a copy of the Summons and Second Amended Complaint, which had already been superseded by the Third Amended Complaint. (ECF 46.) To date, Plaintiff has not effectuated proper service of process of the Third Amended Complaint on Defendant Foreman. As a result, Plaintiff's service must be quashed under Rule 12(b)(4) of the Federal Rules of Civil Procedure because it is insufficient.

III. Plaintiff Failed to State a Cause of Action Against Defendant Foreman.

Plaintiff's Third Amended Complaint is an incomprehensible and impermissible shotgun pleading. In the Third Amended Complaint, the only allegations against Defendant Foreman appear in Count IX, a claim asserted under 42 U.S.C. § 1985. As in the Amended Complaint, Plaintiff employs a "kitchen-sink manner of pleading" that fails to give Defendant Foreman, and the other defendants, notice of the claims brought against her and the grounds upon which each claim rests. (ECF 5, Pg. 6.)

This Court should dismiss the Third Amended Complaint due to Plaintiff's continued failure to state a claim against Defendant Foreman upon which this Court can grant relief. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, to state a cause of action a plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . . " *Twombly*, 550 U.S. at 555. It follows that dismissal of a complaint is appropriate

"where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 570.

Plaintiff does not raise any allegations concerning Defendant Foreman's actions that give rise to a cause of action under 42 U.S.C. § 1985. To establish a cause of action, Plaintiff must allege and prove the following:

> (1) a conspiracy; (2) for the purpose of depriving, directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; (3) an overt act in furtherance of the object of the conspiracy; and (4) that the plaintiff was injured in his person or property or was deprived of having and excercising any right or privilege of a United States citizen. *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986). The essence of a conspiracy is an agreement between two or more parties to engage in some act or further some purpose. To establish an actionable conspiracy under § 1985, it is necessary to demonstrate a "meeting of the minds" on the part of the defendants and the alleged co-conspirators to violate the plaintiff's civil rights. *Caldeira v. County of Kauai*, 866 F.2d 1175, 1181 (9th Cir. 1989).

*Harmon v. Orlando Fla. Sentinel*, No. 89-746-CIV-ORL-19, 1991 WL 128539, at *3 (M.D. Jan. 15, 1991). Plaintiff does not allege sufficient facts to establish a "meeting of the minds" on the part of Defendant Foreman to conspire to violate a civil right of Plaintiff. Plaintiff fails to allege any

agreement or communication between Defendant Foreman and the other named Defendants. In an attempt to reference a communication between Defendant Foreman and the other named Defendants, Plaintiff references a Motion to Intervene, and corresponding Notice of Appearance, filed by Defendant Foreman in the ongoing state litigation on behalf of Defendant Douglas. Defendant Foreman's actions are not actionable and are permissible under Rule 1.230 of the Florida Rules of Civil Procedure. The referenced action does not demonstrate a "meeting of the minds" as contemplated under 42 U.S.C. § 1985.

In addition, the Third Amended Complaint should be dismissed as to Defendant Foreman because Plaintiff fails to identify the relief requested against Defendant Foreman in Count IX. In fact, Plaintiff does not mention Defendant Foreman in the WHEREFORE clause at the end of Count IX. Therefore, Defendant Foreman is unable to adequately respond to the Third Amended Complaint due to Plaintiff's failure to identify the type of relief she seeks as to Defendant Foreman.

WHEREFORE, Defendant JOEL FOREMAN respectfully requests the entry of an Order dismissing the Third Amended Complaint due to Plaintiff's lack of standing, insufficient service of process, and failure to state a cause of action under 42 U.S.C. § 1985.

**LOCAL RULE 3.01(g) CERTIFICATION**

The undersigned emailed Plaintiff to inquire regarding her agreement or opposition. As to the time of filing, no response has been received. This motion will be supplemented pursuant to the Rule.

Respectfully submitted this 18th day of July, 2022.

/s/Stephanie Roman Caban
Stephanie Roman Caban
McConnaughhay, Coonrod, Pope, Weaver & Stern, P.A.
Florida Bar No.: 1030977
sromancaban@mcconnaughhay.com
1709 Hermitage Boulevard, Suite 200
Tallahassee, FL 32308
Phone: (850) 222-8121
Fax: (850) 222-4359
Counsel for Columbia County Defendants

**CERTIFICATE OF SERVICE**

I CERTIFY that the foregoing pleading is served by filing with the Clerk of Court for service through the Court's CM/ECF system on all parties who have appeared in this case.

/s/*Stephanie Roman Caban*
Stephanie Roman Caban