**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BEFAITHFUL COKER,
*Plaintiff*,

v. CASE NO: 3:22-cv-518-MMH-LLL

SYLVESTER WARREN, III, *et al.*,
*Defendants*.
_______________________________________/

**MOTION TO DISMISS THIRD AMENDED COMPLAINT**

Defendant, Florida Secretary of State Cord Byrd, pursuant to Rules 8(a)(2), and 10(b), moves to dismiss the Complaint as an impermissible shotgun pleading. Other Defendants have raised the argument that the Complaint should be dismissed as an impermissible shotgun pleading. There is no need to restate it; the standard and argument made in the City's Motion to Dismiss (DE 94) is incorporated herein and relied upon by the Secretary for dismissal of the Complaint as an impermissible shotgun pleading. The Secretary also moves for dismissal pursuant to Rule 12(b)(1) as to Counts VII and IX—the only two counts against him—because the Court lacks jurisdiction as Plaintiff lacks standing to bring the claims against the Secretary, and regardless, no exception to his sovereign immunity exists. The remainder of this motion will address these dismissal bases for Counts VII and IX.

## I. BACKGROUND

In Count VII, Plaintiff attacks the City's candidate qualifying fee, set by its Municipal Charter. DE 10 at ¶¶ 75, 79-80, 82-84, 86. The only allegations against the Secretary vaguely assert that he is responsible for "training" local supervisors of elections and "investigating complaints" against them, DE 10 at ¶ 78, and for "ensuring local elections are conducted in accordance to the State and Federal laws," *id.* at ¶ 85.

In Count IX, it is unclear, but it seems Plaintiff primarily attacks not seating her in a vacant City Council seat and other harms that allegedly befell her because of that failure. DE 10 at ¶¶ 95-125. The only thing that is clear is that the Secretary is not mentioned at all in Count IX.

## II. ARGUMENT

Before reaching the merits of a dispute, "no matter how weighty," a court must ensure that it has subject-matter jurisdiction. *Lewis v. Governor of Ala.*, 944 F. 3d 1287, 1296 (11th Cir. 2019) (*en banc*). "For a court to pronounce upon . . . the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101-02 (1998). There are two elements of subject-matter jurisdiction missing from this action: (1) Plaintiff's standing against the Secretary; and, (2) an *Ex Parte Young* exception to the Secretary's Eleventh Amendment immunity.

The Secretary does not enforce the City's Municipal Charter or how the City fills vacancies on its Council and, consequently, there is no standing against the Secretary to establish subject-matter jurisdiction. *See Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1241 (11th Cir. 2020) (vacating and remanding with instructions to dismiss with prejudice where Secretary "does not enforce the challenged law"). Regardless, the Secretary would not be a proper defendant under the *Ex Parte Young* exception to Eleventh Amendment immunity because he does not even have "*some* connection" with the enforcement of the municipal provisions and would not be "responsible for" any enforcement. *Women's Emergency Network v. Bush*, 323 F.3d 937, 949 (11th Cir. 2003) (emphasis added). Counts VII and IX should therefore be dismissed against the Secretary with prejudice.

**a. Plaintiff lacks standing against the Secretary**

The standing doctrine's necessary components are threefold: (1) "injury-in-fact," (2) "traceability," and (3) "redressability." *Lewis*, 944 F.3d at 1296; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). After all, it must be the effect of the court's judgment on the defendant, not on some other party, that redresses the injury. *See Jacobson,* 974 F.3d at 1254-55 (explaining that the court must be able to afford relief through the exercise of its own power over a defendant and not the persuasive effect of its opinion on nonparties); *see also Lewis*, 944 F.3d at 1302-05 (same). Here, Plaintiff's injury—that she had to pay a municipal qualifying fee and

wasn't seated in a municipal seat—is neither traceable to the Secretary nor redressable by relief against him.

There are no allegations as to how the Secretary is involved in the filling of the municipal seat challenged in Count IX. The lack of traceability and redressability is therefore apparent. As to the municipal qualifying fee, Plaintiff does not allege that the Secretary has any part in the enforcement of the City's Municipal Charter provision setting candidate qualifying fees. To the contrary, the Secretary is alleged only to be responsible for "training" local supervisors of elections and "investigating complaints" against them, DE 10 at ¶ 78, and for "ensuring local elections are conducted in accordance to the State and Federal laws," *id.* at ¶ 85.

But like the functions at issue in *Jacobson*, these functions "say[] nothing about whether [the Secretary] 'possess[es] authority to *enforce* the complained-of provision.'" *Jacobson*, 974 F.3d at 1257 (quoting *Lewis*, 944 F.3d at 1299) (third alteration in original). As recently explained, "[u]nder *Jacobson*, when a state law makes *one* state official responsible for the challenged action, plaintiffs lack standing to sue *another, independent* state official for that action." *Hetherington v. Lee*, No. 3:21-CV-671-MCR-EMT, 2021 WL 6882441, at *3 (N.D. Fla. July 12, 2021) (granting dismissal with prejudice of the Secretary where the FEC had enforcement authority and not the Secretary); *see also Georgia Republican Party, Inc. v. Sec'y of State of Georgia*, No.: 20-14741, 2020 WL 7488181, *2 (11th Cir. 2020) (denying motion against Georgia Secretary where he, despite being the "chief election officer" did "not conduct the [challenged

absentee ballot] signature matching process," "review the voter's signature," or "control whether the…matching process can be observed"). So too should go the rule for independent local officials. The City Council, or whatever local body collects the municipal qualifying fee or otherwise enforces it, is independent of the Secretary.

Any injury to Plaintiff because of the municipal qualifying fee is neither traceable to nor redressable by the Secretary because he does not enforce that provision. Count IX should therefore be dismissed with prejudice for lack of subject matter jurisdiction against the Secretary because Plaintiff lacks standing against him.

**b. No exception to the Secretary's sovereign immunity exists**

Without standing, the Court lacks subject-matter jurisdiction and can dismiss the action without addressing whether the Secretary is a proper defendant under *Ex Parte Young*'s exception to Eleventh Amendment immunity. *Ex Parte Young*, 209 U.S. 123, 168 (1908); *see Lewis*, 944 F.3d at 1306 ("Because we conclude that plaintiffs lack standing, we need not—may not—proceed to consider . . . whether the Attorney General is a proper defendant under *Ex Parte Young*[.]"); *Jacobson*, 974 F.3d at 1256 (finding "no occasion to consider whether the Secretary is a proper defendant under *Ex Parte Young*" because the plaintiffs lacked standing). In any event, the exception does not apply here, giving the Court another, independent reason to dismiss Counts VII and IX against the Secretary with prejudice.

"The Eleventh Amendment to the Constitution bars federal courts from entertaining suits against states." *Abusaid v. Hillsborough Cty. Bd. of Cty. Comm'rs*, 405 F.

3d 1298, 1302 (11th Cir. 2005). "[A] state may not be sued in federal court unless it waives its sovereign immunity or its immunity is abrogated by an act of Congress under section 5 of the Fourteenth Amendment." *Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011). Neither of these exceptions apply.

"[T]he State of Florida has not waived its immunity to suits under § 1983," and "Congress did not abrogate state sovereign immunity through § 1983," to the extent Plaintiff brings Count IX under that provision. *Claire v. Fla. Dep't of Mgmt. Servs.*, 504 F. Supp. 3d 1328, 1333 (N.D. Fla. 2020) (*citing Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1513-20 (11th Cir. 1986), and *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68-71 (1989)). And while Congress may have abrogated immunity under the Voting Rights Act under which Plaintiff brings Count VII, Plaintiff alleges that it is the "Defendants City Council" that has the offending "standard, practice, or procedure," DE 1 at ¶ 75, specifically in its "Municipal Charter Section 506," *id.* at ¶ 80. The Secretary is not involved.

There is a third exception, but it does not apply either. *Ex Parte Young* provides an "exception to this rule for suits against state officers . . . to end continuing violations of federal law." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1219 (11th Cir. 2000). The *Ex Parte Young* exception does not apply however, "[w]here the named defendant lacks any responsibility to enforce the statute at issue, 'the state is, in fact, the real party in interest,' and the suit remains prohibited by the Eleventh Amendment." *Osterback v. Scott*, 782 Fed. App'x.

856, 859 (11th Cir. 2019) (quoting *Summit Med. Assocs. P.C. v. Pryor*, 180 F.3d 1326, 1341 (11th Cir. 1999)). The City Council—rightly or wrongly—is at least allegedly solely responsible for the municipal qualifying fee in its Charter. None of the exceptions apply and the Secretary therefore maintains his immunity from suit as to Counts VII and IX.

Respectfully submitted,

*/s/ Ashley E. Davis*
ASHLEY E. DAVIS (FBN 48032)
*Deputy General Counsel*
ashley.davis@dos.myflorida.com
stephanie.buse@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building, Suite 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
Phone: (850) 245-6536
Fax: (850) 245-6127

*Counsel for Florida Secretary of State*

## **Local rule 3.01(g) CERTIFICATION**

I HEREBY CERTIFY that I have emailed *pro se* Plaintiff Coker in a good faith effort to resolve this motion, but I have not received a response. I will amend this certification when I receive a response and confer.

*/s/ Ashley E. Davis*
Attorney

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed through the Court's CM/ECF system which will provide electronic service to all counsel of record and sent via U.S. Mail to pro se plaintiff Befaithful Coker, P.O. Box 15, Lake City, FL 32056 and via email to befaithfulcoker@gmail.com this 26th day of July 2022.

*/s/ Ashley E. Davis*
Attorney