IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BEFAITHFUL COKER,
MINOR CHILD V, COKER,
AND MINOR CHILD M. COKER CASE NO. 3:22-cv-00518-MMH-LLL

Plaintiffs

v.

SYLVESTER WARREN, III Et. Al

______________________________/

**DEFENDANTS SYLVESTER WARREN, III, VANESA GEORGE, GLENNEL BOWDEN, NATHAN GAMBLES AND JUSTICE AND EQUALITY COALITION, INC.'S SECOND AMENDED MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendants, Sylvester Warren, III, Vanesa George, Glennel Bowden, Nathan Gambles, and the Justice and Equality Coalition, Inc., move pursuant to Rule 12(b)(6), Fed. R. Civ.P., to dismiss the Third Amended and Restated Complaint (the "Third Amended Complaint") (Doc. 10) for failure to state a claim on which relief can be granted, and state as follows:

The Third Amended Complaint should be dismissed as to Defendants, Sylvester Warren, III, Vanesa George, Glennel Bowden, Nathan Gambles, and the Justice and Equality Coalition, Inc. because it fails to meet the pleading requirements of Rule 8 (a), Fed. R. Civ. P., and the liberality provided to pro se litigants such as Plaintiff Befaithful Coker.

On or about May 16, 2022, this Court sua sponte issued an order regarding Ms. Coker's Amended Complaint and held that such pleading was "improperly drafted and due to be stricken." (Doc. 5, pg. 1) Moreover, the Court referenced that this shotgun style of pleading "fails to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." (Doc. 5, pg. 6, citing Tran V. City of Holmes Beach, 817 F. App' x 911, 913 (11th Cir. 2020)

Although Ms. Coker's Third Amended Complaint is over seventy (70) pages in length with 155 paragraphs, it fails to remedy the concerns expressed by the Court in its earlier order, especially as to the Defendants Sylvester Warren, III, Vanesa George, Glennel Bowden, Nathan Gambles, and the Justice and Equality Coalition, Inc.

The allegations fail to state a cause of action against Sylvester Warren, III, Vanesa George, Glennel Bowden, Nathan Gambles, and the Justice and Equality Coalition, Inc. as [t]he essence of a conspiracy is an agreement between two or more parties to engage in some act or furtherer some purpose. To establish an actionable conspiracy under Section 1985, it is necessary to demonstrate a 'meeting of the minds' on the part of the Defendants and the alleged co-conspirators to violate the plaintiff's civil rights." *Harmon v. Orlando Florida Sentinel*, 1991 U.S. Dist. LEXIS, 8 (M.D. Fla. 1991) *citing Caldeira v. County of Kauai*, 866 F.2d 1175, 1181 (9th Cir. 1989). Ms. Coker fails to allege any type of agreement or communication

between the Defendants that would constitute a meeting of the minds.

In fact, the Third Amended Complaint only references, in a conclusory way, that a conspiracy existed between the Defendants to prevent her from being seated on the City Council. This is supported by the decision in *Harmon* whereby the court held the mere possibility that statements made influenced decision makers does not convert communications into a conspiracy. *Harmon*, at 10. As such, the Third Amended Complaint is patently defective on its face to the extent Ms. Coker is relying on the limited communication referenced in paragraphs 102 and 113, or it is so vague that it fails to provide with adequate notice of the communication that is basis of the claim being asserted. Regardless, the Third Amended Complaint should be dismissed.

Additionally, Ms. Coker's Third Amended Complaint should be dismissed as to the Defendants Sylvester Warren, III, Vanesa George, Glennel Bowden, Nathan Gambles, and the Justice and Equality Coalition, Inc., because Ms. Coker fails to identify the relief requested against them in Count IX. The "WHEREFORE" clause at the conclusion of Count IX fails to even mention Sylvester Warren, III, Vanesa George, Glennel Bowden, Nathan Gambles, and the Justice and Equality Coalition, Inc.. Again, the Defendants are unable to adequately respond to the Third Amended Complaint if it fails to identify the type of relief Ms. Coker is seeking.

WHEREFORE, Sylvester Warren, III, Vanesa George, Glennel Bowden,

Nathan Gambles, and the Justice and Equality Coalition, Inc. respectfully requests this Court enter an Order Dismissing the Third Amended Complaint because it is vague and fails to set forth sufficient facts to support a Section 1985 claim against these Defendants.

## LOCAL RULE 3.01 (g) CERTIFICATION

The undersigned certifies that he has conferred with the opposing party. The parties do not agree on the resolution of the motion, and on July 13, 2022, the undersigned counsel sent an email to Plaintiff inquiring as to whether or not she objected to the motion to dismiss. On July 13, 2022, Plaintiff informed the undersigned that she did not agree and would oppose the motion.

Respectfully submitted this 27th day of July 2022.

**SELLERS, TAYLOR & MORRISON, P.A.**

By: _/s/ Lucas J. Taylor_______________
Lucas J. Taylor
Florida Bar No.: 0045048
108 West Howard Street
Live Oak, Florida 32064
(386) 208-1080
(386) 208-1090 Facsimile
lucas.taylor@suwannneelawyers.com
Attorney for Sylvester Warren, III, Vanesa George, Glennel Bowden, Nathan Gambles, and the Justice and Equality Coalition, Inc.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing has been electronically filed through the Court's CM/ECF system which will provide electronic service to all counsel of record and sent via U.S. Mail to pro se plaintiff Befaithful Coker, P.O. Box 15, Lake City, FL 32056 and via email to befaithfulcoker@gmail.com this 27th day of July, 2022.

**SELLERS, TAYLOR & MORRISON, P.A.**

By: _/s/ Lucas J. Taylor_______________
Lucas J. Taylor