UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:22-CV-518-MMH-LLL

BEFAITHFUL COKER,

Plaintiff,

v.
CHRISTOPHER TODD SAMPSON, individually,
et al.,

Defendant.
______________________________/

**MOTION TO DISMISS INDIVIDUAL CLAIMS AGAINST DEFENDANT CHRISTOPHER TODD SAMPSON**

Pursuant to Rules 8, 10(b), and 12(b)(6), Defendant CHRISTOPHER TODD SAMPSON ("Sampson") in his individual capacity[1] moves to dismiss all claims brought against him in the Third Amended Complaint (Doc. 10). As grounds therefor, Defendant Sampson states:

1. Plaintiff sues Sampson in both his official and individual capacities but fails to specify which for each of the seven counts brought against him. For claims against him in his official capacity, Defendant Sampson is represented by Susan Erdelyi and the law firm of Marks Gray as one of the City Defendants. A Motion to

[1] Counsel for Defendant City of Lake City has moved to dismiss claims against Sampson in his official capacity. See Doc. 94, n.1.

Dismiss has already been filed by the City Defendants and by other defendants. (Docs. 49, 78, 79, 80, 81, 94, 102).

2. The City Defendants accurately summarize the procedural history of this case at the outset of their motion (Doc.94, pp.1-3), and Defendant Sampson adopts the same herein.

3. The City Defendants' motion seeks to dismiss claims brought against Sampson in his official capacity in Counts I, II, V, VI, IX, and XI (Doc. 94) because they are improperly pled (i.e., a "shotgun pleading") and fail to state a cause of action. (Doc. 94, Sections IV - VII). To the extent necessary, and for purposes of judicial economy, Sampson individually joins the City's motion and adopts its arguments as to these counts.

4. Count IV against Sampson, which is not addressed in the City Defendant's motion, alleges common law defamation for "report[ing] to residents of Lake City known to support Plaintiff that she caused a previous Georgia residence to be burned to relocate to Florida and that all support should be withdrawn from Plaintiff." (Doc. 10, ¶ 54).

5. Though unclear, it appears Count IV is brought against Sampson individually. Regardless, Count IV fails to state a cause of action against Sampson officially or individually for three reasons: (1) Plaintiff fails to set out the alleged defamatory statements and whether they were written (libel) or spoken (slander); (2)

Plaintiff, a public figure, fails to allege ultimate facts showing Sampson acted with "actual malice"; and (3) Sampson is immune for statements made in his role as government official.

WHEREFORE, Defendant Sampson, individually, moves to dismiss Count IV and all other claims brought against him in Plaintiff's Third Amended Complaint.

## MEMORANDUM OF LAW

Pursuant to Local Rule 3.01(a), Defendant Sampson offers the following memorandum of law in support of his Motion to Dismiss:

### Motion to Dismiss Standard

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); See, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant unlawfully- harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint for failure to state a claim upon which relief can be granted. In deciding Rule 12(b)(6) motions, the Court must limit its consideration to well pled factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in a Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (discussing a Rule 12(b)(6) dismissal).

**Count IV – Defamation**

Count IV seeks "protection, injunctive and declaratory relief" pursuant to a criminal statute, section 836.04, *Florida Statutes*. (Doc. 10, ¶ 52). Section 836.04 provides that "[w]hoever speaks of and concerning any woman, married or unmarried, falsely and maliciously imputing to her a want of chastity, shall be guilty of a misdemeanor of the first degree…" Count IV then alleges that Councilman Sampson "made reports to residents of Lake City known to support Plaintiff that she caused a previous Georgia residence to be burned to relocate to Florida…" (Doc. 10, ¶ 54). Whether or not a civil action can be brought via section 836.04 aside, there are no allegations of statements or "reports" made by Sampson regarding Plaintiff's

"want of chastity," and this claim must be dismissed as pled under the criminal statute.

**1. Plaintiff fails to identify the alleged defamatory statement.**

To the extent Plaintiff intended a claim of libel or slander under the common law, Plaintiff has failed to lay out the alleged defamatory words in her complaint. Plaintiff does not specify whether Sampson's "reports" were made verbally (slander) or in writing (libel), nor provide any other detail how or when Sampson "reported" anything. "The general rule in Florida is that the allegedly defamatory words should be set out in the complaint for the purpose of fixing the character of the alleged libelous publication as being libel." *Edward L. Nezelek, Inc. v. Sunbeam Television Corp.*, 413 So. 2d 51, 55 (Fla. 4th DCA 1982) (citing *Cooper v. Miami Herald Publishing*, 31 So. 2d 382 (Fla. 1947)). In a cause of action for slander, however, "it is sufficient that the plaintiff set out of the substance of the spoken words with sufficient particularity to enable a court to determine whether the publication was defamatory. *Razner v. Wellington Regional Medical Center, Inc.*, 837 So. 2d 437, 442 (Fla. 4th DCA 2002).

Here, Defendant Sampson is left guessing whether he is alleged to have slandered or committed libel against Plaintiff and has no idea what statements he made that were supposedly defamatory. Because Count IV fails to "set out" the

alleged "report" made by Sampson, and whether it was written or spoken, it must be dismissed.

**2. Plaintiff does not allege actual malice.**

As alleged, Plaintiff is a public figure and therefore must plead "actual malice" to support a defamation claim. (Doc. 10, ¶ 5); *New York Times v. Sullivan*, 376 U.S. 254 (1964). She fails to do so.

a. Plaintiff is a public figure.

A public figure is an individual who has assumed roles of prominence in the affairs of a society or "thrust themselves into the forefront of particular public controversies to influence the resolution of the issues involved." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345 (1974). "[T]hey invite attention and comment." *Id.* Whether a plaintiff is a "public figure" is a question of law for the court. *Id.*

Plaintiff alleges that she "is a community activist and volunteer known for organizing community events and making both public and protected disclosures concerning local government," and had community supporters. (Doc. 10, ¶¶ 5, 55). Throughout her complaint, Plaintiff allegations show she has thrust herself into the forefront of Lake City controversies to, as alleged, expose wrongdoing. Her appearances at council meetings and public statements have certainly "invite[d] attention and comment" from the City, its officials, and others, which is more or less

the basis of her lawsuit. *Gertz*, 418 U.S. at 345. As a matter of law, Plaintiff is a public figure.

b. Plaintiff does not plead actual malice.

As a public figure, Plaintiff must show that Sampson's alleged "reports" were made with "actual malice." *Sullivan*, 376 U.S. 279-80. Actual malice means "with knowledge that it was false or with reckless disregard of whether it was false or not." *Braun v. Soldier of Fortune Magazine, Inc.*, 968 F.2d 1110, 1118 (11th Cir. 1992). The "actual malice standard requires that a defendant have a 'subjective awareness of probable falsity" of the publication. *Gertz*, 418 U.S. at 332 (citing *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968)). A defendant acts with "reckless disregard" if he or she "in fact entertain[s] serious doubts as to the truth of the publication." *St. Amant*, 390 U.S., at 731. Even "highly unreasonable conduct constituting an extreme departure from the standards of investigation and reporting ordinarily adhered to by responsible publishers" does not establish actual malice. *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 665 (1989). "This is a subjective test, focusing on whether the defendant 'actually entertained serious doubts as to the veracity of the published account, or was highly aware that the account was probably false." *Turner v. Wells*, 879 F.3d 1254, 1273 (11th Cir. 2018) (quoting *Sullivan*).

The allegations of Count IV fail to allege actual malice. Instead, though making the conclusory allegation that "Sampson maliciously made reports," the only

ultimate fact alleged by Plaintiff supporting this conclusion is that "Sampson *did not care* if the information was false." (Doc. 10, ¶ 54) (emphasis added). "Not caring" does not show that Sampson knew the alleged report was false, nor that he had "serious doubts" as to the truth of his report or acted with reckless disregard for the truth. Thus, Count IV fails to meet the heightened pleading requirement of defamation for a public figure and must be dismissed.

**3. Sampson is immune for statements made as a councilmember.**

Even if Plaintiff properly pled defamation, Sampson is immune from this claim because any "report" was made within the scope of his duties as an elected public official. *City of Miami v. Wardlow*, 403 So. 2d 414 (Fla. 1981). The "absolute privilege protects statements of all public officials, regardless of the brand of government or the level of the official." *Fla. State Univ. Bd. of Trs. v. Monk*, 68 So. 3d 316, 319 (Fla. 1st 2011) (quoting *Cassell v. India*, 964 So. 2d 190, 194 (Fla. 4th DCA 2007)); *See also Hauser v. Urchisin*, 231 So. 2d 6, 8 (Fla. 1970) ("The public interest requires that statements made by officials of all branches of government in connection with their official duties be absolutely privileged").

If anything is clear from the complaint it is that Plaintiff believes Sampson and other City officials opposed her taking office, and voted against her appointment. (E.g., Doc. 10, ¶¶63, 65; Doc. 10-1, p.2). Sampson's votes were, of course, made in his capacity as a councilman. The only reasonable inference to be

drawn from the allegations of the complaint related to Count IV are that any "reports" made by Sampson about Plaintiff regarding her candidacy for counsel were in furtherance of that alleged objective – to prevent her from taking office – and therefore made in his official capacity. Sampson is thus immune from liability for the alleged statements.

Respectfully submitted August 8, 2022.

**/s/ William B. Armistead**

Gwendolyn P. Adkins
(FBN: 0949566)
William B. Armistead
(FBN: 88535)
gadkins@coppinsmonroe.com
warmistead@coppinsmonroe.com
bmiller@coppinsmonroe.com
adelk@coppinsmonroe.com

COPPINS MONROE, P.A.
1319 Thomaswood Drive,
Tallahassee, FL 32308
Office: 850-422-2420

ATTORNEYS FOR DEFENDANT
CHRISTOPHER TODD SAMPSON IN HIS
INDIVIDUAL CAPACITY

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Defendant Sampson attempted to confer in good faith with Plaintiff via two emails on August 5, 2022, but has not received a response from Plaintiff as of the time of this filing.

**/s/ William B. Armistead**

## CERTIFICATE OF SERVICE

Pursuant to Rule 5(b)(2)(E), *Fed. R. Civ. P.*, this document is being filed electronically with the court's electronic-filing system and service shall be through the Court's transmission facilities on all registered users. I also certify that this document has been provided via U.S. Regular Mail and electronic mail to Plaintiff as follows:

Befaithful Coker
P.O. Box 15
Lake City, Florida 32056
befaithfulcoker@gmail.com

PRO SE PLAINTIFF

**/s/ William B. Armistead**