# UNITED STATES DISTRICT COURT

For the
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BEFAITHFUL COKER,

Plaintiffs, CASE NO.:**322-CV-518-MMH-LLL**

vs.

SLYVESTER WARREN, III, et. al.

Defendants.

## PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS BY DEFENDANTS NORTHEAST FLORIDA NEWSPAPER, LLC AND TODD WILSON

COMES NOW, the Plaintiff, BEFAITHFUL COKER, who files this RESPONSE TO THE MOTION TO DISMISS BY DEFENDANTS NORTHEAST FLORIDA NEWSPAPER, LLC ("Lake City Reporter") AND TODD WILSON ("Wilson") in accordance with Federal Rules of Civil Procedure in the US Middle District Court of Florida Jacksonville Division.

This Complaint arises from Plaintiff being appointed to the Lake City Council to fill a vacancy created by a resigning council member for District 14 on October 26, 2021.

1. Lake City Reporter is the sole local newspaper for the City of Lake City and boasts that it has coverage of over households in Fort White, Columbia County, Live Oak, Branford, Wellborn, O'Brien, McAlpin, Suwannee County, White Springs, Jasper, Jennings, Hamilton County, Lake Butler, Union County, High Springs, and Alachua County.

2. Defendant Wilson is the sole publisher of the Lake City Reporter and a member of the Florida Press Association as of May 2021.

3. The Florida Press Association is the trade organization representing more than 150 newspapers throughout the state with a volunteer board of directors addressing industry issues, member concerns, and legislative issues facing the newspaper business.

4. According to the Constitution and Bylaws of the Florida Press Association members, Article 2.0 Defendant Wilson agreed to *".....to protect the freedom and advance the ethical standards of the Press of Florida; to promote and encourage higher standards of journalism to the benefit of the industry and the public; to promote and advance the unity, wisdom and justice of the Press; to aid and advance the study and teaching of journalism; to encourage and promote a better understanding between the public and the Press;"*

5. The Lake City Reporter announced the vacancy created in the Lake City Council in an article published on September 10, 2021, and published the requirements for citizens to apply to fill the vacancy on September 21, 2021 (**Exhibit A)**.

6. The Article published in the Lake City Reporter stated the eligibility requirements for candidates seeking to fill the vacant position in accordance to the charter were:

   a. Residency Affidavit

   b. Eligibility to vote

   c. Submission of Statement of Interest

7. The Defendant Lake City Reporter was present at the appointment of Plaintiff on October 26, 2021.

8. Plaintiff was selected on October 26, 2021, and Defendants published the appointment results in its publication on October 27, 2021 (**Exhibit B**).

9. Plaintiff alleges in Count IX that the Defendants violated 42 U.S.C. §1985 and conspired with others each acting in concert through individual actions to meet their collective goal of denying Plaintiff the right to hold public office.

**A. Defendants' Claim on Rule 12(b)(6), Fed. R. Civ. Pro. - A claim on which relief can be granted,**

10. As required by this Court in the Order striking Plaintiff's Original Complaint, the Third Amended Complaint was specifically amended to address the elements required to prove a violation of 42 U.S.C. §1985 to include:

**(1)Preventing officer from performing duties**

(2) two or more persons (2) in any State or Territory conspire to prevent, by force, intimidation, or threat, (3) any person from accepting or holding any office, trust, or (4) place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

11. The Defendants acted in concert with other defendants and Lake City Reporter and Wilson used the news media to communicate their intended efforts to other defendants despite its ongoing duty as a member of the Florida Press Association stated in Article 2.0

*“.....to protect the freedom and advance the ethical standards of the Press of Florida; to promote and encourage higher standards of journalism to the benefit of the industry and the public; to promote and advance the unity, wisdom and justice of the Press; to aid and advance the study and teaching of journalism; to encourage and promote a better understanding between the public and the Press;” (2019, July,12)* Florida Press Association *Constitution And Bylaws. “Retrieved” August 18, 2022.* [*https://flpress.com/*](https://flpress.com/)

12. In its response, the Defendants cite Harmon v. Orlando Florida Sentinel, 1991 U.S. Dist. Lexis 14329, *8 (M.D. Fla. 1991) as it explains the action of the newspaper was merely a publication and without proper citation, Plaintiff cannot review the case.

13. In a Committee of Seven Thousand v. Superior Court (1988) 45 Cal. 3d 491, 501 [247 Cal. Rptr. 362, 754 P.2d 708].) Section 47 states: "A privileged publication or broadcast is one made ... [¶] 3. In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or (3) who is requested by the person interested to give the information. The Court found that the statutory language contains no reference

to a "public interest" or any special privilege for the news media. If the Legislature had intended to create a broad public-interest privilege for the news media, the Legislature could easily have done so in reasonably clear language.

14. On November 18, 2021, Defendants published advice in the Lake City Reporter to an audience of subscribers that the Defendants Lake City Council should violate the law, not seat the Plaintiff, and accept the consequences of the seat remaining unfilled despite the requirement that the seat is filled within sixty days of the vacancy. (See **Exhibit C**)

15. Defendant Wilson and the Lake City Reporter used the publication to shape public opinion about the character of Plaintiff and the options available to the Defendant Lake City Council in concert with co-conspirators to further the ongoing efforts and strategy of each.

16. The Defendants in this case used the local news media to complete the coordinated action and further the conspired efforts. In choosing to “advise” co-conspirators to violate the law, the words of Wilson and the acceptance of the Lake City Reporter to allow the undue bias and influence on the public stop being a protected act.

**B. Defendants Claim on Rule 8(a) Fed. R. Civ. Pro. - Dismissal**

*(a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:*

> *(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;*
> *(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and*
> *(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.*

17. To adequately plead a claim for relief, Federal Rules of Civil Procedure 8(a)(2) requires, "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests" citing Conley v. Gibson, 355 U.S. 41, 47 (1957).

18. Under Federal Rules of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." see, Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550, U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover, see Linder v. Portocarrero, 963 d.2d 332, 334-36 (11th Cir. 1992)

19. Prose complaints must be held to less stringent standards than formal pleadings drafted by lawyers Erickson v. Pardus, U.S. 89, 94 (2007).

20. Plaintiff has met with legal aid on three occasions and consulted with two lawyers on the rules, pleadings, and notices from this Court to ensure a better understanding and avoid wasting the resources of time both for the court and experienced lawyers.

21. Plaintiff exerts the time and personal resources to clarify the practices of the defendants in the interest of protecting democracy for the good of the public interest.

22. Plaintiff does this while actively campaigning for the exact seat denied on November 1, 2021, in the exact same environment where the practices of these defendants have gone unchecked without the court's clarification and providing ongoing confusion to the citizens.

23. The standards for dismissal are articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) both of which track the language in Rule 12(b)(6).

24. The courts have ruled that conspiracy claims must be pled with some degree of specificity and..conclusory allegations unsupported by material facts will not be sufficient to state such a claim. Gutierrez v. Lynch, 826 F. 2d 1534, 1539 (6th Cir. 1987) and

likewise the length of Plaintiff's Complaint was necessary to provide the specificity to support the material facts alleged.

25. Plaintiff's complaint states a plausible claim that the Defendants took coordinated actions with conspirators to prevent Plaintiff from holding public office, receiving due process, and violated her civil rights by aligning defamatory claims of conspirators and using the local newspapers to circulate unlawful influence to members of the public and continue to do so Gutierrez v. Lynch, 826 F,2d 1534, 1539 (6th Cir. 1987).

26. Defendants continue to interfere with the election process and show ongoing efforts to make defame, mockery of the Plaintiff, and unduly influence public opinion as shown in the recent article published on August 16, 2022 where Defendants published Plaintiff's necessity to seek emergency medical services with inaccurate information in violation of 45 C.F.R. § 164.500, that was neither obtained legally nor was privacy waived by the Plaintiff when she provided the Court her unavailability for a hearing or requesting an extended deadline. *Ciox Health, LLC v. Azar, et al.*, No. 18-cv-0040 (D.D.C. January 23, 2020 (See **Exhibit D**)

Wherefore, for these reasons listed Plaintiff prays that this court denies the Motion to Dismiss by the Lake City Reporter and Wilson.

Respectfully submitted on this 18th day of August, 2022.

Befaithful Coker
PO Box 15
Lake City, Florida 32056
befaithfulcoker@gmail.com

## Exhibit List

| | |
|---|---|
| Exhibit A | Published Articles September 10th and 21st 2021 |
| Exhibit B | Published Article October 27, 2021 |
| Exhibit C | Published Article November 18, 2021 |
| Exhibit D | Published Article August 16, 2022 |

# UNITED STATES DISTRICT COURT

For the
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BEFAITHFUL COKER,

Plaintiffs, CASE NO.:**322-CV-518-MMH-LLL**

vs.

SLYVESTER WARREN, III, et. al.

Defendants.

## **CERTIFICATE OF SERVICE**

The RESPONSE TO THE MOTION TO DISMISS BY DEFENDANTS NORTHEAST FLORIDA NEWSPAPER, LLC ("Lake City Reporter") AND TODD WILSON ("Wilson") was delivered to each Defendant below via email on August 18, 2022.

a. LUCAS JORDAN TAYLOR
Sellers, Taylor & Morrison, PA
108 W Howard St
Live Oak, FL 32064
lucas.taylor@suwanneelawyers.com

    i. SYLVESTER WARREN III,
    Defendant Warren

    ii. JUSTICE AND EQUALITY COALITION, INCORPORATED
    Defendant Agents Equality

iii. STEPHEN DOUGLAS
Defendant Douglas

iv. GLENEL BOWDEN
Defendant Bowden

v. VANESSA GEORGE
Defendant George

vi. NATHAN GAMBLES
Defendant Gambles

b. William B. Armistead
Coppins Monroe, P.A.
1319 Thomaswood Dr.
Tallahassee, FL 32308
warmistead@coppinsmonroe.com

i. CHRISTOPHER TODD SAMPSON
Defendant Sampson

c. Susan Smith Erdeyi
Marks Gray, PA
1200 Riverplace Boulevard, Suite 800
Jacksonville, FL 32207
SErdelyi@marksgray.com
Jmcduffie@marksgray.com

i. AUDREY SIKES
Defendant Deputy Supervisor

ii. CITY COUNCIL OF LAKE CITY FLORIDA
Defendant City Council

iii. JAKE HILL
Defendant HilL

iv. EUGENE JEFFERSON
Defendant Jefferson

v. STEPHEN WITT

Defendant Witt

vi. FRED KOBERLEIN JR.
Defendant City Attorney

vii. CHRISTOPHER TODD SAMPSON
Defendant Sampson

d. Jennifer C. Biewend
Robinson, Keenon, and Kendrom, PA
jcb@rkkattorneys.com
655 NW Lona Loop
Lake City, FL 32025

i. KRIS BRADSHAW ROBINSON
Defendant Robinson

e. Stephanie Roman Caban, Esquire
McConnaughhay, Coonrod, Pope, Weaver & Stern, P.A.
1709 Hermitage Boulevard, Suite 200
Tallahassee FL 32308
SRomancaban@mcconnaughhay.com

i. TOMI BROWN
Defendant Brown

ii. COLUMBIA COUNTY BOARD OF COUNTY COMMISSIONERS
Defendant CCBCC

iii. RONALD WILLIAMS
Defendant Williams

iv. JOEL FLETCHER FOREMAN
Defendant Foreman

f. Brooks C. Ratchet
Bromagen, Ratchet, Klee & Smith PA
628 Atlantic Boulevard
Atlantic Beach, FL 32233
eservice@bromagenlaw.com

i. NORTHEAST FLORIDA NEWSPAPERS, LLC
Defendant Reporter

ii. TODD WILSON
Defendant Wilson

g. Robert Bruce George Liles Firm, PA
50 N. Laura St.
Jacksonville, FL 32202
Rgeorge@thelilesfirm.com

i. LAKE CITY, COLUMBIA COUNTY CHAMBER OF COMMERCE
Defendant Lake City Reporter

ii. STEVE SMITH
Defendant Smith

h. Ashley Davis
Ashley.Davis@dos.myflorida.com

i. SECRETARY OF STATE
Defendant Secretary

i. Christopher Torres
christopher.torres@myfloridalegal.com
joann.mrazek@myfloridalegal.com
steven.holcomb@myfloridalegal.com

i. DAVID FINA
Defendant Fina

August 18, 2022

Befaithful Coker, Pro Se
Po Box 15
Lake City, Florida 32056
386.697.6075
Befaithfulcoker@g