# UNITED STATES DISTRICT COURT

For the
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BEFAITHFUL COKER,

Plaintiffs, CASE NO.:**322-CV-518-MMH-LLL**

vs.

SYLVESTER WARREN, III, et al.

Defendants.

**PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS BY DEFENDANT KRIS ROBINSON**

COMES NOW, the Plaintiff, BEFAITHFUL COKER, who files this RESPONSE TO THE MOTION TO DISMISS BY DEFENDANT KRIS ROBINSON in accordance with Federal Rules of Civil Procedure in the US Middle District Court of Florida Jacksonville Division.

1. Plaintiff alleges actions of Defendant Robinson contributed to violations in two counts in the Third Amended Complaint including Counts I and IX.
2. In Count I, Plaintiff alleges Defendant participated in the actions taken by other conspiring Defendants in violation of the Florida *Whistleblower Act 112.3187.*

3. As a citizen concerned with the criminal activity of citizens, public officials, and members of the Florida bar being conducted within the City of Lake City and within Columbia County, Plaintiff made complaints to among others the City of Lake City, providing documentation in support of a relationship between conspirators including Defendant Robinson and Defendant Sylvester Warren in questionable business dealings immediately following Defendant Warren's release from federal prison stemming from a 33 million dollar drug trafficking scheme that Warren now publicly implements public officials he claims he kept from going to federal prison (See **Exhibit A**).

4. Instead of addressing the concerns raised to the City Council in Plaintiff's complaint to the City of Lake City, Defendant City Council informed the subjects of the complaint of her reports and those parties joined the efforts of other conspirators in efforts to censor my expressions of concern.

5. Plaintiff's evidence will show that as she expressed concerns Defendants provided that information to the parties complained about when the information and her identity created threats of harm and intimidation to Plaintiff and her family.

6. Plaintiff alleges that Defendant Robinson chose to represent the City of Lake City after six lawyers declined according to Defendant Koberlein because of his being a subject to which Plaintiff blew the whistle.

7. Plaintiff will show a pattern of behavior and actions of Defendants Robinson and conspirators who used elections and access to justice as a means of control and attempts to stage desired candidates in particular positions, consistent with the federal investigation into the conviction of another member of the Florida Bar under oath, in the public domain as an Unclassified Report (**Exhibit B**).

8. Plaintiff will show the relationship Defendant Robinson had with Defendant Warren was a secret in the community that when exposed altered the conspiracy plan and the efforts to silence Plaintiff by any means necessary were visible throughout the community and witnesses will testify about their firsthand knowledge with Defendants. (**Exhibit A**).

9. Plaintiff alleges in Count IX that Defendant Robinson along with other conspirators used their individual efforts to further their goal of violating the right of Plaintiff to hold public office violation of Title 42, United States Code, §1985.

10. Plaintiff alleges that Defendants (1)Prevented her from performing

duties (2) *conspired to prevent, by force, intimidation, or threat, (3) any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof;*

11. Count IX arises from Plaintiff being appointed to the Lake City Council to fill a vacancy created by a resigning council member for District 14 on October 26, 2021.

12. Kris Bradshaw Robinson is a member of the Florida Bar and as such Robinson is bound by the Florida Bar Creed of Professionalism:

> *"I revere the law, the judicial system, and the legal profession and will at all times in my professional and private lives uphold the dignity and esteem of each.*
>
> *I will further my profession's devotion to public service and to the public good.*
>
> *I will strictly adhere to the spirit as well as the letter of my profession's code of ethics, to the extent that the law permits and will at all times be guided by a fundamental sense of honor, integrity, and fair play.*
>
> *I will not knowingly misstate, distort, or improperly exaggerate any fact or opinion and will not improperly permit my silence or inaction to mislead anyone.*
>
> *I will conduct myself to assure the just, speedy and inexpensive determination of every action and resolution of every controversy.*
>
> *I will abstain from all rude, disruptive, disrespectful, and abusive behavior and will at all times act with dignity, decency, and courtesy.*
>
> *I will respect the time and commitments of others.*
>
> *I will be diligent and punctual in communicating with others and in fulfilling commitments.*
>
> *I will exercise independent judgment and will not be governed by a client's ill will or deceit.*

*My word is my bond."*

13. The Third Circuit Court of Columbia County, Florida Case No. 2021-CA-00288, Coker vs. City of Lake City, and Audrey Sikes issued a Self Executing Order to seat Plaintiff on November 8, 2021. (**Exhibit C**)

14. According to Defendant Koberlein, Defendant Robinson was secured by the City of Lake City for legal representation on November 29, 2021, after being turned down by atleast four (4) other lawyers.

15. As of today, the City of Lake City has not complied with the Self-Executing Order.

16. As of today, the Court has not scheduled a hearing on the merits, and the court proceeding has been used as an attempt to further the request of Robinson's business partner Warren to delay the court hearing until the actual election, despite the City Council of Lake City having a requirement to fill the seat within sixty days of the vacancy to remain in compliance with state statutes. (See **Exhibit D**)

**Defendants Claim on Rule 8(a) Fed. R. Civ. Pro. and Rule 12(b)(6), Fed. R. Civ. Pro.- a claim for relief**

17. Defendant asks this Court to grant a Motion to dismiss for failure of the complaint to state a claim on which relief can be granted,

18. Plaintiff alleges in Count IX that the Defendants violated 42 U.S.C. §1985 and conspired with others each acting in concert through individual actions to meet their collective goal of denying Plaintiff the right to hold public office.

19. As required by this Court in the Order striking Plaintiff's Original Complaint, the Third Amended Complaint was specifically amended to address the elements required to prove a violation of 42 U.S.C. §1985 to include:

(1)Preventing officer from performing duties

(2) two or more persons (2) in any State or Territory conspire to prevent, by force, intimidation, or threat, (3) any person from accepting or holding any office, trust, or (4) place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

20. Plaintiff alleges that two or more defendants, the most of which have a connection resulting from the multiple expressed concerns of in the whistleblowing allegations of Count I, using their individual efforts to prevent Plaintiff from holding public office.

21. Plaintiff alleges that the effort of Defendant Robinson incorporated his role as lawyer for the City Council and he would later be rewarded with a contract as City Attorney to replace Defendant Koberlein where no other lawyer applied.

22. Plaintiff alleges that Defendant assisted in the effort to delay Plaintiff's access to justice, due process, and ultimately holding public office in his claims of month-long scheduling unavailability for requested hearing dates.

23. Plaintiff alleges in one of multiple instances Defendant scheduled hearing dates during times when Plaintiff was unavailable (See **Exhibit E**).

24. Plaintiff alleges the Defendants released her protected health record to the media in attempt to discredit her fitness to the public and continue to influence the election by disclosing inaccurate information in violation of 45 C.F.R. § 164.500 that was neither obtained legally nor was privacy waived by the Plaintiff when she provided the Court her unavailability for a hearing or requesting an

extended deadline. *Ciox Health, LLC v. Azar, et al.*, No. 18-cv-0040 (D.D.C. January 23, 2020)(See **Exhibit F** )

25. Further, Plaintiff will show the coordinated action included a benefit to each party and for Defendant Robinson, it awarded him the contract as the City Attorney without any competition for the role on August 15, 2022.

26. To adequately plead a claim for relief, Federal Rules of Civil Procedure 8(a)(2) requires, "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests" citing Conley v. Gibson, 355 U.S. 41, 47 (1957).

27. Under Federal Rules of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." see, Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550, U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory

on which the plaintiff may recover, see Linder v. Portocarrero, 963 d.2d 332, 334-36 (11th Cir. 1992)

28. Pro se complaints must be held to less stringent standards than formal pleadings drafted by lawyers Erickson v. Pardus, U.S. 89, 94 (2007).

29. Plaintiff has met with legal aid on three occasions and consulted with two lawyers on the rules, pleadings, and notices from this Court to ensure a better understanding and avoid wasting the resources of time both for the court and experienced lawyers.

30. Plaintiff exerts the time and personal resources to clarify the practices of the defendants in the interest of protecting democracy for the good of the public interest.

31. Plaintiff does this while actively campaigning for the exact seat denied on November 1, 2021, in the exact same environment where the practices of these defendants have gone unchecked without the court's clarification and providing ongoing confusion to the citizens.

32. The standards for dismissal are articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) both of which track the language in Rule 12(b)(6).

33. Plaintiff's complaint states a plausible claim that the Defendants took coordinated actions with conspirators to prevent Plaintiff from

holding public office, receiving due process, and violated her civil rights by aligning defamatory claims of conspirators and using the local newspapers to circulate unlawful influence to members of the public and continue to do so Gutierrez v. Lynch, 826 F.2d 1534, 1539 (6th Cir. 1987).

Wherefore, for these reasons listed Plaintiff prays that this court denies the Motion to Dismiss by Defendant Kris Bradshaw Robinson.

Respectfully submitted on this 18th day of August, 2022.

BCoker
Befaithful Coker
PO Box 15
Lake City, Florida 32056
befaithfulcoker@gmail.c

# UNITED STATES DISTRICT COURT

For the
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BEFAITHFUL COKER,

Plaintiffs, CASE NO.:**322-CV-518-MMH-LLL**

vs.

SLYVESTER WARREN, III,et al.

Defendants.

## **CERTIFICATE OF SERVICE**

The RESPONSE TO THE MOTION TO DISMISS BY DEFENDANT KRIS ROBINSON was delivered to each Defendant below via email on August 18, 2022.

a. LUCAS JORDAN TAYLOR
Sellers, Taylor & Morrison, PA
108 W Howard St
Live Oak, FL 32064
lucas.taylor@suwanneelawyers.com

  i. SYLVESTER WARREN III,
  Defendant Warren

  ii. JUSTICE AND EQUALITY COALITION, INCORPORATED
  Defendant Agents Equality

  iii. STEPHEN DOUGLAS
  Defendant Douglas

iv. GLENEL BOWDEN
Defendant Bowden

v. VANESSA GEORGE
Defendant George

vi. NATHAN GAMBLES
Defendant Gambles

b. William B. Armistead
Coppins Monroe, P.A.
1319 Thomaswood Dr.
Tallahassee, FL 32308
warmistead@coppinsmonroe.com

i. CHRISTOPHER TODD SAMPSON
Defendant Sampson

c. Susan Smith Erdeyi
Marks Gray, PA
1200 Riverplace Boulevard, Suite 800
Jacksonville, FL 32207
SErdelyi@marksgray.com
Jmcduffie@marksgray.com

i. AUDREY SIKES
Defendant Deputy Supervisor

ii. CITY COUNCIL OF LAKE CITY FLORIDA
Defendant City Council

iii. JAKE HILL
Defendant HilL

iv. EUGENE JEFFERSON
Defendant Jefferson

v. STEPHEN WITT
Defendant Witt

vi. FRED KOBERLEIN JR.
Defendant City Attorney

vii. CHRISTOPHER TODD SAMPSON
Defendant Sampson

d. Jennifer C. Biewend
Robinson, Keenon, and Kendrom, PA
jcb@rkkattorneys.com
655 NW Lona Loop
Lake City, FL 32025

i. KRIS BRADSHAW ROBINSON
Defendant Robinson

e. Stephanie Roman Caban, Esquire
McConnaughhay, Coonrod, Pope, Weaver & Stern, P.A.
1709 Hermitage Boulevard, Suite 200
Tallahassee FL 32308
SRomancaban@mcconnaughhay.com

i. TOMI BROWN
Defendant Brown

ii. COLUMBIA COUNTY BOARD OF COUNTY COMMISSIONERS
Defendant CCBCC

iii. RONALD WILLIAMS
Defendant Williams

iv. JOEL FLETCHER FOREMAN
Defendant Foreman

f. Brooks C. Ratchet
Bromagen, Ratchet, Klee & Smith PA
628 Atlantic Boulevard
Atlantic Beach, FL 32233
eservice@bromagenlaw.com

i. NORTHEAST FLORIDA NEWSPAPERS, LLC
Defendant Reporter

ii. TODD WILSON
Defendant Wilson

g. Robert Bruce George Liles Firm, PA
50 N. Laura St.
Jacksonville, FL 32202
Rgeorge@thelilesfirm.com

i. LAKE CITY, COLUMBIA COUNTY CHAMBER OF COMMERCE
Defendant Lake City Reporter

ii. STEVE SMITH
Defendant Smith

h. Ashley Davis
Ashley.Davis@dos.myflorida.com

i. SECRETARY OF STATE
Defendant Secretary

i. Christopher Torres
christopher.torres@myfloridalegal.com
joann.mrazek@myfloridalegal.com
steven.holcomb@myfloridalegal.com

i. DAVID FINA
Defendant Fina

August 18, 2022

Befaithful Coker, Pro Se
Po Box 15
Lake City, Florida 32056
386.697.6075
Befaithfulcoker@g