# UNITED STATES DISTRICT COURT

For the
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BEFAITHFUL COKER,

Plaintiffs, CASE NO.:**322-CV-518-MMH-LLL**

vs.

SYLVESTER WARREN, III, et al.

Defendants.

**PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS BY DEFENDANTS LAKE CITY, COLUMBIA COUNTY CHAMBER OF COMMERCE and STEVE SMITH**

COMES NOW, the Plaintiff, BEFAITHFUL COKER, who files this RESPONSE TO THE MOTION TO DISMISS BY DEFENDANTS LAKE CITY, COLUMBIA COUNTY CHAMBER OF COMMERCE and STEVE SMITH in accordance with Federal Rules of Civil Procedure in the US Middle District Court of Florida Jacksonville Division.

1. Plaintiff alleges actions of Defendants Chamber and Smith contributed to violations in Count IX of the Third Amended Complaint.

2. Count IX arises from Plaintiff being appointed to the Lake City Council to fill a vacancy created by a resigning council member for District 14 on October 26, 2021.

3. On November 1, 2021, Steve Smith admittedly wore two hats, one representing the Chamber and one he stated he was representing himself.

4. Defendant Chamber is organized under 501.973 Chambers of commerce.— and serves under Section (1)(b) and (1)(b) 1. of that section as:

*(1) For the purposes of this section:*

*(a) "Business entity" means any corporation, partnership, limited partnership, proprietorship, firm, enterprise, franchise, association, self-employed individual, or trust, whether fictitiously named or not, doing business in this state.*

*(b) "Chamber of commerce" means a voluntary membership, dues-paying organization of business and professional persons dedicated, as stated in the articles of incorporation or bylaws of the organization, to improving the economic climate and business development of the community, area, or region in which the organization is located and which:*

> *1. Operates as an approved not-for-profit corporation under chapter 617 and as a corporation or association qualified for tax-exempt status under s. 501(c)(3) or s. 501(c)(6) of the Internal Revenue Code of 1986, as amended.*

5. Defendant Chamber is tax-exempt organization under the Internal Revenue Code, all section 501(c)(3) and likewise:

*"Organizations are absolutely prohibited from directly or indirectly participating in, or intervening in, any political campaign on behalf of (or in opposition to) any candidate for elective public office. Contributions to political campaign funds or public statements of position (verbal or written) made on behalf of the organization in favor of or in opposition to any candidate for public office clearly violate the prohibition against political campaign activity. Violating this prohibition may result in denial or revocation of tax-exempt status and the imposition of certain excise taxes."*

6. Plaintiff alleges in Count IX that the Defendants violated 42 U.S.C. §1985 and conspired with others each acting in concert through individual actions to meet their coordinated goal of denying Plaintiff the right to hold public office.

7. This Court in the Order striking Plaintiff's Original Complaint provided specific requirements Plaintiff made good faith efforts to satisfy by conducting three meetings with Legal Aid, consulting with two lawyers, and reviewing the appropriate federal rules, resulting in the Third Amended Complaint.

8. Plaintiff alleges the Defendants took coordinated actions to violate Plaintiff's rights under 42 U.S.C. §1985 to include:

(*1)Preventing officer from performing duties"*

*(2) two or more persons (2) in any State or Territory conspire to prevent, by force, intimidation, or threat, (3) any person from accepting or holding any office, trust........ "*

9. Plaintiff alleges that the Defendants took coordinated actions that violated the rules governing a Chamber of Commerce under Florida Statute and IRS 501 (c)(3) rules and advocated support for the appointment of Defendant Steven Douglas on November 1, 2021.

10. Plaintiff further alleges that Defendant Smith and Defendant Chamber alone represent two parties but Plaintiff will demonstrate with evidence and witnesses that all defendants exercised coordinated actions that collectively met the goal of delaying and preventing Plaintiff from holding public office and executing her duties as a public official.

11. Defendants represented to the public on November 1, 2021 that the City was best served with Defendant Douglas, "who looked like the type of person that would attract a Jeff Bezos to Lake City".

12. Defendant knew that Defendant Douglas was the only white male on October 26, 2021, being considered for the appointment to the City Council.

13. Defendant knew that on October 26, 2021, Plaintiff was a black, female and the only other contender was a black, male.

14. Defendant knew that citizens and businesses were in attendance at the meeting on October 26, 2021, and should have known that the position he offered would suggest that only white, males could attract Jeff Bezos, and therefore any selection to the contrary would prevent the City of Lake City an opportunity to be considered by Jeff Bezos In the absence of their selection of Defendant Douglas.

15. Defendants had no reason to believe that Jeff Bezos Had expressed any interest in doing business with the City of Lake City and his statement was made from information that was either false or not available in the public domain.

16. Defendants' position to be involved in forbidden acts of supporting any political candidate was in direct violation of the federal rules and the rules in which the Chamber is organized under State law.

17. To adequately plead a claim for relief, Federal Rules of Civil Procedure 8(a)(2) requires, “a short and plain statement of the claim showing that the pleader is entitled to relief,” in order to “give the defendant fair notice of what the claim is and the grounds upon which it rests” citing Conley v. Gibson, 355 U.S. 41, 47 (1957).

18. Under Federal Rules of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate “enough facts to state a claim to relief that is plausible on its face,”

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." see, Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550, U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover, see Linder v. Portocarrero, 963 d.2d 332, 334-36 (11th Cir. 1992)

19. Pro Se complaints must be held to less stringent standards than formal pleadings drafted by lawyers Erickson v. Pardus, U.S. 89, 94 (2007).

20. Plaintiff has met with legal aid on three occasions and consulted with two lawyers on the rules, pleadings, and notices from this Court to ensure a better understanding and avoid wasting the resources of time both for the court and experienced lawyers.

21. Plaintiff exerts the time and personal resources to clarify the practices of the defendants in the interest of protecting democracy for the good of the public interest.

22. Plaintiff does this while actively campaigning for the exact seat denied on November 1, 2021, in the exact same environment where

the practices of these defendants have gone unchecked without the court's clarification and providing ongoing confusion to the citizens.

23. The standards for dismissal are articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) both of which track the language in Rule 12(b)(6).

24. Plaintiff's complaint states a plausible claim that the Defendants took coordinated actions with conspirators to prevent Plaintiff from holding public office, receiving due process, and violated her civil rights by aligning defamatory claims of conspirators and using the local newspapers to circulate unlawful influence to members of the public and continue to do so Gutierrez v. Lynch, 826 F.2d 1534, 1539 (6th Cir. 1987).

Wherefore, for these reasons listed Plaintiff prays that this court denies the Motion to Dismiss by Defendants Chamber and Smith.

Respectfully submitted on this 18th day of August 2022.

Befaithful Coker
PO Box 15
Lake City, Florida 32056
befaithfulcoker@gmail.c

# UNITED STATES DISTRICT COURT

For the
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BEFAITHFUL COKER,

Plaintiffs, CASE NO.:**322-CV-518-MMH-LLL**

vs.

SLYVESTER WARREN, III, et. al.

Defendants.

## CERTIFICATE OF SERVICE

The RESPONSE TO THE MOTION TO DISMISS BY DEFENDANTS LAKE CITY, COLUMBIA COUNTY CHAMBER OF COMMERCE, and STEVE SMITH was delivered to each Defendant below via email on August 18, 2022.

a. LUCAS JORDAN TAYLOR
Sellers, Taylor & Morrison, PA
108 W Howard St
Live Oak, FL 32064
lucas.taylor@suwanneelawyers.com

i. SYLVESTER WARREN III,
Defendant Warren

ii. JUSTICE AND EQUALITY COALITION, INCORPORATED
Defendant Agents Equality

iii. STEPHEN DOUGLAS
Defendant Douglas

iv. GLENEL BOWDEN
Defendant Bowden

v. VANESSA GEORGE
Defendant George

vi. NATHAN GAMBLES
Defendant Gambles

b. William B. Armistead
Coppins Monroe, P.A.
1319 Thomaswood Dr.
Tallahassee, FL 32308
warmistead@coppinsmonroe.com

i. CHRISTOPHER TODD SAMPSON
Defendant Sampson

c. Susan Smith Erdeyi
Marks Gray, PA
1200 Riverplace Boulevard, Suite 800
Jacksonville, FL 32207
SErdelyi@marksgray.com
Jmcduffie@marksgray.com

i. AUDREY SIKES
Defendant Deputy Supervisor

ii. CITY COUNCIL OF LAKE CITY FLORIDA
Defendant City Council

iii. JAKE HILL
Defendant HilL

iv. EUGENE JEFFERSON
Defendant Jefferson

v. STEPHEN WITT
Defendant Witt

vi. FRED KOBERLEIN JR.
Defendant City Attorney

vii. CHRISTOPHER TODD SAMPSON
Defendant Sampson

d. Jennifer C. Biewend
Robinson, Keenon, and Kendrom, PA
jcb@rkkattorneys.com
655 NW Lona Loop
Lake City, FL 32025

i. KRIS BRADSHAW ROBINSON
Defendant Robinson

e. Stephanie Roman Caban, Esquire
McConnaughhay, Coonrod, Pope, Weaver & Stern, P.A.
1709 Hermitage Boulevard, Suite 200
Tallahassee FL 32308
SRomancaban@mcconnaughhay.com

i. TOMI BROWN
Defendant Brown

ii. COLUMBIA COUNTY BOARD OF COUNTY COMMISSIONERS
Defendant CCBCC

iii. RONALD WILLIAMS
Defendant Williams

iv. JOEL FLETCHER FOREMAN
Defendant Foreman

f. Brooks C. Ratchet
Bromagen, Ratchet, Klee & Smith PA
628 Atlantic Boulevard
Atlantic Beach, FL 32233
eservice@bromagenlaw.com

i. NORTHEAST FLORIDA NEWSPAPERS, LLC
Defendant Reporter

ii. TODD WILSON
Defendant Wilson

g. Robert Bruce George Liles Firm, PA
50 N. Laura St.
Jacksonville, FL 32202
Rgeorge@thelilesfirm.com

i. LAKE CITY, COLUMBIA COUNTY CHAMBER OF COMMERCE
Defendant Chamber

ii. STEVE SMITH
Defendant Smith

h. Ashley Davis
Ashley.Davis@dos.myflorida.com

i. SECRETARY OF STATE
Defendant Secretary

i. Christopher Torres
christopher.torres@myfloridalegal.com
joann.mrazek@myfloridalegal.com
steven.holcomb@myfloridalegal.com

i. DAVID FINA
Defendant Fina

August 18, 2022

B Coker

Befaithful Coker, Pro Se
Po Box 15
Lake City, Florida 32056
386.697.6075
Befaithfulcoker@gmail