# UNITED STATES DISTRICT COURT

For the
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BEFAITHFUL COKER,

Plaintiffs, CASE NO.:**322-CV-518-MMH-LLL**

vs.

SYLVESTER WARREN, III, et al.

Defendants.

**PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS BY DEFENDANT TODD SAMPSON**

COMES NOW, the Plaintiff, BEFAITHFUL COKER, who files this RESPONSE TO THE MOTION TO DISMISS BY DEFENDANT TODD SAMPSON (Document No. 110) and in accordance with Federal Rules of Civil Procedure in the US Middle District Court of Florida Jacksonville Division.

1. Plaintiff alleges actions of Defendant in Counts I, II, IV, V, VI, IX and XI of the Third Amended Complaint (Document No. 10).
2. Defendant moves this Court for a Motion to Dismiss for reasons specific to the claims of defamation.

**IDENTITY OF THE ALLEGED DEFAMATORY STATEMENTS**

3. To adequately plead a claim for relief, Federal Rules of Civil Procedure 8(a)(2) requires, "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests" citing Conley v. Gibson, 355 U.S. 41, 47 (1957).

4. The Order of this Court (Document No. 5) provided Plaintiff with some, not all of the requirements the Court needed in granting leave for Plaintiff to file the Second Amendment Complaint. Plaintiff amended the Complaint and filed a Third Amended Complaint to effect the removal of parties after conducting review and revisions.

5. Plaintiff remedied the issues raised in the Order of this Court; however, Pro Se complaints must be held to less stringent standards than formal pleadings drafted by lawyers Erickson v. Pardus, U.S. 89, 94 (2007), but Plaintiff made good faith efforts to satisfy the requirements and continue to do so including attending three meetings with Legal Aid, consulting with two lawyers, and reviewing the appropriate federal rules, resulting in the Third Amended Complaint.

6. Plaintiff alleges and will support through the testimony of witnesses that Defendant Sampson maliciously made reports to residents of District 14 and throughout Lake City, some of which were known to support Plaintiff, defaming statements he knew to be untrue including; Plaintiff caused a previous Georgia residence to be burned to relocate to Florida and that all support should be withdrawn to Plaintiff, Plaintiff was a woman of sexually immoral character. Defendant Sampson made reports to people he knew had access to the minor children of Plaintiff where both his and Plaintiff's children attended the same school and shared that Plaintiff was financially unfit to hold public office because he was aware that she once received public assistance when he sat on the Florida Crown Workforce Board that reviewed a claim made by the Plaintiff a decade earlier.

7. Sampson knew the information was false and did not care about the emotional impact his statements would have on the Plaintiff or her minor children.

8. Defendant made statements that Plaintiff was convicted of a felony when the facts available would show that was not true.

9. The Defendant made statements that Plaintiff intentionally burned her residence in Georgia when facts available would show that was not true.

10. The Defendant made statements that Plaintiff financially incapable of providing for her children when facts available would show that was not true.

11. Defendants used those defaming statements in concert with the actions of others to justify preventing Plaintiff from holding public office and caused irreparable harm to the Plaintiff.

12. The Defendant's statements in concert with his actions removed Plaintiff's ability to obtain meaningful experience from the loss of opportunity to hold public office, along with the ongoing damage to her reputation, and removal of the right to live securely in peaceful enjoyment.

13. Plaintiff alleges that these defaming statements were made by the Defendant after he learned the Plaintiff provided information protected under the Whistleblower Acts and the Defendant would go on join the efforts of co-conspirators in blocking the Plaintiff at each opportunity to include preventing her from holding public office after being appointed on October 26, 2021, and furthering their acts to damage the reputation of unduly influence the public to

reduce any chances of Plaintiff being successful in a subsequent election.

14. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." see, Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550, U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover, see Linder v. Portocarrero, 963 d.2d 332, 334-36 (11th Cir. 1992).

15. If the Court draws the reasonable inference that the Defendant in fact did as the evidence shows, make defaming statements to members of the public, and allow others to hear those statements from co-conspirators in public meetings of the municipal body, the intentions of the Defendants is made clear.

16. To establish defamation, a plaintiff must show that (1) the defendant published a false statement about the plaintiff, (2) to a third party, and (3) the falsity of the statement caused injury to the plaintiff. Valencia v. Citibank Int'l.,728 So.2d 330 (Fla. 3d DCA 1999). The verbal statements made by the Defendants are defamation Hancock v. Piper, 186 So.2d 489 (Fla. 1966); Johnson v. Boyd-Richardson Co., 650 F.2d 147 (8th Cir. 1981). Here the

Defendant knew his statements were false when he made them to a third party, and knew the statements would damage the reputation of Plaintiff, humiliated the children of Plaintiff in an environment where they expected to be safe, and the statements were used to prejudice the Plaintiff and justify the actions of others denying her right to hold public office.

17. When bringing a cause of action for defamation based on oral statements, Hoch v. Rissman, Weisberg, Barrett, 742 So. 2d 451 (Fla. App. 1999) a plaintiff need not set out the defamatory language verbatim; it is sufficient that the plaintiff set out the substance of the spoken words with sufficient particularity to enable the court to determine whether the publication was defamatory. Edward L. Neziek, Inc. v. Sunbeam Television Corp. 413 So 2s 51, 55 (Fla. 3d DCA 1982).

**PLAINTIFF IS A PUBLIC FIGURE**

18. Defendant claims that Plaintiff fails to show malice as a requirement of Plaintiff being a "public figure" and defines Plaintiff as a public figure because of her self-identification as a "community activist who makes both public and protected disclosures concerning local government"; however, Defendant fails to explain why bringing groups of young people from ages 3 to 18, to public

meetings to learn about how the government functions, organizing events to clean up debris throughout communities, organizing meals for seniors homebound due to health emergencies such as Covid, organizing art and cultural events, volunteering at local schools, and speaking to local government about partnerships qualifies Plaintiff for being subjected to the defaming statements made by the Defendant.

19. Even as a “community activists” the Defendant’s defaming statements concerning Plaintiff’s chastity, her finances, residence or the like while he jogged in the public, and shared the information with people he knew worked or attended the school of Plaintiff’s children would serve only to prejudice and create bias against the Plaintiff and cause her damage to her reputation and humiliation for her children.

20. Defendant made defaming statements in the public and used the statements to first tarnish the reputation of Plaintiff as she made protected disclosures about his personal business dealings with the City of Lake City in concert with co-conspirators.

21. Defendant learned that Plaintiff divulged his business failed to comply with the occupational requirements of the City Ordinance,

not in a public forum but in a closed meeting with the Director of Growth Management.

22. Defendant learned that Plaintiff disclosed his interests in the financial transaction wherein the City made a real estate purchase of the property known as the Millenium transaction, where the Defendant himself had a personal interest in the negotiations having previously committed to the purchase himself and failing to disclose his conflict. The disclosure made by Plaintiff was not public but made in discussions with officials and co-conspirators Plaintiff did not know at the time were co-conspirators of Defendant.

23. Plaintiff made no such public disclosure about Defendant and at no time does Plaintiff knowingly make statements to public bodies naming individual citizens but in fact, practices to prevent the personal attacks and defamation Defendant suggest Plaintiff should expect because she advocates for safe communities, adequate support to young people, and fiscally responsible spending of government in open and transparent dealings.

24. Plaintiff is not a public figure but a visible figure that does not waive any rights as such and does not warrant the receipt of defaming statements by Defendant or his co-conspirators. In fact,

Defendant's own spouse used social media to publicly compliment the parenting of Plaintiff and thanked her for raising Plaintiff's daughter not to hold grudges and treat others, specifically Defendant's daughter with continued kindness.

**CLAIM OF IMMUNITY**

25. On one occasion a member of the public did attend a public meeting of the City Council and address the appropriateness of Defendant to make defaming statements about Plaintiff, but her testimony will demonstrate that the defaming statements were made by Defendant in his individual capacity with members of the public and she chose the City Council meeting to address his remarks so that it was put on the record.

26. Plaintiff has made no assertion that the defaming statements made by Defendant were in his role as a councilman and fails to determine how the inference is drawn from her Complaint or how immunity would be given.

27. In fact other than hearing Defendant be the only opposing vote on October 26, 2021, when Plaintiff was appointed to the City Council on a vote of 3 to 1, Plaintiff makes no assertion that Defendant made any statement in his official capacity during his execution of his role as a member of the City Council.

28. Plaintiff contends that Defendant made the defaming statements in retaliation for her disclosures about his alleged financial indiscretions with public funds and the management of public funds, to damage her reputation, and justify his actions in concert with co-conspirators with the goal of preventing Plaintiff from holding public office in violation of her protected civil rights.

29. Plaintiff alleges that the email Defendant sent to co-conspirators on October 27, 2022, first to Fred Koberlein and then to Audrey Sikes asking that she share it to other council members was a successful act of using the City lawyer and City Clerk to serve as liaison to his circumvent Florida Sunshine laws and communicate to his co-conspirators that he was trying to undo their appointment of Plaintiff (See **Exhibit A**).

30. Plaintiff alleges the Defendant's defamation and shade communications were actions taken in concert with co-defendants and deliberately failed to uphold the policies in place for conducting meetings of the City Council that would prevent co-conspirators from yelling at the minor children of Plaintiff at public meetings, and making loud and boisterous comments either from the audience or from the podium that was also defaming about the Plaintiff.

31. Plaintiff alleges the Defendants took coordinated actions to violate Plaintiff's rights under 42 U.S.C. §1985 to include:

(*1)Preventing officer from performing duties"*

*(2) two or more persons (2) in any State or Territory conspire to prevent, by force, intimidation, or threat, (3) any person from accepting or holding any office, trust…….. "*

32. To state a claim for civil conspiracy, a plaintiff must allege: (1) an agreement between two or more parties, (2) to do an unlawful act or to do a lawful act by unlawful means, (3) an overt act in furtherance of the conspiracy, and (4) damage to the plaintiff as a result of the act performed in furtherance of it. Walters v. Blankenship, 931 So. 2d 137, 14G (Fla 5th DCA 2006).

33. Plaintiff alleges that Defendant was among the twenty-plus co-conspirators and now co-defendants who acted in agreement to do the unlawful act of preventing her from holding public office and receiving due process using all available resources to forgo the judicial process until the election.

34. A conspirator only needs to know of the scheme and assist in it in some way to be held responsible for all the acts of these conspirators. Charles v. Florida, 988 So.2d at 1160; MP, LLC v. Sterling Holding, LLC, 231 So. 3d 517 (Fla. 3d DCA 2017), there is

no requirement that each co-conspirator commit acts in furtherance of the scheme.

**Conclusion**

35. Under Federal Rules of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In the instant case, Plaintiff revised the complaint only after meeting with legal aid on three occasions and continues to do so along with consultation with two lawyers on the rules, pleadings, and notices from this Court to ensure a better understanding and avoid wasting the resources of time both for the court and experienced lawyers representing the co-conspirators/co-defendants.

36. The standards for dismissal are articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) both of which track the language in Rule 12(b)(6).

37. Plaintiff's complaint states a plausible claim that Defendant made defaming statements as his part in taking coordinated actions with co-conspirators to prevent Plaintiff from holding public office because they learned of her providing information protected under

the Whistleblower Act, and individually and collectively they took overt actions to violate the rights of Plaintiff.

Wherefore, for these reasons listed Plaintiff prays that this court denies the Motion to Dismiss by Defendant.

Respectfully submitted on this 31st day of August 2022.

Befaithful Coker
PO Box 15
Lake City, Florida 32056
befaithfulcoker@gmail.com

# UNITED STATES DISTRICT COURT
For the
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BEFAITHFUL COKER,

Plaintiffs, CASE NO.:**322-CV-518-MMH-LLL**

vs.

SLYVESTER WARREN, III, et. al.

Defendants.

## CERTIFICATE OF SERVICE

The RESPONSE TO THE MOTION TO DISMISS BY DEFENDANT TODD SAMPSON was delivered to each Defendant below via email on August 31, 2022.

a. LUCAS JORDAN TAYLOR
Sellers, Taylor & Morrison, PA
108 W Howard St
Live Oak, FL 32064
lucas.taylor@suwanneelawyers.com

i. SYLVESTER WARREN III,
Defendant Warren

ii. JUSTICE AND EQUALITY COALITION, INCORPORATED
Defendant Agents Equality

iii. GLENEL BOWDEN
Defendant Bowden

iv. VANESSA GEORGE

Defendant George

v. NATHAN GAMBLES
Defendant Gambles

b. STEPHEN DOUGLAS
stephen@lakecitystorage.com
Defendant Douglas

c. William B. Armistead
Coppins Monroe, P.A.
1319 Thomaswood Dr.
Tallahassee, FL 32308
warmistead@coppinsmonroe.com

i. CHRISTOPHER TODD SAMPSON
Defendant Sampson

d. Susan Smith Erdeyi
Marks Gray, PA
1200 Riverplace Boulevard, Suite 800
Jacksonville, FL 32207
SErdelyi@marksgray.com
Jmcduffie@marksgray.com

i. AUDREY SIKES
Defendant Deputy Supervisor

ii. CITY COUNCIL OF LAKE CITY FLORIDA
Defendant City Council

iii. JAKE HILL
Defendant HilL

iv. EUGENE JEFFERSON
Defendant Jefferson

v. STEPHEN WITT
Defendant Witt

vi. FRED KOBERLEIN JR.

Defendant City Attorney

vii. CHRISTOPHER TODD SAMPSON
Defendant Sampson

e. Jennifer C. Biewend
Robinson, Keenon, and Kendrom, PA
jcb@rkkattorneys.com
655 NW Lona Loop
Lake City, FL 32025

i. KRIS BRADSHAW ROBINSON
Defendant Robinson

f. Stephanie Roman Caban, Esquire
McConnaughhay, Coonrod, Pope, Weaver & Stern, P.A.
1709 Hermitage Boulevard, Suite 200
Tallahassee FL 32308
SRomancaban@mcconnaughhay.com

i. TOMI BROWN
Defendant Brown

ii. COLUMBIA COUNTY BOARD OF COUNTY COMMISSIONERS
Defendant CCBCC

iii. RONALD WILLIAMS
Defendant Williams

iv. JOEL FLETCHER FOREMAN
Defendant Foreman

g. Brooks C. Ratchet
Bromagen, Ratchet, Klee & Smith PA
628 Atlantic Boulevard
Atlantic Beach, FL 32233
eservice@bromagenlaw.com

i. NORTHEAST FLORIDA NEWSPAPERS, LLC
Defendant Reporter

ii. TODD WILSON

Defendant Wilson

h. Robert Bruce George Liles Firm, PA
50 N. Laura St.
Jacksonville, FL 32202
Rgeorge@thelilesfirm.com

   i. LAKE CITY, COLUMBIA COUNTY CHAMBER OF COMMERCE
   Defendant Chamber

   ii. STEVE SMITH
   Defendant Smith

i. Ashley Davis
Ashley.Davis@dos.myflorida.com

   i. SECRETARY OF STATE
   Defendant Secretary

j. Christopher Torres
christopher.torres@myfloridalegal.com
joann.mrazek@myfloridalegal.com
steven.holcomb@myfloridalegal.com

   i. DAVID FINA
   Defendant Fina

August 31, 2022

Befaithful Coker, Pro Se
Po Box 15
Lake City, Florida 32056
386.697.6075
Befaithfulcoker@gmail