UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BEFAITHFUL COKER,

CASE NO.: 3:22-cv-518-MMH-LLL

Plaintiff,

v.

SYLVESTER WARREN, III;
Et. al.

Defendants.

______________________________________

**DEFENDANTS' JOINT MOTION TO STAY DISCOVERY**

All Defendants, pursuant to Federal Rule of Civil Procedure 26(c), respectfully move this Court for an order staying discovery and holding in abeyance the parties' initial disclosure requirements in Rule 26(a), Fed. R. Civ. P., on the following grounds:

1. Plaintiff, Befaithful Coker has filed this lawsuit against 24 parties.

2. As outlined in twelve motions to dismiss filed by all Defendants (ECF 15, 49, 53, 78, 79, 80, 81, 94, 98, 101, 110, 131), Ms. Coker's claims in this matter are insufficiently pled, lack merit, fail to establish subject matter jurisdiction, involve absolute and other immunity issues, are moot and are imprecise such that the most recent complaint is an impermissible shotgun pleading.

3. Because some parties claim entitlement to dismissal based on absolute immunity and the Younger Abstention Doctrine (*See* ECF 98 and 131) and other

parties assert multiple defenses as a matter of law and/or are unable to discern the claims asserted against their clients based on the imprecise allegations in the Third Amended Complaint, discovery should be stayed.

4. Ms. Coker would not be prejudiced if the Court were to grant the relief requested in this motion; however, Defendants, would most certainly be prejudiced by incurring yet more attorney's fees and costs if required to engage in discovery on claims that the Court may have no jurisdiction over, which involve immunity and which lack legal merit.

5. A stay of discovery is necessary to promote judicial efficiency and eliminate undue burden on the Court and on the parties when discovery may be obviated by the Court's disposition of the pending Motions to Dismiss the Third Amended Complaint.

WHEREFORE, based on the reasons stated above and the memorandum of law below, Defendants respectfully request that the Court enter an order staying discovery until such time that the Court denies any or all pending Motions to Dismiss the Third Amended Complaint.

## INTRODUCTION

In this lawsuit, Plaintiff BEFAITHFUL COKER ("Plaintiff") filed a seventy-five page Third Amended Complaint ("Complaint") [ECF 10] which included an additional twenty-three pages of exhibits (consisting of state court documents,

newspaper articles, correspondence and social media images). Plaintiff's 151-paragraph Complaint sues 24 parties in 11 counts alleging various conspiracy, civil rights, statutory and common law claims. In response, all defendants have moved to dismiss Plaintiff's claims, and in support, generally cited immunity, a need for clarification, insufficient pleading and substantive reasons supporting dismissal.

## MEMORANDUM OF LAW

### I. A Stay of Discovery Is Favored Where A Potentially Dispositive Motion Attacks The Legal Sufficiency Of A Complaint

Pursuant to Federal Rule of Civil Procedure 26(c), a court has broad discretion to stay discovery for "good cause shown." Fed. R. Civ. P. 26(c); see also *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) ("A court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case."). *See also, Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) (explaining that a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket"); and *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

Courts have held that good cause to stay discovery exists where a potentially dispositive motion is pending, discovery is not necessary to defend against the pending motion, and "there appears to be an immediate and clear *possibility* that [the motion] will be granted." *Feldman v. Flood* at 652 (holding stay of discovery not appropriate unless pending motion could dispose of entire action). See also *Patterson v. United States Postal Serv*., 901 F.2d 927, 929 (11th Cir. 1990) (finding that the district court did not abuse its discretion in granting stay of discovery during the pendency of potentially dispositive motion to dismiss or motion for summary judgment because "the district court had sufficient information before it upon which to rule, and . . . further discovery was not likely to produce a genuine issue of material fact."); *Hovermale v. Sch. Bd. Of Hillsborough Cnty*., 128 F.R.D. 287, 288-89 (M.D. Fla. 1989) ("a stay of discovery may be proper if it appears that the discovery sought does not help plaintiff raise a factual issue" to defend against a pending motion); *Spencer Trask Software & Information Serv., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (explaining that good cause for staying discovery exists where dispositive motion has been filed and stay is for short time period that does not prejudice opposing party).

To determine whether these criteria exist, "it is necessary for the Court to take a preliminary peek at the merits of the [pending motion] to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. 651 at 652-53.

Moreover, in deciding whether to grant a temporary discovery stay, the Court should also consider whether the pending motions make a facial attack on the legal sufficiency of the complaint. If so, no discovery should occur before the motion is resolved:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1367 (11th Cir. 1997) (internal citation and footnote omitted). "Indeed, the failure to consider and rule on [] potentially dispositive pretrial motions can be an abuse of discretion." *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1309 (11th Cir 2020); *see also, Cotton v. Mass. Mut. Life Ins. Co*., 402 F.3d 1267, 1292 (11th Cir. 2005) (facial challenges to the legal sufficiency of a claim "should be resolved before discovery begins").

A stay of proceedings will only be reversed if it is "immoderate." *Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir. 1976).[1] In making such a determination, a district court is to look at the scope of the stay (including its potential duration) and the reasons supporting the stay. *Id*. Thus, a stay of proceedings must be framed so that "its force will be spent within reasonable limits, so far at least as they are

[1] Decisions of the former Fifth Circuit are binding in the Eleventh Circuit as of the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981.)

susceptible of prevision and description." *Id. (citing Landis v. North American Co.* 299 U.S. 248).

## II. There Is More Than a "Possibility" that the Potentially Dispositive Motions to Dismiss Will Be Granted and Plaintiff Is Not Entitled to Discovery to Defend Against The Motions

A temporary stay of discovery pending resolution of the twelve Motions to Dismiss is appropriate here because Defendants have raised several strong case-dispositive grounds for dismissal, based on well-founded legal principles including a lack of standing, absolute judicial and sovereign immunity, qualified immunity, the Younger Abstention Doctrine, failure to state a claim upon which relief may be granted as a matter of law (Rule 12(b)(6)); mootness, and shotgun pleading concerns. Here, there is more than "an immediate and clear possibility" that the Motions will be granted. *Feldman*, 176 F.R.D. 651 at 652. Moreover, because the pending Motions raise purely legal challenges, discovery is not necessary to defend against them. *See Chudasama*, 123 F.3d 1353 at 1367 ("[N]either the parties nor the court have any need for discovery before the court rules on the [pending motion to dismiss challenging the legal sufficiency of the complaint]."); see also *Yuhasz v. Brush Wellman, Inc*., 341 F.3d 559, 566 (6th Cir. 2003) ("[T]here is no general right to discovery upon filing of the complaint. The very purpose of Fed.R.Civ.P. 12(b)(6) 'is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'") (quotation omitted).

Here, discovery is not needed because the legal challenges in the various Motions to Dismiss "present a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id.* (citing *Mitchell v. Duval County Sch. Bd.*, 107 F. 3d 837, 838 n.1 (11th Cir.1997) (per curiam)). Because "courts within the Eleventh Circuit[] routinely find good cause to stay the discovery period where there is a pending motion to dismiss," this Court would be justified in granting the instant motion. *Moseley v. Sessions*, No. 2:16-CV- 153, 2017 WL 1682537, at *1–2 (S.D. Ga. May 1, 2017) (noting that "if the Court were to grant Defendant's Motion to Dismiss, the lawsuit would be dismissed in its entirety").

## III. Discovery Would Unnecessarily Tax the Parties' Resources

Discovery requires resources and expense on the part of both the litigants and the Court. In this case, proceeding with discovery while the case-dispositive Motions to Dismiss are pending would result in unnecessary discovery expenses for all parties. See Fed. R. Civ. P. 26(c) (providing for protective order preventing discovery if such discovery would cause a party "undue burden and expenses"); see also *Chavous v. District of Columbia Financial Responsibility & Management Assistance Authority*, 201 F.R.D. 1, 2 (D.C. Cir. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent

wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (citations and internal quotations omitted).

The Eleventh Circuit has recognized that limited resources should not be squandered by allowing discovery in a case, like the instant case, in which many, if not all of Plaintiff's claims are not likely to survive the pending Motions to Dismiss:

> If the district court dismisses a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. . . . Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Chudasama*, 123 F.3d at 1368 (internal citation and footnotes omitted).

A stay is particularly warranted where sovereign immunity is invoked because it "protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "Subjecting officials to trial, traditional discovery, or both concerning acts for which they are likely immune undercuts the protection from government disruption which official immunity is supposed to afford." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) (quoting *Elliott v. Perez*, 751 F.2d 1472, 1478 (5th Cir.1985)). *See also McClamma v. Remon*, No. 8:12-CV-2557-T-33MAP, 2013 WL 1502190, at *2 (M.D. Fla. Apr. 12, 2013).

"Indeed, the Eleventh Circuit has explicitly held that the district court must resolve a claim of immunity before subjecting a party asserting it to discovery or Rule 26 obligations." *Id. citing Howe v. City of Enterprise*, 861 F.3d 1300, 1302–03 (11th Cir. 2017) (vacating order reserving ruling on immunity claims and ordering Rule 26 deadlines). This applies to both a public official's qualified immunity and a state's Eleventh Amendment immunity because both are "an entitlement not to stand trial or face the other burdens of litigation." *Bouchard Transp. Co. v. Fla. Dept. of Environmental Protection*, 91 F. 3d 1445, 1448 (11th Cir. 1996) (citation omitted).

While the benefits of staying discovery are clear, a short stay of discovery pending resolution of the Motions to Dismiss would cause no countervailing prejudice to Plaintiff. See *Spencer Trask Software &Information Serv*., 206 F.R.D. at 368 (In granting motion to stay discovery pending resolution of motion to dismiss, court noted that short "stay will neither unnecessarily delay the action nor prejudice the plaintiffs."); *Rivera v. Heyman*, 1997 WL 86394 at *1 ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.").

**CONCLUSION**

Plaintiff will not be prejudiced by the stay requested in this Motion because she will be just as able to seek any discovery she might wish to properly pursue if the action proceeds past the Motion to Dismiss stage. On the other hand, Defendants

will be prejudiced without the stay if the Court later grants their Motions to Dismiss on any of the grounds stated therein. For these reasons, Defendants respectfully request that the Court grant this Motion.

**LOCAL RULE 3.01(g) CERTIFICATION**

Ms. Coker has indicated that she opposes the relief requested in this motion.

Respectfully submitted this 8th day of November, 2022.

***/s/ Ashley E. Davis***
Ashley E. Davis
Chief Deputy General Counsel
Fla. Bar No.: 48032
FLORIDA DEPARTMENT OF STATE
500 South Bronough Street, Suite 100
Tallahassee, Florida 32399-0250
Phone: (850) 245-6531
Email: ashley.davis@dos.myflorida.com
ATTORNEY FOR DEFENDANT
FLORIDA SECRETARY OF STATE

***/s/ Jennifer C. Biewend***
Jennifer C. Biewend
Florida Bar No. 0877441
Robinson, Kennon & Kendron, P.A.
582 W. Duval Street
Lake City, Florida 32055
Telephone: 386-755-1334
Email: jcb@rkkattorneys.com
rac@rkkattorneys.com
ATTORNEY FOR DEFENDANT KRIS ROBINSON

***/s/ William B. Armistead***
Gwendolyn P. Adkins, 57158
William B. Armistead, 88535
COPPINS MONROE, P.A.
1319 Thomaswood Drive
Tallahassee, Florida 32308
Telephone: (850) 422-2420
gadkins@coppinsmonroe.com
warmistead@coppinsmonroe.com
bmiller@coppinsmonroe.com
adelk@coppinsmonroe.com
ATTORNEYS FOR DEFENDANT
CHRISTOPHER TODD SAMPSON

***/s/ Stephanie Roman Caban***
Stephanie Roman Caban
Florida Bar No.: 1030977
McConnaughhay, Coonrod, Pope, Weaver & Stern, P.A.
1709 Hermitage Blvd., Suite 200
Tallahassee, Florida 32308
Phone: (850) 222-8121
sromancaban@mcconnaughhay.com
ATTORNEY FOR DEFENDANTS COMISSIONER WILIAMS, TOMI BROWN, COLUMBIA COUNTY BOARD OF COUNTY COMISSIONERS AND JOEL FOREMAN

***/s/ Robert B. George***
Robert B. George, Esq.
Florida Bar No. 108995
THE LILES FIRM, P.A.
50 North Laura Street, Suite 1200
Jacksonville, Florida 32202
Telephone: (904) 634-1100
Email: rgeorge@thelilesfirm.com
aperry@thelilesfirm.com
ATTORNEY FOR DEFENDANTS LAKE CITY, COLUMBIA COUNTY CHAMBER OF COMMERCE AND STEVE SMITH

***/s/ Christopher Torres***
Christopher Torres
Assistant Attorney General
Florida Bar No. 479209
OFFICE OF THE ATTORNEY GENERAL
PL-01 The Capitol
Tallahassee, FL 32399
Telephone: 850-414-3300
Christopher.torres@myfloridalegal.com
ATTORNEY FOR DEFENDANT DAVID FINA

***/s/ Brooks C. Rathet***
BROOKS C. RATHET
Florida Bar No. 0077658
BROMAGEN, RATHET,
KLEE & SMITH, P.A.
625 Atlantic Boulevard
Atlantic Beach, FL 32233
Phone: (904) 242-0860
Email: Brooks@bromagenlaw.com
ATTORNEY FOR DEFENDANTS NORTHEAST FLORIDA NEWSPAPERS, LLC d/b/a LAKE CITY REPORTER AND TODD WILSON

***/s/ Lucas J. Taylor***
Lucas J. Taylor
Florida Bar No. 0045048
SELLERS, TAYLOR & MORRISON, PA
108 W. Howard Street
Live Oak, FL 32064
Phone: (386) 208-1080
Lucas.taylor@suwanneelawyers.com
Teresa.kent@suwanneelawyers.com
Sallie.mccrimon@suwanneelawyers.com
ATTORNEY FOR DEFENDANTS SYLVESTER WARREN III, VANESSA GEORGE, NATHAN GAMBLES III, GLENEL BOWDEN, and JUSTICE AND EQUALITY COALITION, INC.

***/s/ Susan S. Erdelyi***
SUSAN S. ERDELYI
Florida Bar No. 0648965
MARKS GRAY, P.A.
1200 Riverplace Blvd., Suite 800
Jacksonville, FL 32207
Phone: (904) 807-2126
Email: serdelyi@marksgray.com
Secondary: jmcduffie@marksgray.com
ATTORNEY FOR DEFENDANTS CITY OF LAKE CITY, AUDREY SIKES, FRED KOBERLEIN, STEVEN WITT, JAKE HILL, EUGENE JEFFERSON and TODD SAMPSON