# UNITED STATES DISTRICT COURT
For the
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BEFAITHFUL COKER,

Plaintiff, CASE NO.:322-CV-518-MMH-LLL

vs.

SYLVESTER WARREN, III,et al.

Defendants.

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY

Comes now Befaithful Coker, who files this Brief in Opposition to the Motion to Stay Discovery by some Defendants (**Doc. 163**) in accordance with Federal Rules of Civil Procedure Local Rules of United States Middle District Court of Florida.

1. Pro Se complaints must be held to less stringent standards than formal pleadings drafted by lawyers Erickson v. Pardus, U.S. 89, 94 (2007).

## I. BACKGROUND

There are twenty-five (25) Defendants named in this Complaint. Twenty-four defendants filed the Joint Motion to Stay Discovery (the "Joined Defendants"), and one defendant Stephen Douglas has an Entry of Default entered (Doc. No. ) (the "Defendant Douglas"). The Motion to

Stay Discovery includes one position for Joined Defendants despite each having a different argument in their respective Motions for Dismiss. The Joined Defendants are in agreement and submit the Motion to Stay Discovery in the face of the allegation of conspiracy and on the assumption that pending immunity if awarded to certain defendants would remove the right of the Plaintiff to evidence that would be discoverable from a non party to this action.

The Plaintiff makes note that the Defendant Douglas filed no claim to Stay Discovery and having not filed an Answer and this Court has entered an Entry of Default.

Plaintiff initially filed this action in the Orlando Division of the Middle District as an Emergency. After the Emergency was accepted by the Orlando Division this action was transferred to the Jacksonville Division and has not yet established a Case Management Plan now six (6) months later. Defendants' attempt to freeze the case while the Court considers pending Motions to Dismiss is highly prejudicial to Plaintiff and should not be permitted.

This Court held a Pre-Trial Conference on November 2, 2022, all parties but Defendant Douglas were present. At that hearing the Court asked the Defendants present if a Stay of Discovery was intended after reviewing the separate Case Management Plan filed by those defendants.

The defendants agreed it was their intention and the Court accepted the Ore Tenus Motion to Stay Discovery. Defendants' position was based on two issues (1) that discovery should be stayed pending a ruling on the dispositive Motions and (2) two defendants believed their Motions to Dismiss based upon arguments of immunity would be dismissed. Plaintiff disagreed and objected. Plaintiff filed an Emergency Motion for Leave to Respond to the Motion to Stay Discovery on November 2, 2022 (Doc. No. 159) and a Motion to Stay Discovery was filed by some defendants (Doc. No. 163). This Court denied Plaintiff's Emergency Motion on November 9, 2022 and delivered the Order to the Plaintiff via email on November 14, 2022 and afforded Plaintiff an opportunity to respond to the Motion to Stay filed by the Defendants (Doc. No. 164) by November 18, 2022 (See **Exhibit A**).

## II. ARGUMENT

The defendants correctly state the broad discretion allowed by the Court to manage the docket and Plaintiff have accepted that discretion throughout this case from understanding the delay of handling an accepted Emergency to be just want Magistrate Lambert explained in the Pre-trial conference that criminal cases take priority over civil cases even when something as significant as addressing the allegations of corruptions involving our elections system to not ruling on an Emergency

Motion filed by the Plaintiff until after the defendants in a case are afforded another bite at the apple of explaining a position on staying discovery. Plaintiff is not a lawyer and relies on the rules provided to the public and the case law available.

Plaintiff has reviewed the rules, some relevant cases, and the first and second Motion to Stay Discovery and the Plaintiff contends there is no rule that states the pendency of a motion to dismiss or a motion for summary judgment justifies a unilateral motion to stay discovery pending resolution of the dispositive motion. The Court has broad discretion to stay proceedings as incidental to its power to control its own docket. See Clinton v. Jones, 520 U.S. 681, 706 (1997); Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002).

There are cases that demonstrate District courts have "inherent power not governed by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Castle v. Appalachian Technical College, 430 Fed. Appx. 840, 841 (11th Cir. 2011) (internal quotations omitted) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)); Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). However, a pending motion to dismiss, alone, is not a basis to delay discovery. See M.D. Discovery (2021) §1(E)(4) ("Normally, the pendency of a motion to dismiss

. . . will not justify a unilateral motion to stay discovery pending resolution of the 3 dispositive motion.”); Koock v. Sugar & Felsenthal, LLP, No. 8:09-CV-609-EAK-EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (“The holding in [Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997)] does not establish the general rule that discovery should not proceed while a motion to dismiss is pending.”); In re Winn Dixie Stores, Inc. Erisa Litig., No. 3:04-CV-194-VHC-MCR, 2007 WL 1877887, at *2 (M.D. Fla. June 28, 2007) (noting that Eleventh Circuit case law, including Chudasama and its progeny, does not support “the implicit contention that discovery should be stayed whenever a defendant files a motion to dismiss.”); but see Brexendorf v. Bank of Am., N.A., No. 6:17-CV-2065-RBD-GJK, 2018 WL 7252955, at *4 (M.D. Fla. Nov. 15, 2018) (“Trial courts have a responsibility to properly manage pretrial discovery in order to avoid a waste of resources. Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility.”) (quoting Rivas v. Bank of N.Y. Mellon, 676 F. App’x 926, 932 (11th Cir. 2017)).

In determining whether to stay discovery pending the resolution of a motion, the Court “must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.” Feldman v. Flood, 176

F.R.D. 651, 652 (M.D. Fla. 1997). In balancing these considerations, the Court may take a "preliminary peek" at the merits of the purportedly dispositive motion to determine if, on the motion's face, "there appears to be an immediate and clear possibility" that the Court will grant the motion, which supports entering a stay. Id. The party seeking the stay has the burden of demonstrating why a stay should issue. See Postel Indus., Inc. v. Abrams Grp. Constr., L.L.C., No. 11–cv–1179-Orl-28DAB, 2013 WL 1881560, at *4 (M.D. Fla. Mar. 29, 2013). Despite the position of the Defendants' Motion to Stay, a preliminary peek at the present motions to dismiss do not show that each motion will be a "potentially meritorious claim for dismissal".

The harm received by the Plaintiff has continued since the violation to her right to hold public office was denied by the Order of Judge Derek Jackson that I be seated, continued when Defendant Fina was assigned and delayed the proceedings up to issuing the Order of Dismissal last month (See **Exhibit B**) and now the Defendants would like this court to Stay Discovery each has known would occur and each were delivered a Summons to deliver and has not done so (See **Exhibit C**). The harm continues in the face of these proceedings and the Plaintiff asked this Court to consider that this Complaint alleges conspired acts of co-conspirators to prevent the Plaintiff from holding a public office to

which she was duly appointed. The Complaint explains the motivation to be retaliation for a long history of Plaintiff had in disclosing the corrupt practices an involvements between convicted felons, some of whom this Court convicted for drug trafficking and other crimes; and the relationship between those felons with other conspirators who hold key positions within the judicial system in the Third Circuit Court of Columbia County. Plaintiff strongly believes the evidence, experts, witnesses, including the testimony of the defendants at trial will demonstrate the conspired acts that prevented Plaintiff and violated her rights are part of a bigger scheme to control the elections process and the candidates selected resulting from that process.

Although each defendant who participates in the Joint Motion to Stay Discovery also filed a Motion to Dismiss, each of their claims are different and none of which offer reasoning to this Court in the Motion to Stay what argument would be used to grant a protective order against a subpoena or their testimony even if a Motion to Dismiss was successful. Defendants' Motion to Stay Discovery is just one more attempt to add delay and force a decision in the same manner the conspiring defendants have forced the citizens and Plaintiff to be denied representation in the seat of the District 14 to the Lake City Council and if allowed the type of delay seen in the Final Order issued in the Circuit Court Case

2021-CV-00268 and 2021-CV-00288 where the Defendant Fina in this case dismissed the case delayed almost one year without an Answer ever being filed by the City of Lake City, will be the ongoing delay an injustice in this case.

There is no blanket rule that stays discovery whenever a defendant decides to file such a motion. For the reasons set forth in Plaintiff's opposition brief (Doc. 163), this Court should not halt Plaintiff's ability to engage in discovery – prejudicing her ability to obtain justice despite the ongoing delay tactics used that are at the very heart of the conspired acts creating this case.

The case Defendants rely upon for this position, however, discuss the imposition of stays pending motions to dismiss, before discovery has even commenced. See Doc. 28 at 1, 3 & n.1 (citing Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); John Doe 1 v. Strange, No. 2:15-CV-606-WKW (M.D. Ala. Oct. 16, 2015); C.M. v. Bentley, No. 2:13-CV-591-WKW (M.D. Ala. Nov. 15, 2013); Erdberg v. On Line Information Servs., Inc., No. 2:12-cv-3883-RDP (N.D. Ala. Mar. 5, 2013); Ala. Educ. Ass'n v. Bentley, No. CV-11-S-761-NE (N.D. Ala. July 6, 2012); and Hall v. Thomas, 753 F. Supp. 2d 1113, 1121 & n.20 (N.D. Ala. 2010)). The Defendants have also each noted the lengthy Complaint filed by the Plaintiff, and much evidence was obtained to arrive at this

point through means available to the public and with access to witnesses, that would be denied in this court issues a blanket ruling that gives all Defendants the ability to withhold records and interfere with the ability of the Plaintiff to obtain ongoing evidence from witnesses and using methods afforded to her from public sources. A blanket Stay would interfere with the Plaintiff's ability to receive information controlled by the Defendants to this action and would be extremely prejudicial to Plaintiff if this Court grants a stay of discovery at this point, given that Defendant waited nearly six months to arrive at this point and Plaintiff did not object to the extensions of most to file Answers, the ongoing delay does not serve justice and Plaintiff is the party who has already incurred substantial financial burden to defend against the same constitutional violation each of the Defendants have sworn Oaths to defend.

Contrary to Defendants' suggestion, there is no hard and fast rule that discovery should be stayed while motions are pending. See, e.g., Koock v. Sugar & Felsenthal, LLP, No. 8:09-cv-609, 2009 WL 2579307, at *3 (M.D. Fla. Aug. 19, 2009) (denying motion to stay while motion to dismiss was pending); In re Winn Dixie Stores, Inc. ERISA Litigation, No. 3:04-cv-194-J-33MCR, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007) (denying motion for order protecting defendants from responding

to discovery requests and allowing discovery to proceed concurrently with motion practice); Feldman v. Flood, 176 F.R.D. 651, 653 (M.D. Fla. 1997) (concluding that balance tips in favor of permitting discovery to go forward while motion to dismiss was pending).

In Chudasama, certain factors that are not present in this case led the Eleventh Circuit to hold that the district court abused its discretion by allowing discovery to proceed while a motion to dismiss was pending. For example, the district court unduly delayed in deciding the motion to dismiss; the cause of action contested in the motion to dismiss significantly enlarged the scope of discovery; and the case was brought under a "novel legal theory." Chudasama, 123 F.3d at 1368. The Eleventh Circuit "conclude[d] that [the Plaintiff's] claim was dubious enough to require the district court to rule on [the] motion to dismiss prior to entering [an order compelling discovery]." Id. at 1369. Thus, the Eleventh Circuit articulated a standard for district courts to follow under similar circumstances: "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." Id. at 1368 (emphasis added). Courts in the Eleventh Circuit have held that Chudasama and its progeny stand for narrow the proposition that "courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." In re Winn Dixie

Stores, Inc., 2007 WL 1877887, at *1, Koock, 2009 WL 2579307, at *2. Chudasama clearly does not apply to this case, where Plaintiff's claims are based upon a well-founded legal theory, are factually supported by a thirty-page Amended Complaint, and where the arguments raised in Defendants' motion for judgment on the pleadings are plain wrong (see Doc. 163). Here, where Defendants' substantive motion "is not so clear on its face that there is an immediate and clear possibility that it will be granted" and dispose of Plaintiff's case, the balance tips decidedly in favor of permitting discovery to go forward. Koock, 2009 WL 2579307, at *3.

Instead of applying a blanket rule that discovery should be stayed pending a motion to dismiss in all circumstances, courts have held that the party moving for a stay bears the burden of showing good cause and reasonableness. See, e.g., Great West Cas. Co. v. FirstFleet, Inc., No. CA 12-00623-KD-N, 2013 WL 3337283 (S.D. Ala. July 2, 2013). "Such motions [to stay] are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." Feldman, 176 F.R.D. at 652. "In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in

discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." Id. To make this assessment, the Court must take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." Great West Cas. Co., 2013 WL 3337283, at *1.

Under this standard, this Court should not further halt Plaintiff's ability to engage in discovery – prejudicing her ability to obtain some type of relief in this case and discovery may help Defendants realize the benefit of such resources as mediation. Plaintiff has already suffered has been significant because from delay and further delay would interfere with relief efforts all citizens are entitled to receive in a correct interpretation of the requirement of Voting rights Protections, Gerrymandering issues, and conspired efforts to interfere with the election process that would impact other public officials and citizens alike. Smith v. Clinton, 687 F. Supp. 11630, 11632- 13 (E.D. Ark. 1988) (an injury to voting rights is continuing, suffered anew each time an election is held). Plaintiff's interest in obtaining timely relief in this case is significant, and Defendant should not be permitted to delay – and perhaps ultimately deny – that relief by dragging his feet.

Lastly, and notable to this Court is to make note that as holders of a valid Florida Driver License, the immunity claimed by some Defendants

is waived to in the Oath of a valid Florida Drivers license for every citizen of Florida as the Oath states,

> "Oath Under penalties of perjury, I submit my signature and "I do solemnly swear (or affirm) that I will protect and defend the Constitution of the United States and the Constitution of the state of Florida, that I am qualified to register as an elector under the Constitution and the laws of the state of Florida, and that all information provided in this application is true." https://www.flhsmv.gov Oath of Office - Florida Highway Safety and Motor Vehicles

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Discovery should be denied.

Respectfully submitted on November 18, 2022,

Befaithful Coker, Pro Se
PO Box 15
Lake City, FL 32056
386.697.6075
befaithfulcoker@gmail.com

# UNITED STATES DISTRICT COURT

For the
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BEFAITHFUL COKER,

Plaintiff, CASE NO.:322-CV-518-MMH-LLL

vs.

SYLVESTER WARREN, III,et al.

Defendants.

**CERTIFICATE OF SERVICE**

The PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY was delivered to the Defendant below via email on November 18, 2022.

a. SYLVESTER WARREN III,
   Defendant Warren
   930 Joe Coney Street
   Lake City, FL 32055
   swarren3rd@icloud.com

   i. JUSTICE AND EQUALITY COALITION, INCORPORATED
      Defendant Agents Equality
      930 Joe Coney Street
      Lake City, FL 32055
      Registered Agent: Sylvester Warren III
      swarren3rd@icloud.com

b. Susan Smith Erdeyl
   Marks Gray, PA
   1200 Riverplace Boulevard, Suite 800
   Jacksonville, FL 32207

   i. AUDREY SIKES

Defendant Deputy Supervisor

ii. CITY COUNCIL OF LAKE CITY FLORIDA
Defendant City Council

iii. CHRISTOPHER TODD SAMPSON
Defendant Sampson

iv. JAKE HILL
Defendant HilL

v. EUGENE JEFFERSON
Defendant Jefferson

vi. STEPHEN WITT
Defendant Witt

vii. FRED KOBERLEIN JR.
Defendant City Attorney

c. Jennifer C. Biewend
Robinson, Keenon, and Kendrom, PA
jcb@rkkattorneys.com
655 NW Lona Loop
Lake City, FL 32025

i. KRIS BRADSHAW ROBINSON
Defendant Robinson

d. DAVID FINA
Defendant Fina
200 S. Ohio Avenue #104
Live Oak, FL 32064

e. Stephanie Roman Caban, Esquire
McConnaughhay, Coonrod, Pope, Weaver & Stern, P.A.
1709 Hermitage Boulevard, Suite 200
Tallahassee FL 32308
SRomancaban@mcconnaughhay.com

i. TOMI BROWN

Defendant Brown

ii. COLUMBIA COUNTY BOARD OF COUNTY COMMISSIONERS
Defendant CCBCC

iii. RONALD WILLIAMS
Defendant Williams

iv. JOEL FLETCHER FOREMAN
Defendant Foreman

f. STEPHEN DOUGLAS
Defendant Douglas
205 SE Butler Glenn
Lake City, FL 32025
stephen@lakecitystorage.com

g. Brooks C. Ratchet
Bromagen, Ratchet, Klee & Smith PA
628 Atlantic Boulevard
Atlantic Beach, FL 32233
eservice@bromagenlaw.com

i. NORTHEAST FLORIDA NEWSPAPERS, LLC
Defendant Reporter

ii. TODD WILSON
Defendant Wilson

h. GLENEL BOWDEN
Defendant Bowden
1156 Ne Bascom Norris
Lake City, Fl 32025
glenelbowden1@aol.com

i. VANESSA GEORGE
930 Joe Coney Street
Lake City, FL 32055

j. NATHAN GAMBLES

Defendant Gambles
318 NW Mathews Street
Lake City, FL 32055

k. Robert Bruce George Liles Firm, PA
50 N. Laura St.
Jacksonville, FL 32202
Rgeorge@thelilesfirm.com

i. LAKE CITY, COLUMBIA COUNTY CHAMBER OF COMMERCE
Defendant Chamber
162 S. Marion Avenue
Lake City, FL 32025

ii. STEVE SMITH
Defendant Smith
377 NW Lona Loop
Lake City, FL 32025

l. SECRETARY OF STATE
Defendant Secretary
RA Gray Building
Tallahassee, FL 32301

November 18, 2022

Befaithful Coker, Pro Se
Po Box 15
Lake City, Florida 32056
386.697.6075
Befaithfulcoker@gmail