United States District Court
Middle District of Florida
Jacksonville Division

**BEFAITHFUL COKER,**

**Plaintiff,**

**v.** **NO. 3:22-CV-518-MMH-LLL**

**SYLVESTER WARREN, III, ET AL.,**

**Defendants.**

---

**Order Granting Plaintiff Access to CM/ECF and Staying Discovery**

The Court held a preliminary pretrial conference on November 1, 2022. *See* docs. 152, 154, 160; Fed. R. Civ. P. 16(a). During the hearing, defendants[1] orally moved to stay discovery until the Court issues a ruling on the pending motions to dismiss plaintiff's third amended complaint (TAC), doc. 10. Docs. 160, 162. Plaintiff also moved for access to the CM/ECF system. Docs. 160, 161. Defendants then filed a written motion to stay discovery, doc. 163, to which plaintiff responded. Doc. 165.[2] After consideration, I find plaintiff should be granted access to the CM/ECF system and that discovery should be stayed pending a ruling on the motions to dismiss.

[1] Counsel appeared on behalf of all defendants, except Defendant Stephen Douglas. *See* doc. 148. Defendant Douglas has not responded to this lawsuit; the joint motion, doc. 163, is thus not brought on his behalf.

[2] The motion filed in docket entry 166 is duplicated in docket entry 165.

### A. CM/ECF Access

As an initial matter, plaintiff requests access to CM/ECF.[3] Doc. 161. In support of her request, plaintiff articulates various challenges in keeping up with the parties' filings and Court orders. Docs. 160, 161. The Court notes that this is a multi-defendant lawsuit and the docket already numbers over 150 entries. For these reasons, and those discussed at the Rule 16 hearing, I find that plaintiff's need for timely access to the docket is not being addressed by other available methods of notification. *See* doc. 44. Plaintiff's motion is granted.

### B. Motion to Stay Discovery

Plaintiff sues 24 defendants for allegedly violating the Florida Whistleblower Act, Fla. Stat. § 112.3187 (count I), the Voting Rights Act, 52 U.S.C. §§ 10301, 10304, 10308 (counts VII, VIII), and the United States Constitution, 42 U.S.C. § 1983, by depriving her of her rights to participate in public meetings (count II), to due process (count VI), to hold public office (count V), and to seek justice through the courts (count X). TAC, doc. 10. Plaintiff also alleges defendants conspired to interfere with her civil rights, 42 U.S.C. § 1985 (count IX), defamed her in violation of Fla. Stat. § 836.04 (counts III, IV), and exposed her to intentional infliction of emotional distress, (count XI).[4] *Id.* Defendants have filed 12 motions to dismiss that are pending before the Court, docs. 15, 49, 53, 78, 79, 80, 81, 94, 101, 102, 110, 131, raising various grounds for the

[3] The Court previously denied plaintiff's motion for CM/ECF access, doc. 44.

[4] For ease of review, I do not outline which counts are relevant to which defendants.

dismissal of TAC, including that the Court lacks subject matter jurisdiction, that certain defendants are immune from suit, and that TAC is an impermissible shotgun pleading. *Id.*

At the hearing and through their joint motion, doc. 163, defendants move to stay discovery under Federal Rule of Civil Procedure 26(c) arguing that because of the many defendants and the extensive allegations in TAC, a temporary stay of discovery until the motions to dismiss are resolved is appropriate. Docs. 160, 163.

Plaintiff was given opportunity to oppose the motion at the hearing, doc. 160. She proffered that additional delay allows defendants to continue to conspire against her; she also acknowledged, however, that there was no longer an exigency in bringing the case to trial. *Id*. In her response to the joint motion to stay, plaintiff further argues that it is unlikely the motions to dismiss will be granted, doc. 165 at 6, and a stay would be "extremely prejudicial" because it has taken nearly six months to arrive at this juncture; she has already incurred significant financial burdens, *id.* at 9; a delay will prejudice her ability to obtain justice, *id.* at 8; and that staying discovery will delay her in revealing that "the conspired acts that prevented [p]laintiff and violated her rights are part of a bigger scheme to control the elections process and the candidates selected resulting from that process." *Id.* at 7. *See also* doc. 165 at 12 (arguing that discovery may encourage defendants to engage in mediation, and that all citizens have a right to fair elections).

A district court has broad discretion to manage the cases over which it presides, *Smith v. Psych. Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (quoting *Chudasama v.*

*Mazda Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997)), including the "broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (additional citations omitted).

As explained above, there are 23 defendants defending this matter, and 12 motions to dismiss pending before the Court. *See* docs. 15, 49, 53, 78, 79, 80, 81, 94, 101, 102, 110, 131. While a pending dispositive motion—in and of itself—is not typically a sufficient basis to stay discovery, *see* Middle District Discovery (2021), I(E)(4), a stay may still be appropriate in certain circumstances. "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility the motion will be granted and entirely eliminate the need for such discovery." *Feldman*, 176 F.R.D. at 652 (citation and quotation omitted). In conducting this balancing analysis, a court must balance the costs and burdens involved in proceeding with discovery and taking a "preliminary peak" at the dispositive motions, to see if facially, "there appears to be an immediate and clear possibility that it will be granted." *Id.*

I find discovery should be stayed until the Court decides the pending motions to dismiss. The defendants here have raised many legal challenges to TAC, including that plaintiff has failed to state a claim upon which relief can be granted. "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief . . . should be resolved before discovery begins." *Chudasama*, 123 F.3d at 1367. Defendants Fina and Secretary have also raised

the defenses of sovereign immunity; and the law is clear, "until . . . threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." *Blinco v. Green Tree Serv.*, 366 F.3d 1249, 1252 (11th Cir. 2004) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Undertaking discovery at this point will impose a significant burden and expense on the parties, particularly plaintiff, who is proceeding pro se. A cursory review of several of the motions to dismiss reveal potentially dispositive defenses. Moreover, "there appears to be an immediate and clear possibility" that at least some counts will be dismissed for failure to allege factual matter sufficient to state a claim. *Feldman*, 176 F.R.D. at 652. *See, e.g.,* count IX (asserting a claim under 42 U.S.C. § 1985 for conspiring to violate her civil rights with limited allegations of an agreement to engage in some act or further a purpose).[5]

If the Court grants the motions to dismiss against some defendants, and/or dismisses some of the eleven counts in TAC, doc. 10, discovery would be significantly streamlined, and the costs substantially reduced for defendants and plaintiff—who argues that she has already endured significant financial burdens at this preliminary stage of the case, doc. 165 at 9. "Allowing a case to proceed through the pretrial

[5] *See Harmon v. Orlando Fla. Sentinel*, No. 89-746-CIV-ORL-19, 1991 WL 128539, at *3-*4 (M.D. Fla. Jan. 15, 1991) (outlining elements of § 1985 claim).

processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants . . . , delay resolution of disputes . . . , squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Chudasama*, 123 F.3d at 1368.

Finally, I find a stay of discovery until the potentially dispositive motions are decided will not harm or prejudice plaintiff. As plaintiff explained at the hearing, the exigency contemplated when she sued has dissipated because the election at issue has passed. A stay in discovery will not necessarily lead to the action being significantly delayed should her claims survive the motions to dismiss. Instead, a stay will allow discovery and if appropriate, trial, to proceed in a more targeted, efficient, and cost-effective manner. I conclude, therefore, that the possibility the motions to dismiss will be granted and eliminate or streamline the need for discovery outweighs the harm caused by a delay in discovery. *Feldman*, 176 F.R.D. at 652 (citation and quotation omitted).

It is **ordered**:

1. Defendants' Joint Motion to Stay Discovery, doc. 163, is **granted**;
2. Discovery **shall be stayed** until further order;
3. Defendants' Oral Motion to Stay Discovery, doc. 162, is therefore **denied as moot**;

4. Plaintiff's Oral Motion to Receive Access to CM/ECF system, doc. 161, is **granted**;
5. The Clerk of Court should allow plaintiff to access to CM/ECF;
6. Before using CM/ECF, plaintiff should review the "Case Management/Electronic Case Filing (CM/ECF)" section of the Middle District of Florida's website: www.flmd.uscourts.gov/cmecf. The Court has also attached the Non-Attorney E-File Registration to this order, which explains how to register for access.

**Ordered** in Jacksonville, Florida on December 2, 2022.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Befaithful Coker, pro se plaintiff
befaithfulcoker@gmail.com
P.O. Box 15
Lake City, Florida 32056
Lucas Jordan Taylor, Esquire
Susan S. Erdelyi, Esquire
Gwendolyn Palmer Adkins, Esquire
William Breen Armistead, Esquire
Stephanie Roman Caban, Esquire
Robert Bruce George, Esquire
Brooks C. Rathet, Esquire
Jennifer C. Biewend, Esquire
Kris Bradshaw Robinson, Esquire
Christopher Claudio Torres, Esquire
Ashley E. Davis, Esquire

Stephen Douglas, pro se defendant
205 S.E. Butler Glen
Lake City, Florida 32026