UNITED STATES DISTRICT COURT
For the
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BEFAITHFUL COKER,

Plaintiff, CASE NO.:322-CV-518-MMH-LLL

vs.

SYLVESTER WARREN, III,et al.

Defendants.

**PLAINTIFF'S OBJECTION TO ORDER GRANTING PLAINTIFF ACCESS TO CM/ECFS AND STAYING DISCOVERY BY US MAGISTRATE JUDGE LAMBERT**

Comes now Befaithful Coker, who files this Objection to the ORDER GRANTING PLAINTIFF ACCESS TO CM/ECFS AND STAYING DISCOVERY BY US MAGISTRATE JUDGE LAMBERT dated December 2, 2022 (Doc. 169) in accordance with Federal Rules of Civil Procedure Rule 46 and 72 and 28 U.S.C. § 636(b)(1).

The Order Staying Discovery is unjust and Plaintiff objects in accordance with 28 U.S.C. § 636(b)(1), which provide that such written objections are to be filed and served within *14 days* after service of a copy of the recommended disposition. The district court then conducts a *de novo* review of any portion of the report and recommendation that has been properly objected to.

Pro Se complaints must be held to less stringent standards than formal pleadings drafted by lawyers Erickson v. Pardus, U.S. 89, 94 (2007).

**BACKGROUND**

1. The Status Conference held on November 1, 2022 was conducted by United States Magistrate Judge Lambert. The Hearing was noticed provided no specific items to be discussed (Doc. 156) and followed the deadline imposed for the parties to submit Case Management Plans. All defendants except Defendant Stephen Douglas were represented. Defendant Douglas has an Entry of Default September 20, 2022 (Doc.148).
    a. Magistrate Lambert explained that her role had to be neutral and she could not offer advice to either party (Doc. 167, page 9, lines 22-25). Magistrate Lambert later explained she thought she saw a gentle suggestion from the defendants about staying the discovery and advised she would accept such a motion orally if it were jointly presented (Doc. 167, page 11, line 18-21). The defendants present submitted an Ore Tenus Motion to Stay Discovery and Plaintiff was given an opportunity to respond orally (Doc. 167, pages 30-31).

b. On November 2, 2022, Plaintiff filed an Emergency Motion for Leave to Respond to the Ore Tenus Motion of those Defendants present (excluding Defendant Douglas) (Doc. 159). Without request for leave or filing as a supplement all defendants excluding Defendant Douglas filed a written Joint Motion to Stay Discovery on November 8, 2022 (Doc. 168) erroneously labeled "Joint Motion by All Defendants". The Emergency Motion for Leave to File Reply Brief to the Ore Tenus Motion to Stay Discovery and the Ore Tenus Motion of Defendants to Stay Discovery (Doc. 162) and Plaintiff's Emergency Motion filed on November 2, 2022 (Doc. 159) were denied on November 9, 2022, in the Endorsed Order of the Magistrate Judge Lambert (Doc. 164) and the court accepted the written Joint Motion to Stay Discovery (Doc. 163) still erroneously labeled "All Defendants".

**ARGUMENT**

2. In the ORDER GRANTING PLAINTIFF ACCESS TO CM/ECFS AND STAYING DISCOVERY BY US MAGISTRATE JUDGE LAMBERT, the Court noted the receipt of two pleadings responding to Defendants' Motion to Stay Discovery (Doc. 166, and Doc. 166) with the presumption the pleadings were identical. Plaintiff brings to the

Court's attention that the pleadings were not identical and the second (Doc. 165) was intended to replace the first which might explain the conflict in the numbering. Plaintiff notified the Clerk upon filing Doc. 166 of issues uploading the attachments and the Clerk did reach out to the Plaintiff via telephone to discuss. Plaintiff understood the Clerk's instructions to provide the pleading should be resubmitted and the second filing would replace the first. Plaintiff followed the instructions and attached a new Certificate of Service. Plaintiff respectfully requests the Court's review of the appropriate pleading (Doc. 165) and removal or striking of (Doc. 166) from the record to be consistent with the instructions of the Clerk's office.

3. A blanket stay of Discovery is prejudicial and to include Defendant Douglas who has failed to plead with an entry of default under Rule 55 of the Federal Rules of Civil Procedure is prejudicial. This Court entered an Entry of Default against Defendant Stephen Douglas (Doc. 148), he has failed to plead, offered no defense, nor participated in Case Management, nor was he present at the Status Conference.

4. The Defendants did not show the good cause and reasonableness as required in See, e.g., Great West Cas. Co. v. FirstFleet, Inc., No. CA

12-00623-KD-N, 2013 WL 3337283 (S.D. Ala. July 2, 2013). Instead their reputations continue to be a consideration above the rules, quoting Magistrate Lambert from the November 1, 2022 Status Conference where she explained her *"knowledge that many of the defense lawyers have excellent reputations about the way that they work with opposing parties and opposing counsel. So I want you to realize that some of this, although it may not be -- it's not necessarily only about the rules; sometimes it's also about what we can come to as an agreement in order to streamline this for the Court in order to make this as -- as kind of, you know, painless as possible, especially with regard to receiving pleadings and receiving filings*" (Doc. 167, page 17, lines 17-25 and page 18, lines 1-13).

5. Magistrate Lambert explained the availability of the Pro se Legal Clinic offered every Tuesday at the Courthouse (Doc. 167, page 10, lines 6-24); however, Plaintiff's attempts to use it are thwarted and instead Plaintiff is required to announce to the Clerk the desire to use the legal clinic, await for a return call from Legal Aid staff (sometimes up to 2 weeks), and travel to the office of Legal Aid where the daughter of one of the defendants lawyers is employed.
6. Continued harm is prejudicial when a blanket stay is granted to defendants with different claims in their respective dismissal

motions. The allegations of conspired efforts of multiple parties and the growing temerity of officials whose participation has been added since the initiation of this Complaint as seen in the additikns to thr notification list in the proceedings in rhe First District Court of Appeals review, (Exhibit A) add reason why in determining whether to stay discovery pending the resolution of a motion, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). The collective consideration of all defendants isn't "a preliminary peek at the present motions to dismiss do not show that **each** motion will be a "potentially meritorious claim for dismissal". Allowing the defendants to be categorically grouped adds to the harm created in the perception of injustice, where the reputation of counsel for the defendants, the resources denied to Plaintiff, and denial the timely filed Plaintiff's Emergency Motion for Leave to Respond to the Defendants Ore Tenus Motion (Doc. 167, page 7, lines 5-8) where defendants are given another opportunity to make a better argument despite the requirements set forth in Local Rules 3.01(d) or (i) to file a Supplement to the Motion.

*"Local Rule 3.01(d) NO REPLY AS A MATTER OF RIGHT. Without leave, no party may file a reply directed to a response except a response to a motion for summary judgment. A motion requesting leave to reply must not exceed three pages inclusive of all parts; must specify the need for, and the length of, the proposed reply; and must not include the proposed reply. A party may reply to a response to a motion for summary judgment within fourteen days after service of the response. The reply must not exceed seven pages inclusive of all parts."*

7. The Order of the Magistrate reasons the financial burden on Plaintiff was considered in staying discovery; however, the Court has not considered Plaintiff's costs to date, given the delayed proceedings when this Complaint was initiated and accepted as an Emergency Complaint arising from allegations Plaintiff made and believes to be protected under whistleblower acts motivating the conspired efforts of the Defendants to circumvent rights of the Plaintiff afforded under the Lake City Charter, the Florida, and United States Constitution denying due process and interference with the election laws. Quoting Dr. Martin Luther King Jr., "All acts of injustice are a threat to justice" it seems an opportunity to remove barriers to election laws and protect the civil rights of all

citizens would always carry a sense of exigency with a reasonable expectation that a Complaint would not be transferred from a court with the resources to handle an Emergency to a court without such resources.

8. The Order of the Magistrate does not consider the allegations of corruption in this Complaint are not unique to Plaintiff. Plaintiff made reports to some of the very defendants who now seek to stay discovery and further delay Plaintiff right to obtain justice, despite each having swore an Oath to uphold the constitutions of Florida and the United States when their drivers license was obtained *"Oath Under penalties of perjury, I submit my signature and "I do solemnly swear (or affirm) that I will protect and defend the Constitution of the United States and the Constitution of the state of Florida, that I am qualified to register as an elector under the Constitution and the laws of the state of Florida, and that all information provided in this application is true."* https://www.flhsmv.gov Oath of Office - Florida Highway Safety and Motor Vehicles

9. "Such motions [to stay] are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." Feldman,

176 F.R.D. at 652. Delayed discovery adds to the burden of costs in this case. The burden of costs to resolve this issues has included the following: two lawyers in the trial court cases, legal consultation in this case to avoid the conflict of receiving legal aid where a defense counsel child is employed, costs of service to 26 (now 24) defendants because of their refusal to waive service, and travel costs to hand deliver pleadings to Jacksonville because CM/ECF access was denied.

i. Financial burden is added in delaying a Case Management Plan in accordance to Rule 3.02 *"Civil Case Management (c) SCHEDULING ORDER. After consideration of the case management report, the judge must enter an order setting deadlines and scheduling the case for trial."*

10. The Motions to Dismiss filed by some defendants are not based on the same defenses, claims, or claim of exemptions and the mere fact existence of a Motion to dismiss alone, is not a basis to delay discovery. See M.D. Discovery (2021) §1(E)(4) ("Normally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending resolution of the 3 dispositive motion."); Koock v. Sugar & Felsenthal, LLP, No. 8:09-CV-609-EAK-EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19,

2009) ("The holding in [Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997)] does not establish the general rule that discovery should not proceed while a motion to dismiss is pending."); In re Winn Dixie Stores, Inc. Erisa Litig., No. 3:04-CV-194-VHC-MCR, 2007 WL 1877887, at *2 (M.D. Fla. June 28, 2007) (noting that Eleventh Circuit case law, including Chudasama and its progeny, does not support "the implicit contention that discovery should be stayed whenever a defendant files a motion to dismiss.")

## III. CONCLUSION

For the foregoing reasons, Plaintiff objects to the Order Staying Discovery and seeks *de novo* review.

Respectfully submitted on December 16, 2022,

Befaithful Coker, Pro Se
PO Box 15
Lake City, FL 32056
386.697.6075
befaithfulcoker@gmail.com

UNITED STATES DISTRICT COURT
For the
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BEFAITHFUL COKER,

Plaintiff, CASE NO.:322-CV-518-MMH-LLL

vs.

SYLVESTER WARREN, III,et al.

Defendants.

**CERTIFICATE OF SERVICE**

PLAINTIFF'S OBJECTION TO ORDER GRANTING PLAINTIFF ACCESS TO CM/ECFS AND STAYING DISCOVERY BY US MAGISTRATE JUDGE LAMBERT has been delivered to the Defendants as listed below on December 16, 2022.

**<u>Via CM/ECF or Email</u>**

1. SYLVESTER WARREN III,
2. JUSTICE AND EQUALITY COALITION, INCORPORATED
3. AUDREY SIKES
4. CITY COUNCIL OF LAKE CITY FLORIDA
5. CHRISTOPHER TODD SAMPSON
6. JAKE HILL
7. EUGENE JEFFERSON
8. STEPHEN WITT
9. FRED KOBERLEIN JR.
10. KRIS BRADSHAW ROBINSON
11. DAVID FINA
12. TOMI BROWN
13. COLUMBIA COUNTY BOARD OF COUNTY COMMISSIONERS

14. RONALD WILLIAMS
15. JOEL FLETCHER FOREMAN
16. NORTHEAST FLORIDA NEWSPAPERS, LLC
17. TODD WILSON
18. GLENEL BOWDEN
19. VANESSA GEORGE
20. NATHAN GAMBLES
21. LAKE CITY, COLUMBIA COUNTY CHAMBER OF COMMERCE
22. STEVE SMITH
23. SECRETARY OF STATE

**Via email**

24. STEPHEN DOUGLAS
    205 SE Butler Glenn
    Lake City, FL 32025
    stephen@lakecitystorage.com

December 16, 2022

B Coker

Befaithful Coker, Pro Se
Po Box 15
Lake City, Florida 32056
386.697.6075
Befaithfulcoker@gmail